# EXHIBIT 1



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Thu, Jul 23, 2020

**Server Name:**     Douglas Forrest

**Location:**        Los Angeles, CA-LA

| Entity Served | APPLE VALUE SERVICES, LLC |
|---|---|
| Agent Name | C T CORPORATION SYSTEM (C0168406) |
| Case Number | 37202000017475CUMCCTL |
| Jurisdiction | CA-LA |



# SUMMONS
## (CITACIÓN JUDICIAL)

*(FOR COURT USE ONLY)*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/28/2020 at 01:03:28 PM**
Clerk of the Superior Court
By Cecile Van Pelt, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

APPLE, INC., a Delaware corporation; APPLE VALUE SERVICES, LLC, a Virginia limited liability corporation; and Does 1 through 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RACHAEL SHAY, on behalf of herself and all others similarly situated.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SAN DIEGO SUPERIOR COURT 330 West Broadway, San Diego, CA 92101 | **CASE NUMBER:** *(Número del Caso):* 37-2020-00017475-CU-MC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James R. Hawkins, Samantha A. Smith, JAMES HAWKINS APLC, 9880 Research Dr., Ste 200, Irvine, CA 92618 Tel: 949-387-7200

| DATE: *(Fecha)* 05/29/2020 | Clerk, by *(Secretario)* C. Van Pelt | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Apple Value Services LLC a Virginia limited liability corporation

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☒ by personal delivery on *(date)* 7/23/20

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**JAMES HAWKINS, APLC**
JAMES R. HAWKINS, ESQ. (#192925)
james@jameshawkinsaplc.com
SAMANTHA A. SMITH, ESQ. (#233331)
samantha@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676

Attorneys for Plaintiff Rachael Shay,
on behalf of herself and all others similarly situated

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

07/13/2020 at 04:05:00 PM
Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| RACHAEL SHAY, on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br>v.<br><br>APPLE, INC., a Delaware corporation; APPLE VALUE SERVICES, LLC, a Virgina limited liability corporation; and Does 1 through 10, inclusive,<br><br>         Defendants. | Case No. 37-2020-00017475-CU-MC-CTL<br><br>Assigned for All Purposes to:<br>Hon. Richard Whitney, Dept. C-68<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rachael Shay brings this action on behalf of herself and all others similarly situated against Defendants Apple, Inc. and Apple Value Services, LLC ("Apple" or "Defendants") and states as follows:

## NATURE OF ACTION

1. This is a consumer class action on behalf consumers nationwide, and in California, who purchased a defective, unsecure and valueless Apple gift card.

2. Throughout the Class Period, defined below, Defendants manufactured, marketed, sold and/or distributed Apple gift cards Defendants knew, or should have known, were subject to an ongoing scam wherein the funds on the gift cards are fraudulently redeemed by third parties accessing the Personal Identification Number ("PIN") prior to use by the consumer.

3. Rather than take simple preventative measures to curb the known and rampant fraudulent conduct and/or warn consumers that the Apple gift card funds are easily susceptible to theft upon purchase, Defendants perpetuated the fraud by staying silent, refusing to refund consumers that complained when they discovered their Apple gift cards were valueless, and failing to implement and maintain reasonable security procedures and practices appropriate to protect consumers' personal information.

4. As a result, Defendants have caused Plaintiff and other similarly situated consumers to purchase a product, which is not secure and does not perform as represented. Plaintiff and other similarly situated consumers have been harmed in the amount they paid for the gift cards, plus interest.

5. Plaintiff brings this action on behalf of herself and all other similarly situated consumers to halt Defendants' dissemination of unsecure Apple gift cards, correct the false and misleading perception it has created in the minds of consumers that the Apple gift cards are secure and of good quality, and to obtain redress for those who have purchased the faulty Apple gift cards.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those

1

given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

7. This Court has jurisdiction over all Defendants because, upon information and belief, they are either citizens of California, have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

8. Venue as to each defendant is proper in this judicial district, pursuant to California Code of Civil Procedure section 395.5. On information and belief, Defendants distribute, market and sell their products in San Diego County and throughout California, and each defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.

## PARTIES

9. Plaintiff Rachael Shay is and was at all relevant times during the Class Period defined herein, an individual residing in San Diego County, California. On April 3, 2020, Plaintiff purchased a $50 Apple gift card from Walmart in Encinitas, California, as a gift for her son. The gift card was solely in her possession until she gave it to her son. When her son attempted to load the gift card he received a message indicating that the gift card had already been redeemed. Plaintiff contacted Apple and was told the gift card was redeemed by another account on April 3, 2020, the same day she purchased the gift card, and the card no longer had any value. For security reasons, Defendants would not provide Plaintiff with any additional information about the owner account that redeemed the code, other than it was an account unrelated to Plaintiff and/or her son. Plaintiff was then told there was nothing else Defendants could do for her, that her case was closed and any further contact would go unanswered. Had Plaintiff known the truth about Defendants' defective gift cards, she would not have purchased it. As a result of her purchase, Plaintiff suffered injury in fact and lost money.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

10. Defendant Apple, Inc. is a multinational technology company headquartered in Cupertino, California, that designs, develops, and sells consumer electronics, computer software, and online services.

11. Defendant Apple Value Services, LLC is a subsidiary of Apple, Inc. with its headquarters also in Cupertino, California, and is responsible for "issuing and managing" Apple gift cards in the United States.

12. Defendants manufacture, market, sell and/or distribute gift cards to thousands of consumers across the country and in the State of California.

13. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues these defendants by such fictitious names under California Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as Does when such identities become known. Throughout this complaint, the term "Defendants" shall include defendants Does 1 to 10, inclusive.

## FACTUAL ALLEGATIONS

14. Throughout the Class period, Defendants have manufactured, marketed, sold and/or distributed Apple gift cards on a nationwide basis, and throughout California, in a uniform and similar fashion.

15. The Apple gift cards are sold online and through Defendants' various retailers and may be used to access Defendants' various online services, including services available through the App Store and iTunes.

16. Apple gift cards contain a Personal Identification Number ("PIN") covered with silver scratch off tape. When a consumer purchases a new Apple gift card, the PIN is activated so that it can be loaded onto a consumer's Apple account to use for Apple services. Upon information and belief (as the acronym suggests), the Apple gift card PINs contain "personal

information" associated with and/or reasonably linked, directly or indirectly, with the purchasing consumer upon activation.

17.     Upon information and belief, due to Defendants' defective design, manufacture and/or packaging of the Apple gift cards, including Apple's failure to implement and maintain reasonable security procedures and practices to properly secure the Apple gift cards, the Apple gift cards are targeted by thieves who electronically access the Apple gift cards at the point of sale and redeem the funds activated by the consumer. Subsequently, when a consumer attempts to load a newly activated Apple gift card, the gift card registers as "redeemed" and is valueless.

18.     Unbeknownst to Plaintiff, the Apple gift card she purchased as a birthday gift for her son was subject to fraudulent conduct at the point of sale. Upon information and belief, after activating the gift card, third parties intercepted the activated funds leaving Plaintiff with a valueless card. Consequently, when Plaintiff's son went to redeem the funds, Plaintiff's son received a message that the funds had already been redeemed.

19.     When Plaintiff called Apple to complain, Apple informed Plaintiff that the gift card was already redeemed, and the card no longer had any value. For security reasons, Defendants would not provide Plaintiff with any additional information about who redeemed the code, other than it was an account unrelated to Plaintiff and/or her son. Plaintiff was then told there was nothing else Apple could do for her, that her case was closed, and any further contact would go unanswered.

20.     Upon information and belief, Apple maintains records indicating when the Apple gift cards are activated, when they are redeemed, and how and where they are redeemed.

21.     Upon information and belief, Defendants have known that the Apple gift cards they sell to consumers are defective, unsecure and easily subject to known fraud.

22.     The existence of numerous complaints from consumers regarding the unsecure and valueless Apple gift cards are sufficient to put Apple on notice that the funds on the gift cards were not guaranteed to be secure upon purchase.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

23.     Despite this knowledge, Apple failed to take adequate and reasonable measures to ensure that third parties did not tamper with its gift cards and to date continues to sell the Apple gift cards easily prone to security breaches and theft as described herein.

24.     Apple also failed to disclose to Plaintiff and Class Members that Apple did not safeguard the gift cards and/or the gift card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with.

25.     Apple failed to inform or disclose to the public, including Plaintiff and Class Members, that it was aware of an ongoing fraud with the Apple gift cards, making it probable that the funds on Apple gift cards could be easily accessed and stolen by third parties. Apple also failed to disclose that its policy and practice was *not* to refund or replace the value of the Apple gift cards subjected to the known fraud.

26.     Apple failed to inform or disclose to the public, including Plaintiff and Class Members, that its Apple gift card policies and security practices were inadequate to safeguard customers' Apple gift card accounts and personal identifying information against theft.

27.     Plaintiff and Class Members had a reasonable expectation that Apple would maintain their Apple gift card funds and gift card account information secure.

28.     As a direct and proximate cause of Apple's conduct, Plaintiff and Class Members suffered injury in the amount of money loaded onto the gift cards.

29.     Had Apple disclosed to Plaintiff and Class Members that Apple did not have adequate systems, policies, and security measures in place to secure customers' Apple gift card account information and Apple gift card funds, Plaintiff and Class Members would not have purchased the Apple gift cards.

30.     Defendants have reaped enormous profits from their unlawful, unfair and deceptive business practices.

## CLASS DEFINITION AND ALLEGATIONS

31.     Pursuant to California Code of Civil Procedure 382, Plaintiff brings this action on behalf of herself and on behalf of all members of the following class and subclass of similarly situated individuals:

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

<u>Nationwide Class:</u>

All consumers in the United States who purchased an Apple gift card wherein the funds on the Apple gift card was redeemed prior to use by the consumer. Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Apple gift cards for the purpose of resale.

<u>California Subclass:</u>

All consumers in the State of California who purchased an Apple gift card wherein the funds on the Apple gift card was redeemed prior to use by the consumer. Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Apple gift cards for the purpose of resale.

32.     <u>Numerosity</u>. On information and belief, the Nationwide Class and California Subclass (collectively, the "Class" or "Class Members") are each so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of Apple gift cards who have been damaged by Defendants' conduct as alleged herein. The precise number of Class Members is unknown to Plaintiff but estimated to be in the thousands.

33.     <u>Existence and Predominance of Common Questions of Law and Fact</u>. This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, the following:

      a.   Whether Defendants knew, or should have known, that the Apple gift cards were defective, unsecure and easily susceptible to fraud and/or theft;

      b.   Whether Defendants had a duty to disclose to Plaintiff and Class Members of the probability and/or possibility of an ongoing fraud with the Apple gift cards, making it probable that the funds on Apple gift cards could be easily accessed and stolen by third parties;

c. Whether Defendants owed a duty to Plaintiff and the Class Members to provide security measures to ensure that its systems and networks, and the personnel responsible for them, adequately protected the personal information of consumers;

d. Whether the PIN on the Apple gift cards constitutes personal information;

e. Whether Defendants had a duty to disclose to Plaintiff and Class Members that Apple did not safeguard the gift cards and/or the gift card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with;

f. Whether Apple failed to take adequate and reasonable measures to ensure that third parties did not tamper with its gift cards;

g. Whether Defendants had a duty to disclose to Plaintiff and Class Members that its Apple gift card policies and security practices were inadequate to safeguard customers' gift card accounts and personal identifying information against theft;

h. Whether Defendants' alleged conduct violates public policy;

i. Whether the alleged conduct constitutes violations of the laws asserted;

j. Whether Defendants engaged in unlawful, unfair or fraudulent business practices;

k. Whether Plaintiff and Class Members have sustained monetary loss and the proper measure of that loss; and

l. Whether Plaintiff and Class Members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

34. _Typicality._ Plaintiff's claims are typical of the claims of the members of the Class because, _inter alia_, all Class Members were injured through the uniform misconduct described above and were subject to Defendants' deceptive claims that accompanied each and every gift card that Defendants sold. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

35. _Adequacy of Representation._ Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

36. _Superiority_. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members is relatively small compared to the burden and expense that would be required to individually litigation their claims against Defendants. It would thus be virtually impossible for Plaintiff and Class Members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

37. The Class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

38. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described and requiring Defendants to provide full restitution to Plaintiff and Class Members.

39. Unless a Class is certified, Defendants will retain monies received as a result of its conduct that were taken from Plaintiff and Class Members. Unless an injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# COUNT I

## Violations of the Consumers Legal Remedies Act

### California Civil Code §1750 *et seq.*

40.     Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

41.     Plaintiff brings this claim individually and on behalf of the Class.

42.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* (the "CLRA"). Plaintiff is a "consumer" as defined by California Civil Code § 1761(d). Defendants' Apple gift cards are "goods" within the meaning of the CLRA.

43.     Defendants violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Apple gift cards:

(5) Representing that [the gift cards have] . . . approval, characteristics , . . uses [and] benefits . . . which [they do] not have . . . .

* * *

(7) Representing that [the gift cards are] of a particular standard, quality or grade . . . if [they are] of another.

* * *

(9) Advertising goods . . . with intent not to sell them as advertised.

* * *

(16) Representing that [the gift cards have] been supplied in accordance with a previous representation when [they have] not.

44.     Defendants violated the CLRA by representing and failing to disclose material facts about the gift cards, as described above, when they knew, or should have known, that the representations were false and misleading and that the omissions were of material facts they were obligated to disclose.

45.     Pursuant to § 1782(d) of the CLRA, Plaintiff and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

46.     Pursuant to § 1782 of the CLRA, Plaintiff notified Defendants in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act. A copy of the letter is attached hereto as **Exhibit A**.

47.     Defendants have failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the Act. Accordingly, Plaintiff seeks actual, punitive and statutory damages, as appropriate, under § 1780 of the Act.

48.     Defendants' conduct is fraudulent, wanton and malicious.

49.     Pursuant to § 1780(d) of the CLRA, attached hereto as **Exhibit B** is the affidavit showing that this action has been commenced in the proper forum.

<u>**COUNT II**</u>

**Violation of the Unfair Competition Law ("UCL")**

**Business & Professions Code § 17200, *et seq.***

50.     Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

51.     Plaintiff brings this claim individually and on behalf of the Class.

52.     Business & Professions Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendants have violated Business & Professions Code § 17200.

53.     In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the misrepresentations, as set forth more fully herein. Defendants have violated California Civil Code §§ 1572, 1573, 1709, 1711, 1770(a)(5), (7), (9) and (16); California Business & Professions Code §§ 17200 *et seq.*; and the common law, including negligent misrepresentation and breach of implied warranty of merchantability. Defendants'

10

above-described wrongful acts and practices constitute actual and constructive fraud within the meaning of Civil Code §§ 1572 and 1573, as well as deceit, which is prohibited under Civil Code §§ 1709 and 1711.

54.     Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

55.     Defendants' actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendants engaged in unfair business practices, misrepresented and omitted material facts regarding the Apple gift cards, and thereby offended an established public policy, and engaged in unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

56.     As stated in this complaint, Plaintiff alleges violations of consumer protection and unfair competition laws in California, resulting in harm to consumers throughout the United States. Defendants' acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code § 17200, *et seq.*

57.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

58.     Business & Professions Code § 17200 *et seq.*, also prohibits any "fraudulent business act or practice."

59.     Defendants' actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code § 17200 *et seq.*

60.     Defendants' advertising, labeling and packaging as described herein also constitutes unfair, deceptive, untrue and misleading advertising.

61. Defendants' conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members. Plaintiff and Class Members have suffered injury in fact and have lost money as a result of Defendants' unfair conduct.

62. As a result of its deception, Defendants have been able to reap unjust revenue and profit.

63. Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

64. Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Class as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising, and all other relief this Court deems appropriate, consistent with Business & Professions Code § 17200.

## COUNT III

### Violations of the California Consumer Privacy Act

### California Civil Code §1798.150 *et seq.*

65. Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

66. Plaintiff brings this claim individually and on behalf of the Class.

67. The California Consumer Privacy Act of 2018 ("CCPA") went into effect on January 1, 2020. This comprehensive privacy law was enacted to protect consumers' personal information from unauthorized collection and disclosure.

68. Upon information and belief, the PIN on the Apple gift cards is "personal information" as defined in Cal. Civ. Code §1798.140(o) as it "identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with" the purchasing consumers and/or their households.

69. Through the above-detailed conduct, Defendants violated the CCPA by, among other things, failing to prevent Plaintiff's and Class Members' nonencrypted and nonredacted personal information from unauthorized disclosure as a result of Defendants' violation of their

duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information of Plaintiff and Class Members.

70.     As a direct and proximate result of the Defendants' conduct, Plaintiff's and the Class Members' personal information was subjected to unauthorized disclosure to a third party.

71.     As a direct and proximate result of Defendants' conduct, Plaintiff and Class Members were injured and lost money or property, including but not limited to, the amount stolen from their Apple gift cards, the loss of Plaintiff's and Class Members' legally protected interest in the confidentiality and privacy of their personal information, nominal damages, and additional losses as described herein.

72.     Defendants knew or should have known that the security practices regarding the Apple gift cards were inadequate to safeguard Plaintiff and Class Members personal information and the risk of unauthorized disclosure to a third party was highly likely. Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information of Plaintiff and Class Members.

73.     Apple is a corporation that is organized and operated for the profit or financial benefit of its owners with a reported total second quarter revenue for fiscal year 2020 of $58.3 billion.

74.     In accordance with Cal. Civ. Code §1798.150(b), Plaintiff has served Defendants with notice of these CCPA violations and a demand for relief by certified mail, return receipt requested. A copy of the letter is attached hereto as **Exhibit A**.

75.     On behalf of Class Members, Plaintiff seeks injunctive relief in the form of an order enjoining Defendants from continuing to violate the CCPA. If Defendants fail to properly respond to Plaintiff's notice letter or agree to timely and adequately rectify the violations detailed above, Plaintiff will seek actual, punitive, and statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident, whichever is greater; restitution; attorneys' fees and costs (pursuant to Cal. Civ. Code §1021.5); and any other relief the Court seems proper as a result of Defendants' CCPA violations.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### Negligence

76.     Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

77.     Plaintiff brings this claim individually and on behalf of the Class.

78.     Defendants owed a duty to Plaintiff and Class Members to exercise reasonable care in obtaining, securing, safeguarding, deleting, destroying and protecting Plaintiff's and Class Members' personal information within their possession or control from being compromised, lost, stolen, accessed and misused by unauthorized persons. This duty included, among other things, designing, maintaining and testing Defendants' security systems to ensure that Plaintiff's and Class Members' personal information was adequately secured and protected.  Defendants further owed a duty to Plaintiff and the Class Members to implement processes that would detect a breach of its Apple gift cards in a timely manner and to timely act upon warning and alerts including those generated by its own security systems.

79.     Defendants owed a duty to Plaintiff and the Class Members to provide security to ensure that its systems and networks, and the personnel responsible for them, adequately protected the personal information of consumers.

80.     Defendants owed a duty of care to Plaintiff and the Class Members because they were foreseeable and probable victims of any inadequate security practices. Defendants knew or should have known they had inadequately safeguarded Apple gift cards, and yet Defendants failed to take reasonable precautions to safeguard it.

81.     Defendants owed a duty to timely and accurately disclose to Plaintiff and the Class Members that their personal information had been or was reasonably believed to have been compromised. Timely disclosure was required, appropriate and necessary so that, among other things, Plaintiff and the Class Members could take appropriate measures to avoid theft and/or fraudulent charges, including, monitoring their account information and credit reports for fraudulent activity, contact their banks or other financial institutions, obtaining credit monitoring

services, filing reports with law enforcement and other governmental agencies and taking other steps to mitigate or ameliorate the damages caused by Defendants' misconduct.

82. Plaintiff and the Class Members entrusted Defendants with their PII with the understanding that Defendants would safeguard their information and that the company was in a position to protect against the harm suffered by Plaintiff and the Class Members as a result of Apple gift card fraud.

83. Defendants knew, or should have known, of the inherent risks in collecting and storing the personal information of Plaintiff and the Class Members and of the critical importance of providing adequate security of that information.

84. Defendants' own conduct also created a foreseeable risk of harm to Plaintiff and the Class Members. Defendants' misconduct included, but was not limited to, failure to take the steps and opportunities to prevent and stop the Apple gift card fraud as set forth herein.

85. Through its acts and omissions described herein, Defendants unlawfully breached its duty to use reasonable care to protect and secure Plaintiff's and the Class Members' personal information within its possession or control. More specifically, Defendants failed to maintain a number of reasonable security procedures and practices designed to protect personal information of Plaintiff and the Class Members, including, but not limited to, establishing and maintaining industry-standard systems to safeguard its Apple gift cards from theft. Given the risk involved and the amount of data at issue, Defendants' breach of its duties was unreasonable.

86. Defendants breached their duties to timely and accurately disclose that Plaintiff's and Class Members' personal information in Defendants' possession had been or was reasonably believed to have been, stolen or compromised.

87. As a direct and proximate result of Defendants' breach of its duties, Plaintiff and the Class Members have been harmed by the loss of the funds stolen from their Apple gift cards, plus interest.

## COUNT V

### Negligent Misrepresentation

88. Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

89. Plaintiff brings this claim individually and on behalf of the Class.

90. In the course of its business, Defendants misrepresented to Plaintiff and Class Members that Defendants were selling Apple gift cards that were original, usable, secure, valuable, and free from fraud, tampering or compromise.

91. Defendants had no reasonable grounds to believe these misrepresentations were true.

92. Defendants failed to inform or disclose to the public, including Plaintiff and Class Members, that Defendants were aware of an ongoing fraud with the Apple gift cards, making it probable that the value of Apple gift cards could be accessed and stolen by third parties. Defendants also failed to disclose that Defendants policy and practice was to not refund or replace the value of the Apple gift cards subjected to this fraud.

93. Defendants also failed to disclose to the public, including Plaintiff and Class Members, that Defendants did not safeguard the gift cards and/or the gift card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with.

94. Defendants also failed to inform or disclose to the public, including Plaintiff and Class Members, that its Apple gift card policies and security practices are inadequate to safeguard customers' Apple gift card accounts and personal identifying information against theft.

95. Defendants intended to induce Plaintiff and Class Members to rely on its misrepresentations and omissions because they knew Plaintiff and Class Members would not have purchased the Apple gift cards had they known the Apple gift cards, as well as their personal information attached to the gift cards, was subject to an ongoing fraud.

96. Defendants made these representations and omissions as to Plaintiff and the Class Members in connection with their purchase of the Apple gift cards.

16

97.     There representations and omissions were material to Plaintiff's and Class Members' decision to purchase the Apple gift cards.

98.     Plaintiff and Class Members justifiably relied on Defendants' misrepresentations and omissions about the Apple gift cards because Defendants' had superior knowledge about the ongoing Apple gift card fraud.

99.     As a direct and proximate cause of Plaintiff and Class Members' reliance on Defendants misrepresentations and omissions about the Apple gift cards, Plaintiff and Class Members suffered pecuniary loss in an amount determined to be fair and reasonable, but which is equivalent to the funds loaded onto the Apple gift cards that was lost.

## COUNT VI

### Breach of Implied Warranty of Merchantability

100.     Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

101.     Plaintiff brings this claim individually and on behalf of the Class.

102.     A warranty that the Apple gift cards were in merchantable quality and condition is implied by law pursuant to California Commercial Code § 2314.

103.     Defendants impliedly warranted that the Apple gift cards were of good and merchantable condition and quality – fit for sale for their ordinary intended use.

104.     The Apple gift cards were not merchantable or fit for their ordinary intended purpose at the time they left Defendants' possession. Defendants knew the Apple gift cards were frequently subject to an ongoing scam, yet Defendants failed to take simple preventative measures to curb the known and rampant fraudulent conduct and/or warn consumers that the funds they activated on the Apple gift cards may be stolen upon purchase. Instead, Defendants perpetuated the fraudulent conduct by staying silent and refusing to refund consumers that complained when they discovered their gift cards were defective and had no value. Thus, the Apple gift cards, when sold and at all times thereafter, were not in merchantable condition or quality and are not fit for their ordinary intended purpose.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

105. By virtue of the conduct described herein and throughout this Complaint, Defendants breached the implied warranty of merchantability.

106. Plaintiff and class members have been damaged as a direct and proximate result of Defendants' breach of the implied warranty.

107. Plaintiff and class members have performed each and every duty required of them under the terms of the warranties, except as may have been excused or prevented by the conduct of Defendants or by operation of law in light of Defendants' unconscionable conduct.

108. Defendants received timely notice regarding the problems at issue in this litigation and, not withstanding such notice, Defendants have failed and refused to offer an effective remedy.

109. As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff and Class Members were caused to suffer economic damage.

## PRAYER

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the other members of the Class, request award and relief as follows:

1. Certifying the Class and California Subclass as requested herein;

2. Awarding Plaintiff and the proposed Class Members damages;

3. Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class Members;

4. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices as set forth herein and directing Defendants to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

5. Ordering Defendants to engage in a corrective advertising campaign;

6. Awarding attorneys' fees and costs; and

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

7.    Providing such further relief as may be just and proper.

Dated: July 13, 2020                    JAMES HAWKINS, APLC

_Samantha Smith_

_____
Samantha A. Smith
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action and/or issues so triable.

Dated: July 13, 2020                    JAMES HAWKINS, APLC

_Samantha Smith_

_____
Samantha A. Smith
Attorney for Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**EXHIBIT A**



# JAMES *JH* HAWKINS
## ATTORNEYS AT LAW

9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200. FACSIMILE (949) 387-66

May 28, 2020

*Via Certified Mail (Receipt No. 7018 1130 0001 8270 4913)*
*Return Receipt Requested*

Apple, Inc.
Apple Value Services, LLC
One Apple Park Way
Cupertino, CA 95014

> **Re:** *Demand Letter Pursuant to California Civil Code Sections 1782 and 1798.150*

Dear Sir or Madam:

This letter serves as notice and demand for corrective action by Apple, Inc. and Apple Value Services, LLC ("Apple") pursuant to the Consumer Legal Remedies Act, Cal. Civ. Code Section 1750 *et al.* ("CLRA") and the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code Section 1798.150(b). This letter is sent on behalf of our client, Rachael Shay, a consumer of Apple gift cards in the State of California, and all other persons similarly situated. We hereby demand that you take immediate corrective action within thirty (30) days as further described below.

Apple, Inc. is a multinational technology company that designs, develops, and sells consumer electronics, computer software, and online services. Apple sells Apple gift cards for its various online services, including its App Store and iTunes, throughout the United States. Upon information and belief, Apple manufactured, marketed, sold and/or distributed insecure and defective Apple gift cards it knew were prone to an ongoing scam wherein the funds on the gift cards are fraudulently redeemed by accessing the Personal Identification Number ("PIN") on the Apple gift cards prior to use by the consumer.[1]

Rather than take simple preventative measures to curb the known and rampant fraudulent conduct and/or warn consumers that the Apple gift card funds are easily susceptible to fraud and are not secure. Defendants perpetuated the fraud by staying silent, refusing to refund the stolen value after consumers complained, and failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect consumers' personal information. This conduct violates the CLRA, including but not limited to sections 1770(a) (5), (7), (9) and (16), as well as the CCPA, including but not limited to section 1798.150. Apple has misled and continues to mislead consumers, thereby unfairly permitting Apple to increase its sales and capture market share from its competitors.

Our client is a citizen of the State of California and is a consumer as defined in California Civil Code section 1761(d) because she purchased an Apple gift card for personal, family, or household use. When our client purchased an Apple gift card for her son as a birthday gift, she was misled into believing that the funds on the Apple gift card, and any personal information associated with the Apple gift card, was secure. Had Ms. Shay known the truth about the Apple gift cards and Apple's failure to properly secure them, she would not have made her purchase. As a result, our client suffered a loss of money.

---

[1] Upon information and belief, the PIN on the Apple gift cards is "personal information" as defined in Cal. Civ. Code §1798.140(o) as it "identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with" the purchasing consumers and/or their households.

1

We hereby demand on behalf of our client and all others similarly situated that Apple immediately: (1) cease and desist from continued sale of the faulty Apple gift cards; (2) initiate a corrective campaign to address the inadequate security practices and procedures described herein; and (3) offer to refund the purchase price of the gift cards, plus reimbursement for interest.

If Apple wishes to enter into discussions to resolve the demand asserted in this letter, please contact me immediately.

Sincerely,

**JAMES HAWKINS, APLC**

Samantha Smith

Samantha A. Smith

**EXHIBIT B**

**JAMES HAWKINS, APLC**
JAMES R. HAWKINS, ESQ. (#192925)
james@jameshawkinsaplc.com
SAMANTHA A. SMITH, ESQ. (#233331)
samantha@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676

Attorneys for Plaintiff Rachael Shay,
on behalf of herself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

| | |
|---|---|
| RACHAEL SHAY, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | **AFFIDAVIT OF VENUE BY PLAINTIFF RACHAEL SHAY** |
| v. | |
| APPLE, INC., a Delaware corporation; APPLE VALUE SERVICES, LLC, a Virginia limited liability corporation; and Does 1 through 10, inclusive, | |
| Defendants. | |

I, Rachael Shay, hereby declare and state as follows:

1.      I am over the age of 18, and if called as a witness, I would testify truthfully to the matters set forth in this Declaration. All of the matters set forth below are within my personal knowledge, except those matters that are stated to be upon information and belief. As to such matters, I believe them to be true.

2.      I am the Plaintiff in the above-entitled action.

3.      Pursuant to Cal. Civ. Code § 1780(d), I make this Declaration in support of the Class Action Complaint and the claim for relief stated in that complaint under Cal. Civ. Code § 1780(a).

1

1     4.    This action for relief under Cal. Civ. Code § 1780(a) has been commenced in a

2    county that is a proper place for trial of this action because I reside in San Diego County, and this

3    is the county where the transaction or any substantial portion thereof occurred.

4     I declare under penalty of perjury under the laws of the State of California that the

5    foregoing is true and correct. Executed this 27th day of May 2020, in Carlsbad, California.

—DocuSigned by:

*Rachael Shay*

2F0846F882E84DB...

Rachael Shay

AFFIDAVIT OF VENUE BY PLAINTIFF RACHAEL SHAY

ELECTRONICALLY FILED
Superior Court of California
County of San Diego
05/28/2020 at 01:03:28 PM
Clerk of the Superior Court
By Cecile Van Pelt, Deputy Clerk

**JAMES HAWKINS, APLC**
JAMES R. HAWKINS, ESQ. (#192925)
james@jameshawkinsaplc.com
SAMANTHA A. SMITH, ESQ. (#233331)
samantha@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676

Attorneys for Plaintiff Rachael Shay,
on behalf of herself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| RACHAEL SHAY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC., a Delaware corporation; APPLE VALUE SERVICES, LLC, a Virginia limited liability corporation; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No. 37-2020-00017475-CU-MC-CTL<br><br>Assigned for All Purposes to:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Rachael Shay brings this action on behalf of herself and all others similarly situated against Defendants Apple, Inc. and Apple Value Services, LLC ("Apple" or "Defendants") and states as follows:

## NATURE OF ACTION

1. This is a consumer class action on behalf consumers nationwide, and in California, who purchased a defective, unsecure and valueless Apple gift card.

2. *Throughout the Class Period, defined below, Defendants manufactured, marketed, sold and/or distributed Apple gift cards Defendants knew, or should have known, were subject to an ongoing scam wherein the funds on the gift cards are fraudulently redeemed by third parties* accessing the Personal Identification Number ("PIN") prior to use by the consumer.

3. Rather than take simple preventative measures to curb the known and rampant fraudulent conduct and/or warn consumers that the Apple gift card funds are easily susceptible to theft upon purchase, Defendants perpetuated the fraud by staying silent, refusing to refund consumers that complained when they discovered their Apple gift cards were valueless, and failing to implement and maintain reasonable security procedures and practices appropriate to protect consumers' personal information.

4. As a result, Defendants have caused Plaintiff and other similarly situated *consumers to purchase a product, which is not secure and does not perform as represented.* Plaintiff and other similarly situated consumers have been harmed in the amount they paid for the gift cards, plus interest.

5. Plaintiff brings this action on behalf of herself and all other similarly situated consumers to halt Defendants' dissemination of unsecure Apple gift cards, correct the false and misleading perception it has created in the minds of consumers that the Apple gift cards are secure and of good quality, and to obtain redress for those who have purchased the faulty Apple gift cards.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those

given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

7. This Court has jurisdiction over all Defendants because, upon information and belief, they are either citizens of California, have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

8. Venue as to each defendant is proper in this judicial district, pursuant to California Code of Civil Procedure section 395.5. On information and belief, Defendants distribute, market and sell their products in San Diego County and throughout California, and each defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.

**PARTIES**

9. Plaintiff Rachael Shay is and was at all relevant times during the Class Period defined herein, an individual residing in San Diego County, California. On April 3, 2020, Plaintiff purchased a $50 Apple gift card from Walmart in Encinitas, California, as a gift for her son. The gift card was solely in her possession until she gave it to her son. When her son attempted to load the gift card he received a message indicating that the gift card had already been redeemed. Plaintiff contacted Apple and was told the gift card was redeemed by another account on April 3, 2020, the same day she purchased the gift card, and the card no longer had any value. For security reasons, Defendants would not provide Plaintiff with any additional information about the owner account that redeemed the code, other than it was an account unrelated to Plaintiff and/or her son. Plaintiff was then told there was nothing else Defendants could do for her, that her case was closed and any further contact would go unanswered. Had Plaintiff known the truth about Defendants' defective gift cards, she would not have purchased it. As a result of her purchase, Plaintiff suffered injury in fact and lost money.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

10.     Defendant Apple, Inc. is a multinational technology company headquartered in Cupertino, California, that designs, develops, and sells consumer electronics, computer software, and online services.

11.     Defendant Apple Value Services, LLC is a subsidiary of Apple, Inc. with its headquarters also in Cupertino, California, and is responsible for "issuing and managing" Apple gift cards in the United States.

12.     Defendants manufacture, market, sell and/or distribute gift cards to thousands of consumers across the country and in the State of California.

13.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues these defendants by such fictitious names under California Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as Does when such identities become known. Throughout this complaint, the term "Defendants" shall include defendants Does 1 to 10, inclusive.

## FACTUAL ALLEGATIONS

14.     Throughout the Class period, Defendants have manufactured, marketed, sold and/or distributed Apple gift cards on a nationwide basis, and throughout California, in a uniform and similar fashion.

15.     The Apple gift cards are sold online and through Defendants' various retailers and may be used to access Defendants' various online services, including services available through the App Store and iTunes.

16.     Apple gift cards contain a Personal Identification Number ("PIN") covered with silver scratch off tape. When a consumer purchases a new Apple gift card, the PIN is activated so that it can be loaded onto a consumer's Apple account to use for Apple services. Upon information and belief (and as the acronym suggests), the Apple gift card PINs contain "personal

information" associated with and/or reasonably linked, directly or indirectly, with the purchasing consumer upon activation.

17.     Upon information and belief, due to Defendants' defective design, manufacture and/or packaging of the Apple gift cards, including Apple's failure to implement and maintain reasonable security procedures and practices to properly secure the Apple gift cards, the Apple gift cards are targeted by thieves who electronically access the Apple gift cards at the point of sale and redeem the funds activated by the consumer. Subsequently, when a consumer attempts to load a newly activated Apple gift card, the gift card registers as "redeemed" and is valueless.

18.     Unbeknownst to Plaintiff, the Apple gift card she purchased as a birthday gift for her son was subject to fraudulent conduct at the point of sale. Upon information and belief, after activating the gift card, third parties intercepted the activated funds leaving Plaintiff with a valueless card. Consequently, when Plaintiff's son went to redeem the funds, Plaintiff's son received a message that the funds had already been redeemed.

19.     When Plaintiff called Apple to complain, Apple informed Plaintiff that the gift card was already redeemed, and the card no longer had any value. For security reasons, Defendants would not provide Plaintiff with any additional information about who redeemed the code, other than it was an account unrelated to Plaintiff and/or her son. Plaintiff was then told there was nothing else Apple could do for her, that her case was closed, and any further contact would go unanswered.

20.     Upon information and belief, Apple maintains records indicating when the Apple gift cards are activated, when they are redeemed, and how and where they are redeemed.

21.     Upon information and belief, Defendants have known that the Apple gift cards they sell to consumers are defective, unsecure and easily subject to known fraud.

22.     The existence of numerous complaints from consumers regarding the unsecure and valueless Apple gift cards are sufficient to put Apple on notice that the funds on the gift cards were not guaranteed to be secure upon purchase.

4

23.     Despite this knowledge, Apple failed to take adequate and reasonable measures to ensure that third parties did not tamper with its gift cards and to date continues to sell the Apple gift cards easily prone to security breaches and theft as described herein.

24.     Apple also failed to disclose to Plaintiff and Class Members that Apple did not safeguard the gift cards and/or the gift card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with.

25.     Apple failed to inform or disclose to the public, including Plaintiff and Class Members, that it was aware of an ongoing fraud with the Apple gift cards, making it probable that the funds on Apple gift cards could be easily accessed and stolen by third parties. Apple also failed to disclose that its policy and practice was *not* to refund or replace the value of the Apple gift cards subjected to the known fraud.

26.     Apple failed to inform or disclose to the public, including Plaintiff and Class Members, that its Apple gift card policies and security practices were inadequate to safeguard customers' Apple gift card accounts and personal identifying information against theft.

27.     Plaintiff and Class Members had a reasonable expectation that Apple would maintain their Apple gift card funds and gift card account information secure.

28.     As a direct and proximate cause of Apple's conduct, Plaintiff and Class Members suffered injury in the amount of money loaded onto the gift cards.

29.     Had Apple disclosed to Plaintiff and Class Members that Apple did not have adequate systems, policies, and security measures in place to secure customers' Apple gift card account information and Apple gift card funds, Plaintiff and Class Members would not have purchased the Apple gift cards.

30.     Defendants have reaped enormous profits from their unlawful, unfair and deceptive business practices.

## CLASS DEFINITION AND ALLEGATIONS

31.     Pursuant to California Code of Civil Procedure 382, Plaintiff brings this action on behalf of herself and on behalf of all members of the following class and subclass of similarly situated individuals:

5

**Nationwide Class:**

All consumers in the United States who purchased an Apple gift card wherein the funds on the Apple gift card was redeemed prior to use by the consumer. Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Apple gift cards for the purpose of resale.

**California Subclass:**

*All consumers in the State of California who purchased an Apple gift card wherein the funds on the Apple gift card was redeemed prior to use by the consumer. Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Apple gift cards for the purpose of resale.*

32.  Numerosity. On information and belief, the Nationwide Class and California Subclass (collectively, the "Class" or "Class Members") are each so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of Apple gift cards who have been damaged by Defendants' conduct as alleged herein. The precise number of Class Members is unknown to Plaintiff but estimated to be in the thousands.

33.  Existence and Predominance of Common Questions of Law and Fact. This action *involves common questions of law and fact, which predominate over any questions affecting* individual Class Members. These common legal and factual questions include, but are not limited to, the following:

  a.  Whether Defendants knew, or should have known, that the Apple gift cards were defective, unsecure and easily susceptible to fraud and/or theft;

  b.  Whether Defendants had a duty to disclose to Plaintiff and Class Members of the probability and/or possibility of an ongoing fraud with the Apple gift cards, making it probable that the funds on Apple gift cards could be easily accessed and stolen by third parties;

c.  Whether Defendants owed a duty to Plaintiff and the Class Members to provide security measures to ensure that its systems and networks, and the personnel responsible for them, adequately protected the personal information of consumers;

d.  Whether the PIN on the Apple gift cards constitutes personal information;

e.  Whether Defendants had a duty to disclose to Plaintiff and Class Members that Apple did not safeguard the gift cards and/or the gift card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with;

f.  Whether Apple failed to take adequate and reasonable measures to ensure that third parties did not tamper with its gift cards;

g.  Whether Defendants had a duty to disclose to Plaintiff and Class Members that its Apple gift card policies and security practices were inadequate to safeguard customers' gift card accounts and personal identifying information against theft;

h.  Whether Defendants' alleged conduct violates public policy;

i.  Whether the alleged conduct constitutes violations of the laws asserted;

j.  Whether Defendants engaged in unlawful, unfair or fraudulent business practices;

k.  Whether Plaintiff and Class Members have sustained monetary loss and the proper measure of that loss; and

l.  Whether Plaintiff and Class Members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

34.  _Typicality._  Plaintiff's claims are typical of the claims of the members of the Class because, _inter alia_, all Class Members were injured through the uniform misconduct described above and were subject to Defendants' deceptive claims that accompanied each and every gift card that Defendants sold.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

35.  _Adequacy of Representation._  Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

7

36. _Superiority_. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members is relatively small compared to the burden and expense that would be required to individually litigation their claims against Defendants. It would thus be virtually impossible for Plaintiff and Class Members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

37. The Class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

38. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described and requiring Defendants to provide full restitution to Plaintiff and Class Members.

39. Unless a Class is certified, Defendants will retain monies received as a result of its conduct that were taken from Plaintiff and Class Members. Unless an injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT I

### Violations of the Consumers Legal Remedies Act

### California Civil Code §1750 *et seq.*

40.     Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

41.     Plaintiff brings this claim individually and on behalf of the Class.

42.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* (the "CLRA"). Plaintiff is a "consumer" as defined by California Civil Code § 1761(d). Defendants' Apple gift cards are "goods" within the meaning of the CLRA.

43.     Defendants violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Apple gift cards:

(5) Representing that [the gift cards have] . . . approval, characteristics , . . uses [and] benefits . . . which [they do] not have . . . .

* * *

(7) Representing that [the gift cards are] of a particular standard, quality or grade . . . if [they are] of another.

* * *

(9) Advertising goods . . . with intent not to sell them as advertised.

* * *

(16) Representing that [the gift cards have] been supplied in accordance with a previous representation when [they have] not.

44.     Defendants violated the CLRA by representing and failing to disclose material facts about the gift cards, as described above, when they knew, or should have known, that the representations were false and misleading and that the omissions were of material facts they were obligated to disclose.

9

45.     Pursuant to § 1782(d) of the CLRA, Plaintiff and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

46.     Pursuant to § 1782 of the CLRA, Plaintiff notified Defendants in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act. A copy of the letter is attached hereto as **Exhibit A**.

47.     If Defendants fail to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the CLRA, Plaintiff will amend this complaint to add claims for damages, restitution, and disgorgement under the CLRA as appropriate, under the California Civil Code § 1780, pursuant to California Civil Code § 1782(d) ("Not less than 30 days after the commencement of an action for injunctive relief, and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages.").

48.     Defendants' conduct is fraudulent, wanton and malicious.

49.     Pursuant to § 1780(d) of the CLRA, attached hereto as **Exhibit B** is the affidavit showing that this action has been commenced in the proper forum.

## COUNT II

### Violation of the Unfair Competition Law ("UCL")

### Business & Professions Code § 17200, *et seq.*

50.     Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

51.     Plaintiff brings this claim individually and on behalf of the Class.

52.     Business & Professions Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendants have violated Business & Professions Code § 17200.

10

53. In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the misrepresentations, as set forth more fully herein. Defendants have violated California Civil Code §§ 1572, 1573, 1709, 1711, 1770(a)(5), (7), (9) and (16); California Business & Professions Code §§ 17200 *et seq.*; and the common law, including negligent misrepresentation and breach of implied warranty of merchantability. Defendants' above-described wrongful acts and practices constitute actual and constructive fraud within the meaning of Civil Code §§ 1572 and 1573, as well as deceit, which is prohibited under Civil Code §§ 1709 and 1711.

54. Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

55. Defendants' actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendants engaged in unfair business practices, misrepresented and omitted material facts regarding the Apple gift cards, and thereby offended an established public policy, and engaged in unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

56. As stated in this complaint, Plaintiff alleges violations of consumer protection and unfair competition laws in California, resulting in harm to consumers throughout the United States. Defendants' acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code § 17200, *et seq.*

57. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

58. Business & Professions Code § 17200 *et seq.*, also prohibits any "fraudulent business act or practice."

59. Defendants' actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code § 17200 *et seq.*

60. Defendants' advertising, labeling and packaging as described herein also constitutes unfair, deceptive, untrue and misleading advertising.

61. Defendants' conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members. Plaintiff and Class Members have suffered injury in fact and have lost money as a result of Defendants' unfair conduct.

62. As a result of its deception, Defendants have been able to reap unjust revenue and profit.

63. Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

64. Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Class as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising, and all other relief this Court deems appropriate, consistent with Business & Professions Code § 17200.

## COUNT III

### Violations of the California Consumer Privacy Act

### California Civil Code §1798.150 *et seq.*

65. Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

66. Plaintiff brings this claim individually and on behalf of the Class.

67. The California Consumer Privacy Act of 2018 ("CCPA") went into effect on January 1, 2020. This comprehensive privacy law was enacted to protect consumers' personal information from unauthorized collection and disclosure.

68. Upon information and belief, the PIN on the Apple gift cards is "personal information" as defined in Cal. Civ. Code §1798.140(o) as it "identifies, relates to, describes, is

12

1  reasonably capable of being associated with, or could reasonably be linked, directly or indirectly,

2  with" the purchasing consumers and/or their households.

3  69.  Through the above-detailed conduct, Defendants violated the CCPA by, among

4  other things, failing to prevent Plaintiff's and Class Members' nonencrypted and nonredacted

5  personal information from unauthorized disclosure as a result of Defendants' violation of their

6  duty to implement and maintain reasonable security procedures and practices appropriate to the

7  nature of the information to protect the personal information of Plaintiff and Class Members.

8  70.  As a direct and proximate result of the Defendants' conduct, Plaintiff's and the

9  Class Members' personal information was subjected to unauthorized disclosure to a third party.

10  71.  As a direct and proximate result of Defendants' conduct, Plaintiff and Class

11  Members were injured and lost money or property, including but not limited to, the amount stolen

12  from their Apple gift cards, the loss of Plaintiff's and Class Members' legally protected interest in

13  the confidentiality and privacy of their personal information, nominal damages, and additional

14  losses as described herein.

15  72.  Defendants knew or should have known that the security practices regarding the

16  Apple gift cards were inadequate to safeguard Plaintiff and Class Members personal information

17  and the risk of unauthorized disclosure to a third party was highly likely. Defendants failed to

18  implement and maintain reasonable security procedures and practices appropriate to the nature of

19  the information to protect the personal information of Plaintiff and Class Members.

20  73.  Apple is a corporation that is organized and operated for the profit or financial

21  benefit of its owners with a reported total second quarter revenue for fiscal year 2020 of $58.3

22  billion.

23  74.  In accordance with Cal. Civ. Code §1798.150(b), Plaintiff has served Defendants

24  with notice of these CCPA violations and a demand for relief by certified mail, return receipt

25  requested. A copy of the letter is attached hereto as **Exhibit A**.

26  75.  On behalf of Class Members, Plaintiff seeks injunctive relief in the form of an

27  order enjoining Defendants from continuing to violate the CCPA. If Defendants fail to properly

28  respond to Plaintiff's notice letter or agree to timely and adequately rectify the violations detailed

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

above, Plaintiff will seek actual, punitive, and statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident, whichever is greater; restitution; attorneys' fees and costs (pursuant to Cal. Civ. Code §1021.5); and any other relief the Court seems proper as a result of Defendants' CCPA violations.

## COUNT IV

### Negligence

76.     Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

77.     Plaintiff brings this claim individually and on behalf of the Class.

78.     Defendants owed a duty to Plaintiff and Class Members to exercise reasonable care in obtaining, securing, safeguarding, deleting, destroying and protecting Plaintiff's and Class Members' personal information within their possession or control from being compromised, lost, stolen, accessed and misused by unauthorized persons. This duty included, among other things, designing, maintaining and testing Defendants' security systems to ensure that Plaintiff's and Class Members' personal information was adequately secured and protected. Defendants further owed a duty to Plaintiff and the Class Members to implement processes that would detect a breach of its Apple gift cards in a timely manner and to timely act upon warning and alerts including those generated by its own security systems.

79.     Defendants owed a duty to Plaintiff and the Class Members to provide security to ensure that its systems and networks, and the personnel responsible for them, adequately protected the personal information of consumers.

80.     Defendants owed a duty of care to Plaintiff and the Class Members because they were foreseeable and probable victims of any inadequate security practices. Defendants knew or should have known they had inadequately safeguarded Apple gift cards, and yet Defendants failed to take reasonable precautions to safeguard it.

81.     Defendants owed a duty to timely and accurately disclose to Plaintiff and the Class Members that their personal information had been or was reasonably believed to have been compromised. Timely disclosure was required, appropriate and necessary so that, among other

14

things, Plaintiff and the Class Members could take appropriate measures to avoid theft and/or fraudulent charges, including, monitoring their account information and credit reports for fraudulent activity, contact their banks or other financial institutions, obtaining credit monitoring services, filing reports with law enforcement and other governmental agencies and taking other steps to mitigate or ameliorate the damages caused by Defendants' misconduct.

82.     Plaintiff and the Class Members entrusted Defendants with their PII with the understanding that Defendants would safeguard their information and that the company was in a position to protect against the harm suffered by Plaintiff and the Class Members as a result of Apple gift card fraud.

83.     Defendants knew, or should have known, of the inherent risks in collecting and storing the personal information of Plaintiff and the Class Members and of the critical importance of providing adequate security of that information.

84.     Defendants' own conduct also created a foreseeable risk of harm to Plaintiff and the Class Members. Defendants' misconduct included, but was not limited to, failure to take the steps and opportunities to prevent and stop the Apple gift card fraud as set forth herein.

85.     Through its acts and omissions described herein, Defendants unlawfully breached its duty to use reasonable care to protect and secure Plaintiff's and the Class Members' personal information within its possession or control. More specifically, Defendants failed to maintain a number of reasonable security procedures and practices designed to protect personal information of Plaintiff and the Class Members, including, but not limited to, establishing and maintaining industry-standard systems to safeguard its Apple gift cards from theft. Given the risk involved and the amount of data at issue, Defendants' breach of its duties was unreasonable.

86.     Defendants breached their duties to timely and accurately disclose that Plaintiff's and Class Members' personal information in Defendants' possession had been or was reasonably believed to have been, stolen or compromised.

87.     As a direct and proximate result of Defendants' breach of its duties, Plaintiff and the Class Members have been harmed by the loss of the funds stolen from their Apple gift cards, plus interest.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT V

### Negligent Misrepresentation

88. Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

89. Plaintiff brings this claim individually and on behalf of the Class.

90. In the course of its business, Defendants misrepresented to Plaintiff and Class Members that Defendants were selling Apple gift cards that were original, usable, secure, valuable, and free from fraud, tampering or compromise.

91. Defendants had no reasonable grounds to believe these misrepresentations were true.

92. Defendants failed to inform or disclose to the public, including Plaintiff and Class Members, that Defendants were aware of an ongoing fraud with the Apple gift cards, making it probable that the value of Apple gift cards could be accessed and stolen by third parties. Defendants also failed to disclose that Defendants policy and practice was to not refund or replace the value of the Apple gift cards subjected to this fraud.

93. Defendants also failed to disclose to the public, including Plaintiff and Class Members, that Defendants did not safeguard the gift cards and/or the gift card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with.

94. Defendants also failed to inform or disclose to the public, including Plaintiff and Class Members, that its Apple gift card policies and security practices are inadequate to safeguard customers' Apple gift card accounts and personal identifying information against theft.

95. Defendants intended to induce Plaintiff and Class Members to rely on its misrepresentations and omissions because they knew Plaintiff and Class Members would not have purchased the Apple gift cards had they known the Apple gift cards, as well as their personal information attached to the gift cards, was subject to an ongoing fraud.

96. Defendants made these representations and omissions as to Plaintiff and the Class Members in connection with their purchase of the Apple gift cards.

16

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

97. There representations and omissions were material to Plaintiff's and Class Members' decision to purchase the Apple gift cards.

98. Plaintiff and Class Members justifiably relied on Defendants' misrepresentations and omissions about the Apple gift cards because Defendants' had superior knowledge about the ongoing Apple gift card fraud.

99. As a direct and proximate cause of Plaintiff and Class Members' reliance on Defendants misrepresentations and omissions about the Apple gift cards, Plaintiff and Class Members suffered pecuniary loss in an amount determined to be fair and reasonable, but which is equivalent to the funds loaded onto the Apple gift cards that was lost.

## COUNT VI

### Breach of Implied Warranty of Merchantability

100. Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

101. Plaintiff brings this claim individually and on behalf of the Class.

102. A warranty that the Apple gift cards were in merchantable quality and condition is implied by law pursuant to California Commercial Code § 2314.

103. Defendants impliedly warranted that the Apple gift cards were of good and merchantable condition and quality – fit for sale for their ordinary intended use.

104. The Apple gift cards were not merchantable or fit for their ordinary intended purpose at the time they left Defendants' possession. Defendants knew the Apple gift cards were frequently subject to an ongoing scam, yet Defendants failed to take simple preventative measures to curb the known and rampant fraudulent conduct and/or warn consumers that the funds they activated on the Apple gift cards may be stolen upon purchase. Instead, Defendants perpetuated the fraudulent conduct by staying silent and refusing to refund consumers that complained when they discovered their gift cards were defective and had no value. Thus, the Apple gift cards, when sold and at all times thereafter, were not in merchantable condition or quality and are not fit for their ordinary intended purpose.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

105. By virtue of the conduct described herein and throughout this Complaint, Defendants breached the implied warranty of merchantability.

106. Plaintiff and class members have been damaged as a direct and proximate result of Defendants' breach of the implied warranty.

107. Plaintiff and class members have performed each and every duty required of them under the terms of the warranties, except as may have been excused or prevented by the conduct of Defendants or by operation of law in light of Defendants' unconscionable conduct.

108. Defendants received timely notice regarding the problems at issue in this litigation and, not withstanding such notice, Defendants have failed and refused to offer an effective remedy.

109. As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff and Class Members were caused to suffer economic damage.

## PRAYER

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the other members of the Class, request award and relief as follows:

1. Certifying the Class and California Subclass as requested herein;

2. Awarding Plaintiff and the proposed Class Members damages;

3. Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class Members;

4. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices as set forth herein and directing Defendants to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

5. Ordering Defendants to engage in a corrective advertising campaign;

6. Awarding attorneys' fees and costs; and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

7. Providing such further relief as may be just and proper.

Dated: May 28, 2020                    JAMES HAWKINS, APLC

*Samantha Smith*

_____
Samantha A. Smith
Attorney for Plaintiff


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action and/or issues so triable.

Dated: May 28, 2020                    JAMES HAWKINS, APLC

*Samantha Smith*

_____
Samantha A. Smith
Attorney for Plaintiff

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL



**EXHIBIT A**

May 28, 2020

*Via Certified Mail (Receipt No. 7018 1130 0001 8270 4913)*
*Return Receipt Requested*

Apple, Inc.
Apple Value Services, LLC
One Apple Park Way
Cupertino, CA 95014

Re: ***Demand Letter Pursuant to California Civil Code Sections 1782 and 1798.150***

Dear Sir or Madam:

 This letter serves as notice and demand for corrective action by Apple, Inc. and Apple Value Services, LLC ("Apple") pursuant to the Consumer Legal Remedies Act, Cal. Civ. Code Section 1750 *et al.* ("CLRA") and the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code Section 1798.150(b). This letter is sent on behalf of our client, Rachael Shay, a consumer of Apple gift cards in the State of California, and all other persons similarly situated. We hereby demand that you take immediate corrective action within thirty (30) days as further described below.

 Apple, Inc. is a multinational technology company that designs, develops, and sells consumer electronics, computer software, and online services. Apple sells Apple gift cards for its various online services, including its App Store and iTunes, throughout the United States. Upon information and belief, Apple manufactured, marketed, sold and/or distributed insecure and defective Apple gift cards it knew were prone to an ongoing scam wherein the funds on the gift cards are fraudulently redeemed by accessing the Personal Identification Number ("PIN") on the Apple gift cards prior to use by the consumer.[1]

 Rather than take simple preventative measures to curb the known and rampant fraudulent conduct and/or warn consumers that the Apple gift card funds are easily susceptible to fraud and are not secure. Defendants perpetuated the fraud by staying silent, refusing to refund the stolen value after consumers complained, and failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect consumers'

---

[1] Upon information and belief, the PIN on the Apple gift cards is "personal information" as defined in Cal. Civ. Code §1798.140(o) as it "identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with" the purchasing consumers and/or their households.

personal information. This conduct violates the CLRA, including but not limited to sections 1770(a) (5), (7), (9) and (16), as well as the CCPA, including but not limited to section 1798.150. Apple has misled and continues to mislead consumers, thereby unfairly permitting Apple to increase its sales and capture market share from its competitors.

Our client is a citizen of the State of California and is a consumer as defined in California Civil Code section 1761(d) because she purchased an Apple gift card for personal, family, or household use. When our client purchased an Apple gift card for her son as a birthday gift, she was misled into believing that the funds on the Apple gift card, and any personal information associated with the Apple gift card, was secure. Had Ms. Shay known the truth about the Apple gift cards and Apple's failure to properly secure them, she would not have made her purchase. As a result, our client suffered a loss of money.

We hereby demand on behalf of our client and all others similarly situated that Apple immediately: (1) cease and desist from continued sale of the faulty Apple gift cards; (2) initiate a corrective campaign to address the inadequate security practices and procedures described herein; and (3) offer to refund the purchase price of the gift cards, plus reimbursement for interest.

If Apple wishes to enter into discussions to resolve the demand asserted in this letter, please contact me immediately.

Sincerely,

**JAMES HAWKINS, APLC**

Samantha Smith

Samantha A. Smith

# EXHIBIT B

DocuSign Envelope ID: 875BF333-2057-4C57-BBDE-995CC6DB3329

1

**JAMES HAWKINS, APLC**
2   JAMES R. HAWKINS, ESQ. (#192925)
    james@jameshawkinsaplc.com
3   SAMANTHA A. SMITH, ESQ. (#233331)
    samantha@jameshawkinsaplc.com
4   9880 Research Drive, Suite 200
    Irvine, CA 92618
5   Tel.: (949) 387-7200
    Fax: (949) 387-6676
6
    Attorneys for Plaintiff Rachael Shay,
7   on behalf of herself and all others similarly situated

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                              COUNTY OF SAN DIEGO

11   RACHAEL SHAY, on behalf of herself          Case No.
     and all others similarly situated,
12
13                             Plaintiff,        **AFFIDAVIT OF VENUE BY PLAINTIFF**
                                                 **RACHAEL SHAY**
     v.
14
15   APPLE, INC., a Delaware corporation;
     APPLE VALUE SERVICES, LLC, a
16   Virginia limited liability corporation; and
     Does 1 through 10, inclusive,
17
                               Defendants.
18

19

20       I, Rachael Shay, hereby declare and state as follows:

21       1.      I am over the age of 18, and if called as a witness, I would testify truthfully to the

22   matters set forth in this Declaration. All of the matters set forth below are within my personal

23   knowledge, except those matters that are stated to be upon information and belief. As to such

24   matters, I believe them to be true.

25       2.      I am the Plaintiff in the above-entitled action.

26       3.      Pursuant to Cal. Civ. Code § 1780(d), I make this Declaration in support of the

27   Class Action Complaint and the claim for relief stated in that complaint under Cal. Civ. Code §

28   1780(a).

                                                   1

                  AFFIDAVIT OF VENUE BY PLAINTIFF RACHAEL SHAY

DocuSign Envelope ID: 875BF333-2057-4C57-BBDE-995CC6DB3329

4. This action for relief under Cal. Civ. Code § 1780(a) has been commenced in a county that is a proper place for trial of this action because I reside in San Diego County, and this is the county where the transaction or any substantial portion thereof occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 27th day of May 2020, in Carlsbad, California.

DocuSigned by:

*Rachael Shay*

2F0846F882E84DB...

Rachael Shay

2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James R. Hawkins, Esq., SBN 192925<br>Samantha A. Smith, Esq., SBN 233331<br>JAMES HAWKINS APLC<br>9880 Research Dr., Suite 200, Irvine, CA 92618<br>TELEPHONE NO.: 949-387-7200    FAX NO. (Optional): 949-387-6676<br>ATTORNEY FOR (Name): RACHAEL SHAY | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of San Diego<br>**05/28/2020** at 01:03:28 PM<br>Clerk of the Superior Court<br>By Cecile Van Pelt, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Central Hourthouse

CASE NAME:
RACHAEL SHAY V. APPLE INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter | [ ] Joinder | 37-2020-00017475-CU-MC-CTL |
| | | Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.:   Judge Richard S. Whitney |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[x] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 6
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 28, 2020

Samantha A. Smith, Esq.
_____
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (not asbestos or
    toxic/environmental) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (not civil
    harassment) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (not unlawful detainer
        or wrongful eviction)
    Contract/Warranty Breach–Seller
        Plaintiff (not fraud or negligence)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (not provisionally
    complex) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (not eminent
        domain, landlord/tenant, or
        foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (arising from provisionally complex
    case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (non-
        domestic relations)
    Sister State Judgment
    Administrative Agency Award
        (not unpaid taxes)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
    above) (42)
    Declaratory Relief Only
    Injunctive Relief Only (non-
        harassment)
    Mechanics Lien
    Other Commercial Complaint
        Case (non-tort/non-complex)
    Other Civil Complaint
        (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (not specified
    above) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2020-00017475-CU-MC-CTL    CASE TITLE: Shay vs Apple Inc {EFILE]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
        **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
        **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
        **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7088 |

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Rachael Shay

DEFENDANT(S)/RESPONDENT(S): Apple Inc et.al.

Short Title: Shay vs Apple Inc {EFILE}



| **NOTICE OF RESCHEDULED HEARING** | CASE NUMBER:<br>37-2020-00017475-CU-MC-CTL |
|---|---|

Notice is given that the hearing in the above-entitled case has been rescheduled from 11/13/2020 10:00 AM to date and time shown below. All inquiries regarding this notice should be referred to the court listed above.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 04/23/2021 | 10:00 am | C-68 | Richard S. Whitney |

All hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. You must make arrangements to appear by telephone or video by contacting CourtCall at (888) 882-6878, or at www.courtcall.com. Please make your arrangements with CourtCall as soon as possible, before the hearing date. If you wait to contact CourtCall until the date and time of the hearing, CourtCall will be unable to process your request in time and you will not be able to appear at this hearing.

CourtCall will charge you a fee for making the arrangements for your appearance. The fee is required. However, if you have previously obtained an approved Order on Court Fee Waiver (FW-003/FW-003-GC), you must inform CourtCall that you have the Order so that CourtCall will not charge the fee for a telephonic appearance. If you do not have an approved Order on Court Fee Waiver (FW-003/FW-003-GC) but believe that you may be eligible for a fee waiver, you should immediately file a Request to Waive Court Fees (FW-001/FW-001-GC) with the Civil Business Office, to request an Order on Court Fee Waiver.

Counsel/Plaintiff in pro per: Check service list. If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

SHORT TITLE: SHAY VS APPLE INC {EFILE}

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>37-2020-00017475-CU-MC-CTL |
|---|---|



I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF RESCHEDULED HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 06/25/2020. The mailing occurred at Gardena, California on 06/26/2020.

Clerk of the Court, by: _____, Deputy
R. Censorino

JAMES R HAWKINS
JAMES HAWKINS APLC
9880  RESEARCH DRIVE # 200
IRVINE, CA 92618

SAMANTHA SMITH
JAMES HAWKINS, APLC
9880  RESEARCH DRIVE # 200
IRVINE, CA 92618

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego, CA 92101-3827
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 450-7068

PLAINTIFF(S) / PETITIONER(S): Rachael Shay

DEFENDANT(S) / RESPONDENT(S): Apple Inc et.al.

SHAY VS APPLE INC [EFILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2020-00017475-CU-MC-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Richard S. Whitney                Department: C-68

**COMPLAINT/PETITION FILED: 05/28/2020**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/13/2020 | 10:00 am | C-68 | Richard S. Whitney |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☐ CENTRAL DIVISION, CENTRAL COURTHOUSE, 1100 UNION ST, SAN DIEGO, CA 92101
☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, SMALL CLAIMS, 330 W. BROADWAY, SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, CIVIL, 330 W. BROADWAY, ROOM 225, SAN DIEGO, CA 92101
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

**FOR COURT USE ONLY**

F I L E D
Clerk of the Superior Court

**JUL 1 4 2020**

By: V. Contreras, Deputy

PLAINTIFF(S)

Rachael Shay

DEFENDANT(S)

Apple Inc; Apple Value Services LLC

### APPLICATION AND ORDER CORRECTING COURT RECORD

CASE NUMBER

37-2020-00017475-CU-MC-CTK

Upon review of the Register of Actions (ROA) of the above-entitled case, it has been determined that ROA # __10__ , Amendment to Complaint (First) filed by Shay, Rachael. _____ was erroneously entered on __07/13/2020__ .

☐ The document was filed in the wrong case and has since been filed in the correct case.

☒ The incorrect filing document name was selected in the case management system and has since been corrected to accurately reflect the document title.

☐ Other: _____

_____

It is hereby requested that the court make an order striking the erroneous entry from the ROA.

Clerk of the Superior Court

Date: __07/14/2020__

by, _N. Cont_ , Deputy

V. Contreras

### ORDER

The ROA entry indicated above is hereby stricken from the ROA.

☒ Other: _As indicated above — RSW_

### IT IS SO ORDERED.

Date: __7-16-20__

Judge/Commissioner of the Superior Court

RICHARD S. WHITNEY

APPLICATION AND ORDER CORRECTING COURT RECORD    Code Civ. Proc. §128(8)(8)

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 330 West Broadway

MAILING ADDRESS: 330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827

BRANCH NAME: Central

PLAINTIFF(S): Rachael Shay

DEFENDANT(S): Apple Inc et.al.

SHORT TITLE: SHAY VS APPLE INC (EFILE)

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2020-00017475-CU-MC-CTL |
|---|---|

Judge: Richard S. Whitney                    Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                         ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

Name of Plaintiff                        Name of Defendant

Signature                                Signature

Name of Plaintiff's Attorney             Name of Defendant's Attorney

Signature                                Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/29/2020                        _____
                                         JUDGE OF THE SUPERIOR COURT