1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JAMES HAWKINS, APLC**
JAMES R. HAWKINS, ESQ. (#192925)
james@jameshawkinsaplc.com
SAMANTHA A. SMITH, ESQ. (#233331)
samantha@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676

Attorneys for Plaintiff Rachael Shay,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC., a Delaware corporation; APPLE VALUE SERVICES, LLC, a Virgina limited liability corporation; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.  3:20-cv-1629-GPC-BLM<br><br>Assigned for All Purposes to:<br>Hon. Gonzalo P. Curiel<br><br>**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date:  Jan. 8, 2021<br>Hearing Time: 1:30 p.m.<br>Courtroom:     2D |

## **<u>TABLE OF CONTENTS</u>**

I.      INTRODUCTION AND SUMMARY OF FACTS…………………....…...……1

II.     ARGUMENT..……………………………………………...…………...2

III.    PLAINTIFF'S FAC MEETS THE FEDERAL PLEADING STANDARDS…..3

IV.     THE FACT THAT APPLE GIFT CARDS WERE RENDERED USELESS, IN
        PART, BY THEFT COMMITTED BY THIRD PARTIES DOES NOT
        RELIEVE APPLE OF LIABILITY FOR ITS MISREPRESENTATIONS AND
        OMISSIONS AS TO THE CONSUMER PRODUCTS AT ISSUE………........4

        A. Allegations Regarding Reasonable Safety Measures are Properly Pled……...7

        B. Defendants' Duty to Disclose is Not Limited to Affirmative
           Misrepresentations or Safety Issues……………………………………7

V.      DEFENDANTS' DISCLAIMER LANGUAGE IS SUBJECT TO MULTIPLE
        INTERPRETATIONS AND IS THUS NOT APPROPRIATE TO CONSIDER
        AT THIS STAGE OF LITIGATION…………………………………...………9

VI.     PLAINTIFF AGREES TO DISMISS HER CCPA AND NEGLIGENCE
        CLAIMS WITHOUT PREJUDICE…………………………………..……11

VII.    NEGLIGENT MISREPRESENTATION IS PROPERLY PLED………….....11

VIII.   BREACH OF IMPLIED WARRANTY IS PROPERLY PLED……..............12

IX.     RESTITUTION………………………………………….......………14

X.      CONCLUSION…………………………………..…………………15

1

2

# <u>TABLE OF AUTHORITIES</u>

*American Suzuki Motor Corp. v. Superior Ct*.,

    37 Cal. App. 4th 1291 (Cal. Ct. App. 1995)………………………..……..12

*Anderson v. Kimpton Hotel & Rest. Grp*., LLC,

    No. 19-1860, 2019 U.S. Dist. LEXIS 133869 (N.D. Cal. Aug. 8, 2019)………… 7

*Ashcroft v. Iqbal*,

    556 U.S. 662 (2009)…………………………………………...,2,3

*Baggett v. Hewlett-Packard Co*.,

    582 F. Supp. 2d 1261 (CD. Cal. 2007)………………………….…………9

*Bell Atlantic Corp. v. Twombly,*

    550 U.S. 544 (2007)…………………………………………...2,3

*Cahill v. Liberty Mut. Ins. Co*.,

    80 F.3d 336 (9th Cir. 1996)………………………………...…3

*Celebrity Chefs Tour, LLC v. Macy's, Inc.*,

    No. 13-2714, 2014 WL 12160745 (S.D. Cal. Sept. 19, 2014)…………………...6,7

*Chavez v. Blue Sky Natural Beverage Co.,*

    340 Fed. Appx. 359 (9th Cir. 2009)………………………………..3

*Conley v. Gibson*,

    355 U.S. 41 (1953)………………………………………....3

*Dang v. Samsung Elecs. Co., Ltd.*,

    803 F. App'x 137 (9th Cir. 2020)…………………………………...…10

*Davis v. HSBC Bank Nev., N.A.*,

    691 F.3d 1152 (9th Cir. 2012)…………………………………...…9

*Delgado v. Trax Bar & Grill*,

    36 Cal. 4th 224 (2005)…………………………………………6

*Emery v. Visa Internat. Service Assn.*,

    95 Cal. App. 4th 952 (2002)……………………………………….……..5

*Eminence Capital, LLC v. Aspeon, Inc.*,

    316 F.3d 1048 (9th Cir. 2003)……………………………………..………15

*Falk v. GMC*,

    496 F.Supp. 2d 1088 (N.D. Cal. 2007)………………………………....…3

*Freeman v. Time, Inc.*,

    68 F.3d 285 (9th Cir. 1995)……………………………..……9

*Hannibal Pictures Inc. v. Sonja Prods. LLC*,

    432 Fed.Appx. 700 (9th Cir. 2011)……………………………….…11

*Hauter v. Zogarts*,

    14 Cal. 3d 104 (1974)………...……………………………...…11

*Herron v. Best Buy Co., Inc.*,

    924 F. Supp. 2d 1161 (E.D. Cal. 2013)……………………………....…..5

*Hoey v. Sony Elecs. Inc.*,

    515 F. Supp. 2d 1099 (N.D. Cal. 2007)……………………………………8

*In re Jamster Mktg. Litig.*,

    No. 05-819, 2009 WL 1456632 (S.D. Cal. May 22, 2009)…………………….....6

*In re Juul Labs, Inc., Mktg., Sales Practices, & Prods. Liab. Litig.*,

    2020 U.S. Dist. LEXIS 197766 (N.D. Cal. Oct. 23, 2020)……………....…14,15

*In re Mediscan Research, Ltd.*,

    940 F.2d 558 (9th Cir. 1991)……………………………………………9

*In re Toyota Motor Corp.*,

    754 F. Supp. 2d 1145 N.C. Cal. 2010)………………………………...13,14

*Isip V. Mercedes Benz, LLC*,

    155 Cal. App. 4th 19 (2007)……………………………………...……13

*J.L. v. Children's Inst., Inc*.,

    177 Cal. App. 4th 388 (2009)……………………………………...…..6

*Kalitta Air, L.L.C. v. Central Texas Airborne Sys. Inc.*,

    315 Fed.Appx. 603 (9th Cir. 2008)……………………………………11

*Keegan v. American Honda Motor Co., Inc*.,

    838 F. Supp. 2d 929 (C.D. Cal. Jan. 6, 2012)……………………………..13

*Lambotte v. IAC/Interactivecorp*,

    No. CV 08-04263, 2008 U.S. Dist. LEXIS 91683……...……………….....10

*Long v. Hewlett-Packard Co*.,

    No. 06-2816, 2007 U.S. Dist. LEXIS 79262 (N.D. Cal. July 27, 2007)………....8

*Maurey v. Univ. of S. Cal*.,

    87 F. Supp. 2d 1021 (C.D. Cal. 1999)………………..……………………..…14

*Morgan v. Harmonix Music Sys., Inc*.,

    No. 08-5211, 2009 U.S. Dist. LEXIS 57528 (N.D. Cal. July 7, 2009) ………....8

*Moyle v. Liberty Mut. Ret. Ben. Plan*,

    823 F.3d 948 (9th Cir. 2016)………………………………………...15

*Oestreicher v. Alienware Corp*.,

    322 F. App'x 489 (9th Cir. 2009)………………………………………..8

*O'Shea v. Epson Am., Inc*.,

    No. 09-8063, 2011 U.S. Dist. LEXIS 85273 (C.D. Cal. July 29, 2011)………....8

*Parent v. Millercoors LLC*,

    No. 15-1204, 2016 WL 3348818 (S.D. Cal. June 16, 2016)………….………..6

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,

    494 F.3d 788 (9th Cir. 2007)………………………………………....5

*Precht v. Kia Motors Am., Inc.*,

    No. CV 14-1148, 2014 WL 10988343 (C.D. Cal. Dec. 29, 2014)……...………...14

*Razuki v. Caliber Home Loans, Inc.*,

   No. 17-1718, 2018 U.D. Dist. LEXIS 196070 (S.D. Cal. Nov. 15, 2018)………..7

*Richards v. Stanley*,

   43 Cal. 2d 60 (1954)……………………………………………………..…6

*Robinson Helicopter Co., Inc. v. Dana Corp.*,

   34 Cal. 4th 979 (2004)……………………………………………………....11

*Robinson v. Unilever, Inc.*,

   No. CV 17-3010, 2019 U.S. Dist LEXIS 82467 (C.D. Cal. March 25, 2019)…...15

*Rosal v. First Fed. Bank of Cal.*,

   671 F. Supp. 2d 1111 (N.D. Cal. 2009)……………………………………....2

*Ryan v. Foster & Marshall, Inc.*,

   556 F.2d 460 (9th Cir. 1977)…………………………………………...…15

*Sheahan v. State Farm Gen. Ins. Co.*,

   442 F. Supp. 3d 1178 (N.D. Cal. 2020)……………………………...……10

*Smith v. Ford Motor Co.*,

   749 F. Supp. 2d 980 (N.D. Cal. 2010)……………………………………...…8

*Sonner v. Premier Nutrition Corp.*,

   971 F.3d 834 (9th Cir. 2020)……………………………………………..14

*Stanwood v Mary Kay, Inc.*,

   941 F. Supp. 2d 1212 (C.D. Cal. 2012)……………………………….…3

*Stickrath v. Globalstar, Inc.*,

   No. C07-1941, 2008 U.S. Dist. LEXIS 12190 (N.D. Cal. Feb. 6, 2008)………...9

*Stoner v. Santa Clara County Office of Educ.*,

   502 F.3d 1116 (9th Cir. 2007)…………………………………….…2

*Williams v. Gerber Prods. Co.*,

   523 F.3d 934 (9th Cir. 2008)……………………………………………….3

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012)……………………..……………………………8

*Worldwide Media, Inc. v. Twitter, Inc*.,
  No. 17-7335, 2018 U.S. Dist. LEXIS 221571 (N.D. Cal. Aug. 9, 2018)…………10

*Zakaria v. Gerber Prods. Co.*,
  25-CV-0200-JAK, 2015 U.S. Dist. LEXIS 80428 (C.D. Cal. June 18, 2015)…....12

## **State Rules and Statues**

California Civ. Code §1791.1(c)………………………………………………....…12

California Civ. Code §1792………………………………………………...………12

California. Com. Code § 2314(2)(c)…………………………………………………13

## **FEDERAL RULES**

Fed.  R. Civ. P. 8(a)(3)…………………………………………………………...15

Fed.  R. Civ. P. 8(d)(3)………………………………………………...……15

Fed. R. Civ. P. Rule 12(b)(6)……………………………………………....2,3

Plaintiff Rachael Shay ("Plaintiff") respectfully submits the following opposition to Defendants Apple, Inc. and Apple Value Services, LLC ("Apple" or "Defendants") Motion to Dismiss First Amended Complaint ("Motion") (Dkt. No. 6).

## I.   INTRODUCTION AND SUMMARY OF FACTS

This is a consumer class action on behalf consumers nationwide, and in California, who purchased a defective, unsecure and valueless Apple gift card. (FAC, ¶ 1.) Defendants have manufactured, marketed, sold and/or distributed Apple gift cards on a nationwide basis, and throughout California, in a uniform and similar fashion. (*Id*. at 15.) Apple gift cards contain a Personal Identification Number ("PIN") covered with silver scratch off tape. (*Id*. at 16.) When a consumer purchases a new Apple gift card, the PIN is activated so that it can be loaded onto a consumer's Apple account to use for Apple services. (*Id*. at 16.)

Upon information and belief, due to Defendants' defective design, manufacture and/or packaging of the Apple gift cards, including Apple's failure to implement and maintain reasonable security procedures and practices to properly secure the Apple gift cards, the Apple gift cards are targeted by thieves who electronically access the Apple gift cards at the point of sale and redeem the funds prior to the consumer taking possession of the gift card. (*Id*. at 17.) Upon information and belief, Defendants know, and have known, that the Apple gift cards they sell to consumers are defective, unsecure and easily subject to known fraud. (*Id*. at 21.)

Defendants now argue generally that this case should be dismissed primarily because it believes it should not be responsible for the known fraud happening to its gift cards. Defendants alternatively argue, to the extent it can be held liable, it is shielded by disclaimer language on the back of its gift cards. As shown below, however, a duty arises where – as here – defendants have knowledge of material facts not known to plaintiff. Concealment of these material facts constitute a

1

violation of the UCL. Plaintiff has properly pled Defendants were aware of the fraudulent conduct affecting its gift cards but failed to inform consumers about it and/or take action to prevent the fraudulent conduct. Moreover, the interpretation of Defendants' disclaimer language is subject to more than one interpretations and is therefore not appropriate for determination at this early pleading stage.

Defendants separately argue that Plaintiff's CCPA, negligence, negligent misrepresentation and breach of implied warranty of merchantability claims are subject to dismissal. Plaintiff agrees to dismiss her CCPA and negligence claims without prejudice. However, her negligent misrepresentation and breach of implied warranty claims are properly pled. Finally, Plaintiff's claims for restitutionary relief is proper as a demand for relief may be pled in the alternative at this early pleading stage.

Regardless, to the extent the Court finds Plaintiff's allegations are not properly pled, leave to amend is appropriate especially since Plaintiff originally filed this action is state court subject to much more lenient pleading standards.

## II.   ARGUMENT

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1119 (N.D. Cal. 2009). In considering a motion to dismiss, "allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007). A district court should only grant a motion to dismiss when plaintiffs have not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). However, "the

1   motion [to dismiss] is not a procedure for resolving a contest between the parties
2   about the facts or the substantive merits of the plaintiff's case." *Chavez v. Blue Sky*
3   *Natural Beverage Co*., 340 Fed. Appx. 359, 360 (9th Cir. 2009).

4   **III. PLAINTIFF'S     FAC     MEETS     THE     FEDERAL     PLEADING**
5   **STANDARDS**

6       Defendants argue that the FAC should be dismissed in its entirety because
7   Apple believes it cannot be held liable for failing to disclose or take action against
8   known fraudulent third party conduct affecting its gift cards. First, only under
9   "extraordinary" circumstances is Rule 12(b)(6) dismissal proper, such as where
10  "plaintiff can prove no set of facts entit[ling him] to relief."  *Cahill v. Liberty Mut.*
11  *Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996); *Williams v. Gerber Prods. Co.*, 523 F.3d
12  934, 939 (9th Cir. 2008) (reversing order dismissing UCL, CLRA and express
13  warranty false advertising action and noting the "rare situation" where dismissal of
14  such a case is appropriate).  The Federal Rules require only that plaintiff provide "'a
15  short and plain statement of the claim' that will give the defendant fair notice of
16  what the plaintiff's claim is and the grounds upon which it rests."  *Conley v.*
17  *Gibson*, 355 U.S. 41, 47 (1953) (quoting Fed. R. Civ. P. 8(a)); *Bell Atlantic Corp. v.*
18  *Twombly*, 550 U.S. 544, 555 (2007). Plaintiff has done that here.

19      Second, in California a duty to disclose arises where defendant has
20  knowledge of material facts not known to plaintiff. *Stanwood v Mary Kay, Inc*., 941
21  F. Supp. 2d 1212, 1221 (C.D. Cal. 2012); *Falk v. GMC*, 496 F.Supp. 2d 1088,
22  1094-95 (N.D. Cal. 2007). "For a fact to be material, a plaintiff must show that had
23  the omitted information been disclosed, one would have been aware of it and
24  behaved differently." *Id*. at 1221 (internal citations omitted). Claims of concealment
25  of material facts constitute an unfair, fraudulent, and unlawful business practice
26  under the UCL. *Stanwood*, 941 F. Supp. 2d at 1222 (holding that plaintiff's
27  "allegations of concealment constitute an unfair, fraudulent, and unlawful business
28  practice under the UCL").

Here, Plaintiff has adequately pled that Defendants failed to disclose material facts about its gift cards (i.e. that the gift cards are subject to fraud prior to use by the consumer), and had Plaintiff known about this material fact she would not have purchased the gift cards. (FAC, ¶ 29.)[1] Defendants have not shown that any further specificity is required.

## IV. THE FACT THAT APPLE GIFT CARDS WERE RENDERED USELESS, IN PART, BY THEFT COMMITTED BY THIRD PARTIES DOES NOT RELIEVE APPLE OF LIABILITY FOR ITS MISREPRESENTATIONS AND OMISSIONS AS TO THE CONSUMER PRODUCTS AT ISSUE.

Apple generally argues Plaintiff cannot state a claim against it because Apple cannot be held liable for theft by a third party. First, Apple does not reference any cause of action associated with this argument and does not attempt to tie it to the pleading requirements of any of Plaintiff's causes of action. Second, Apple's argument ignores the fact this case is based on Apple's affirmative acts regarding its own consumer products (gift cards), unlike the cases cited in support of Apple's argument. Here, Apple knew it was producing and selling gift cards prone to rampant fraud yet failed to warn the public and/or correct the defect. (FAC, ¶¶ 14-30.)

---

[1] Plaintiff is "'not required to plead with an unrealistic degree of specificity that the [she] relied on particular advertisements or statements.'" *Morey v. NextFoods, Inc.*, No. 10-cv-761, 2010 U.S. Dist. LEXIS 67990 (S.D. Cal. June 7, 2010). At the pleading stage it is sufficient for Plaintiff to allege that she purchased the gift cards in reliance on Defendants' misrepresentations. *Id.* ("Plaintiff's allegations that she purchased GoodBelly products in reliance on NextFood's advertising is sufficient to create standing under both federal and California law."); *In re Ferrero Litig.*, No. 11-205, 2011 U.S. Dist. LEXIS 97488, at *7 (S.D. Cal. August 29, 2011)(allegations satisfied the pleading requirements for named plaintiff reliance as set forth in Tobacco II where plaintiff alleged "that they were exposed to Ferrero's long-term advertising campaign and relied on various statements from that campaign in making their decision to purchase Nutella").

The cases relied upon by Defendants are not applicable to the present case. *Emery v. Visa Internat. Service Assn*., 95 Cal. App. 4th 952 (2002) and *Herron v. Best Buy Co., Inc*., 924 F. Supp. 2d 1161 (E.D. Cal. 2013) involved third party representations regarding the defendant's products without defendant's knowledge. In *Emery*, Visa was accused of unlawful business practices as a result of a third party's unlawful solicitations regarding foreign lotteries simply because the solicitations bore the Visa logo. 95 Cal. App. 4th at 954. Although Visa was not aware of the solicitations bearing its logo, Visa was sued for unlawful business practices based on the "theory that VISA's advertising, licensing of its logo, and utilization of its payment system creates either an actual or ostensible agency relationship with its merchants." *Id*. Because "Visa itself played no part in preparing or sending any 'statement' that might be construed as untrue or misleading under the unfair business practices statutes," it could not be liable for unfair competition. *Id*. at 964. Likewise, *Herron* involved Toshiba's liability for representations made by Best Buy regarding Toshiba laptops sold in Best Buy retail stores. 924 F. Supp. 2d at 1168-69. Plaintiff's UCL claim against Toshiba was dismissed because plaintiff failed to plead Toshiba controlled the representations made by Best Buy. *Id*. Toshiba merely provided Best Buy with testing results, and it was Best Buy that formulated the misrepresentations regarding the Toshiba products. *Id*.

In *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 793 (9th Cir. 2007), the plaintiff was a publisher that operated a subscription website and published a magazine, both of which featured copyrighted images of models. The publisher asserted that defendant financial institutions were liable for "contributory copyright infringement" merely because they processed credit card payments to the allegedly infringing websites. *Id*. The appellate court found that defendants were not liable as they did not induce or materially contribute to the infringing activity. *Id*. at 799-800. The infringement stemmed from the failure to obtain a license to distribute, not

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  from processing payments, and Defendants did not facilitate the improper conduct

2  at issue, they merely processed credit card payments. *Id*.

3       In *In re Firearms*, there was no production of a misleading, counterfeit, or

4  otherwise defective product for purposes of defrauding consumers. 126 Cal. App.

5  4th 959, 982 (2005). In that case, several California cities filed an action against

6  manufacturers, distributors and retailers of handguns and their trade associations,

7  asserting that their conduct of distributing firearms in a manner that enables

8  criminals to acquire the firearms constituted a public nuisance and a pattern of

9  unlawful, unfair and deceptive business acts and practices in violation of the UCL.

10  *Id*. at 967-68. Without some hint of knowledge and/or encouragement of wrongful

11  conduct, there was no connection between the manufacturers, distributors, and

12  associations and the alleged wrongdoing. *Id*.

13       The criminal conduct cases cite by Defendants don't fare any better and are

14  factually distinguishable. *See Richards v. Stanley*, 43 Cal. 2d 60, 61-63 (1954) (a

15  motorcyclist was injured by someone driving a stolen vehicle sued the owner of the

16  vehicle and the court reiterated the general rule that "the owner of an automobile is

17  under no duty to persons who may be injured by its use to keep it out of the hands

18  of a third person in the absence of facts putting the owner on notice that the third

19  person is incompetent to handle it."); *Delgado v. Trax Bar & Grill*, 36 Cal. 4th 224,

20  250 (2005)(premises liability case based on an attack in defendant's parking lot;

21  although, because bar had notice of an impending assault it had a duty to avert the

22  danger); J.*L. v. Children's Inst., Inc*., 177 Cal. App. 4th 388 (2009)(no liability for

23  *unforeseeable* conduct); *Parent v. Millercoors LLC*, No. 15-1204, 2016 WL

24  3348818, *23-24 (S.D. Cal. June 16, 2016) (beer company not liable for third party

25  representations regarding its product); *In re Jamster Mktg. Litig*., No. 05-819, 2009

26  WL 1456632 (S.D. Cal. May 22, 2009) (third party representations); *Celebrity

27  Chefs Tour, LLC v. Macy's, Inc.*, No. 13-2714, 2014 WL 12160745, *14 (S.D. Cal.

28  Sept. 19, 2014)(involving vicarious liability of a third party)

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

**A. Allegations Regarding Reasonable Safety Measures are Properly Pled.**

Defendants claim that Plaintiff has not properly pled that Apple failed to implement reasonable safety measures for its gift cards. However, the case law relied upon by Defendants concern claims pursuant to the California Customer Records Act ("CCRA"), a cause of action not presently pled in Plaintiff's FAC. In *Razuki v. Caliber Home Loans, Inc.*, No. 17-1718, 2018 U.D. Dist. LEXIS 196070, *3 (S.D. Cal. Nov. 15, 2018), the plaintiff claimed defendant violated the CCRA because it failed to implement higher-quality security protocols. The *Razuki* court instructed the plaintiff that in order to properly state a claim under the CCRA plaintiff had to identify how defendant's security measures were inadequate as compared to other companies. *Id*. at *4. After three tries, plaintiff failed to provide any additional information about defendant's security practices. *Id*. at *4-5. Thus, his CCRA claim was dismissed. *Id*.

Again, in *Anderson v. Kimpton Hotel & Rest. Grp*., LLC, No. 19-1860, 2019 U.S. Dist. LEXIS 133869, *13-14 (N.D. Cal. Aug. 8, 2019) plaintiffs alleged defendant violated the CCRA by failing to implement and maintain reasonable security measures and procedures. Relying on *Razuki*, the court held that plaintiffs' allegations were insufficient. *Id*. In both cases, the UCL claim was premised solely on the unlawful prong. *Id*. at *14-16; *Razuki*, 2018 U.D. Dist. LEXIS 196070 at *7. That is not the case, here, where Plaintiff pleads violations of the UCL under the all three prongs of the UCL. (FAC, ¶¶ 51-64.)

**B. Defendants' Duty to Disclose is Not Limited to Affirmative Misrepresentations or Safety Issues.**

Defendants wrongly assert that nondisclosures are only actionable where there is an affirmative misrepresentation or a safety issue. (Motion at 11-13.) The cases cited by Defendants involve product defect cases where the consumer

products as issue operated as represented throughout their warranty periods and the claims at issue were predicated on a failure to inform consumers about a likelihood of a product failing outside of its warranty period. *See Oestreicher v. Alienware Corp*., 322 F. App'x 489, 491 493 (9th Cir. 2009)(notebook computers operated as represented throughout the warranty period; no other representations or safety issues were alleged); *Smith v. Ford Motor Co*., 749 F. Supp. 2d 980, 987-88 (N.D. Cal. 2010) (post warranty failure of ignition locks on certain vehicles; at summary judgment stage, plaintiff offered no evidence of any misrepresentation and no evidence to support a finding that the defect posed a safety concern); *Long v. Hewlett-Packard Co*., No. 06-2816, 2007 U.S. Dist. LEXIS 79262, *23-25 (N.D. Cal. July 27, 2007)(notebook computers at issue fulfilled their limited one-year warranty; no other express representations or saftey issues alleged); *Wilson v. Hewlett-Packard Co*., 668 F.3d 1136, 1138, 1141-43 (9th Cir. 2012)(alleged design defect manifested after the expiration of the warranty); *Morgan v. Harmonix Music Sys., Inc*., No. 08-5211, 2009 U.S. Dist. LEXIS 57528, *11-13 (N.D. Cal. July 7, 2009)(product at issue lasted duration of the express warranty; no other representations or safety issues alleged); *Hoey v. Sony Elecs. Inc.,* 515 F. Supp. 2d 1099, 1103-05 (N.D. Cal. 2007)(alleged post-warranty failure of notebook computers). The one case not involving product defect issues outside the warranty period, involved allegations that the printer product at issue wasted ink when compared to other printers on the market, e.g. that defendant's product performed less efficiently than competitor products. *O'Shea v. Epson Am., Inc*., No. 09-8063, 2011 U.S. Dist. LEXIS 85273, *21-23 (C.D. Cal. July 29, 2011). At *summary judgment*, plaintiff could not show defendant had a duty to disclose its ink jet printers were inefficient as compared to other manufacturers (as alleged), and the court held there is no obligation for "a company to denigrate its own products or promote those of its competitors just because consumers might be interested in the comparison." *Id*. at *27-28.

None of these compare to the present case where Apple is failing to disclose material facts about its gift cards that may render them useless at the point of sale. *See e.g. Baggett v. Hewlett-Packard Co*., 582 F. Supp. 2d 1261 (CD. Cal. 2007) (plaintiff alleged that HP's printers indicated that printer cartridges were empty when, in fact, they still contained ink; the plaintiff did not allege that the printers contained a latent defect but that HP had represented that the cartridges were empty, when in fact they were not.); *In re Mediscan Research, Ltd*., 940 F.2d 558 (9th Cir. 1991)(holding that appellant had a duty to disclose that the terms of the offering of limited partnership shares had been modified); *Stickrath v. Globalstar, Inc*., No. C07-1941 THE, 2008 U.S. Dist. LEXIS 12190 (N.D. Cal. Feb. 6, 2008)(holding that plaintiffs successfully alleged concealment of a defect in defendant's satellite telephone service). Thus, Defendants' argument fails.

## V. DEFENDANTS' DISCLAIMER LANGUAGE IS SUBJECT TO MULTIPLE INTERPRETATIONS AND IS THUS NOT APPROPRIATE TO CONSIDER AT THIS STAGE OF LITIGATION.

Defendants have not shown that its disclaimer justifies a dismissal of Plaintiff's lawsuit. The case law cited by Defendants involve cases where no reasonable consumer would be deceived by the advertisements at issue – an argument Defendants do not make it their Motion. And the reason for that is simple – reasonable consumers expect their gift cards to actually contain the funds loaded onto them at the time of purchase. *Davis v. HSBC Bank Nev., N.A*., 691 F.3d 1152,1157-58 (9th Cir. 2012) involved allegations that a credit card advertisement failed to disclose its annual fee. However, defendant disclosed its annual fee in its application process and the fee could have been reasonably avoided. *Id*. at 1169. And, *Freeman v. Time, Inc*., 68 F.3d 285, 290 (9th Cir. 1995) involved a sweepstakes where the court determined no reasonable consumer would be deceived by the promotional materials that stated to win the sweepstakes you must have the winning number. The remaining case law is also distinguishable. *See*

*Sheahan v. State Farm Gen. Ins. Co.*, 442 F. Supp. 3d 1178, 1187-90 (N.D. Cal. 2020)(an insurance case operating under the insurance code that sets forth the specific disclosure requirements); *Dang v. Samsung Elecs. Co., Ltd.*, 803 F. App'x 137 (9th Cir. 2020)(unpublished two page opinion stating plaintiff waived any challenge regarding the scope of an implied warranty of "non-infringement" by not addressing it with the lower court and not providing supporting facts regarding the claim); *Worldwide Media, Inc. v. Twitter, Inc*., No. 17-7335, 2018 U.S. Dist. LEXIS 221571 (N.D. Cal. Aug. 9, 2018)(negligence claim failed where plaintiffs *conceded* defendant's terms of service expressly disclaimed ordinary negligence).

No reasonable person would understand Defendants' disclaimer to mean Apple is not responsible for the present situation, where known cyber theft occurs at the point of sale and prior to use by the consumer. Logic suggests Defendants' disclaimer pertains to loss of a gift card or use without permission *after the card has been properly loaded with funds* in situations where gift cards have, for example, been misplaced. Obviously, Apple is not responsible to reimburse the absent-minded consumer that misplaces his gift card. However, whereas here, when the disclaimer language is susceptible to more than one interpretation, it is not an appropriate issue for dismissal. *See Lambotte v. IAC/Interactivecorp*, No. CV 08-04263, 2008 U.S. Dist. LEXIS 91683 *11-17 (C.D. Cal. Nov. 4, 2008)(dismissal at the pleading stage is not appropriate where disclaimer language is subject to more than one interpretation).[2] Moreover, any disclaimer must be strictly construed

---

[2] Likewise, the case law cited to support Defendants' argument that its disclaimer is valid because it is purportedly conspicuous involved implied warranties regarding service contracts for defective products and is not applicable to the present matter. *See In re Google Phone Litigation*, No. 10-1177, 2012 U.S. Dist. LEXIS 108611 (N.D. Cal. Aug. 2, 2012) (plaintiff's implied warranty claim fails as to mobile device because the terms of service specifically contained a disclaimer of express and implied warranties that plaintiff accepted when entering into a service contract for the device); *Hammond Enters. Inc. v. ZPS Am. LLC*, No. 12-3600, 2013 U.S. Dist. LEXIS 155135 (N.D. Cal. Oct. 29, 2013)(breach of implied warranty claim failed where service contract between two businesses contained conspicuous disclaimer of implied warranties).

against the seller. *Hauter v. Zogarts*, 14 Cal. 3d 104, 121(1974). As such, Defendants' arguments regarding its disclaimer fail.

## VI.   PLAINTIFF AGREES TO DISMISS HER CCPA AND NEGLIGENCE CLAIMS WITHOUT PREJUDICE.

Without conceding to any of the arguments made by Defendants in their Motion regarding Plaintiff's allegations for violations of the CCPA and negligence, Plaintiff agrees to dismiss her CCPA and negligence claims without prejudice reserving her right to re-allege violations if necessary.

## VII.   NEGLIGENT MISREPRESENTATION IS PROPERLY PLED.

Defendants argue Plaintiff's negligent misrepresentation claim fails based on its argument that it does not have a duty to disclose. (Motion at p. 19.) As discussed above, Plaintiff's allegations regarding Defendants' failure to disclose is properly pled.

Regarding the economic loss rule, *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004), supports Plaintiff's position.  There, the Court held that a misrepresentation claim can be maintained where, like here, the breach involves deceit and misrepresentations. *Id*. at 990-91. Here, Defendants misrepresent that the gift cards are usable and redeemable when Defendants knew that the gifts cards are subject to fraud at the point of sale and prior to use by the consumer, rendering such gift cards valueless. (FAC, ¶¶ 90-94.) *See Hannibal Pictures Inc. v. Sonja Prods. LLC*, 432 Fed.Appx. 700, 701 (9th Cir. 2011) (holding a jury verdict in favor of a negligent misrepresentation claim was not precluded by the economic loss rule where "one party has lied to the other"); *Kalitta Air, L.L.C. v. Central Texas Airborne Sys. Inc.*, 315 Fed.Appx. 603, 607 (9th Cir. 2008) (holding negligent misrepresentation is a "species of fraud" under California law, for which "economic loss is recoverable"); *Zakaria v. Gerber Prods. Co.*, 25-CV-0200-JAK, 2015 U.S. Dist. LEXIS 80428 (C.D. Cal. June 18, 2015)).

In sum, Plaintiff has adequately pled her negligent misrepresentation claim. Defendants' misrepresentations regarding the gift cards take Plaintiff's claim outside the realm of the economic loss rule. Thus, Defendants' argument as to Plaintiff's negligent misrepresentation claim fails.[3]

## VIII.   BREACH OF IMPLIED WARRANTY IS PROPERLY PLED.

Under California law, "every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code. § 1792. This implied warranty expires "one year following the sale of new consumer goods to a retail buyer" if the duration of an express warranty is not stated. Cal. Civ. Code § 1791.1(c). "Unlike express warranties, which are basically contractual in nature, the implied warranty of merchantability arises by operation of law." *American Suzuki Motor Corp. v. Superior Ct.*, 37 Cal. App. 4th 1291, 1295-96 (Cal. Ct. App. 1995), as modified on denial of reh'g (Sept. 21, 1995). "Merchantable" goods are defined under California law to be "fit for the ordinary purposes for which such goods are used[.]" Cal. Com. Code § 2314(2)(c). "The core test of merchantability is fitness for the ordinary purpose for which such goods are used." *Isip V. Mercedes Benz, LLC*, 155 Cal. App. 4th 19, 26 (2007).

---

[3] The cases cited by Defendants are distinguishable. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942 (S.D. Cal. 2012)(stating allegations that defendant made intentional representations would create an exception to the economic loss rule per *Robinson*, 34 Cal. 4th at 990-991, but find plaintiff failed to allege actionable misrepresentations made by defendant); *Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025 (N.D. Cal. 2016)(allegations that Starbucks underfills its lattes did not support a claim for negligent misrepresentations where plaintiff failed to argue any of the exceptions to the economic loss doctrine applied); *Swearingen v. Santa Cruz Natural, Inc.*, No. 13-4291, 2016 U.S. Dist. LEXIS 109432, *28-31 (N.D. Cal. Aug. 17, 2016)(allegations regarding the improper use of organic evaporated cane juice on an ingredient label instead of sugar did not support negligent misrepresentation claim where plaintiff argued economic loss doctrine did not apply where no breach of contract claim is alleged).

Plaintiff alleges each of the necessary elements for breach of implied warranty of merchantability: Defendants impliedly warranted that the Apple gift cards were of good and merchantable condition and quality – fit for sale for their ordinary intended use.. (FAC, ¶ 103.) Defendants' gift cards were not merchantable or fit for their ordinary intended purpose at the time they left Defendants' possession. (*Id*. at ¶ 104.) Defendants knew their gift cards were frequently subject to an ongoing scam, yet Defendants failed to take simple preventative measures to curb the known and rampant fraudulent conduct and/or warn consumers that the funds they activated on the Apple gift cards may be stolen upon purchase. (*Id*.) Instead, Defendants perpetuated the fraudulent conduct by staying silent and refusing to refund consumers that complained when they discovered their gift cards were defective and had no value. (*Id*.) Thus, the Apple gift cards, when sold and at all times thereafter, were not in merchantable condition or quality and are not fit for their ordinary intended purpose. (*Id*.)

Defendants argue that the implied warranty claim fails due to a lack of vertical privity because Plaintiff purchased her gift card from Walmart. (Motion at 21.) Since Plaintiff is a third-party beneficiary, however, vertical privity is not required for Plaintiff's claim for breach of implied warranty. *In re Toyota Motor Corp*., 754 F. Supp. 2d 1145, 1184-85 (N.C. Cal. 2010); *Keegan v. American Honda Motor Co., Inc*., 838 F. Supp. 2d 929 (C.D. Cal. Jan. 6, 2012). Here, Plaintiff did not purchase the gift card directly from Apple; rather, Plaintiff purchased the gift card from a "third party." (Motion at 21.)  Because Plaintiff purchased the gift card from a third party acting as an agent for Defendants, Plaintiff is a third-party beneficiary. *In re Toyota Motor Corp.*, 754 F. Supp. 2d at 1185 (where a plaintiff is a third-party beneficiary that gives rise to the implied warranty of merchantability, he or she may assert a claim for the implied warranty's breach). "Such a standard for privity of contract is consistent with the goals of implied warranties of merchantability." *Precht v. Kia Motors Am., Inc.*, No. CV 14-1148, 2014 WL 10988343 (C.D. Cal.

Dec. 29, 2014).  "[T[herefore, Plaintiff['s] breach of implied warranty claim is not precluded by the lack of vertical privity."  *In re Toyota Motor Corp.*, 754 F. Supp. 2d at 1185.

Accordingly, Plaintiff has stated a valid claim for breach of implied contract. To the extent Defendants are arguing that the facts will not support the existence of an implied contract, that is a factual determination to be made by the trier of fact and not at this early pleading stage. *See*, e.g., *Maurey v. Univ. of S. Cal.*, 87 F. Supp. 2d 1021, 1036 (C.D. Cal. 1999), aff'd, 12 F. App'x 529 (9th Cir. 2001) ("The existence of an implied-in-fact contract is normally a question for the trier of fact.").

## IX. RESTITUTION

Defendants argue Plaintiff cannot seek restitution pursuant to *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). In *Sonner*, <u>on the eve of trial</u> the plaintiff voluntarily dismissed her CLRA damages claim and proceeded with state law equitable claims for restitution and injunctive relief *for the sole purpose* of trying the class action as a bench trial rather than to a jury. *Id*. at 837. In dismissing her CLRA damages claim, Sonner sought to recover $32 million as equitable restitution rather than damages. *Id*. The problem with moving forward in this manner is, pursuant to federal and equitable principles and California law, in order to proceed solely with equitable restitution claims a plaintiff must show she lacked an adequate legal remedy for the same past harm for which she sought equitable restitution. *Id*. at 838-39. However, Sonner could not establish that she lacked an equitable remedy at law as she clearly could have pursued the CLRA damages claim but chose not to. *Id*. at 844.

*Sonner* is not applicable to the present matter. *See In re Juul Labs, Inc., Mktg., Sales Practices, & Prods. Liab. Litig.*, 2020 U.S. Dist. LEXIS 197766, *225-227 (N.D. Cal. Oct. 23, 2020)(distinguishing Sonner "where the plaintiff on the eve of trial sought to secure a bench trial under the UCL by foregoing CLRA damages claims that had to be tried to a jury"). Under Fed.  R. Civ. P. 8(a)(3), "[a] pleading

14

that states a claim for relief must contain . . . a demand for the relief sought, which may include relief *in the alternative or different types of relief*." Fed. R. Civ. P. 8(a)(3); *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 962 (9th Cir. 2016)(permitting equitable relief to be pled in the alternative). Indeed, plaintiffs may plead claims in the alternative, even when their theories are inconsistent. Fed. R. Civ. P. 8(d)(3)("[a] party may state as many separate claims or defenses as it has, regardless of consistency."); *Ryan v. Foster & Marshall, Inc*., 556 F.2d 460, 463 (9th Cir. 1977) ("[A] pleader can assert alternative claims even if the claims are inconsistent.") Simply put, requests for equitable relief are not subject to dismissal simply because it was not alleged that legal remedies are inadequate. *Robinson v. Unilever, Inc*., No. CV 17-3010, 2019 U.S. Dist LEXIS 82467, *14 (C.D. Cal. March 25, 2019).

## X. CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied. If the Court is inclined to agree with any of Defendants' arguments and dismiss any portion of the Complaint, Plaintiff requests leave to amend.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (leave to amend is freely given and should be "applied with extreme liberality").


Dated:  November 18, 2020                    JAMES HAWKINS, APLC

_____

Samantha A. Smith
Attorney for Plaintiff

---

15

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2020 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Southern District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: November 18, 2020                    */s/ Samantha A. Smith*
                                             Samantha A. Smith

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT