1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RACHAEL SHAY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

APPLE INC. and APPLE VALUE SERVICES, LLC,

Defendant.

Case No.:  20cv1629-GPC(BLM)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

**[DKT. NO. 6.]**

Before the Court is Defendants' motion to dismiss the first amended complaint. (Dkt. No. 6.)  Plaintiff filed an opposition and Defendants replied.  (Dkt. Nos. 13, 14.) Based on the reasoning below, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss.

## Background

This case was removed from state court on August 21, 2020.  (Dkt. No. 1.) Plaintiff Rachael Shay ("Plaintiff") filed a putative first amended class action complaint ("FAC") against Defendants Apple, Inc. and Apple Value Services, LLC ("Defendants" or "Apple") for claims under California consumer protection laws and related claims for marketing, selling and/or distributing defective, unsecure and valueless Apple gift cards

that Defendants knew or should have known was subject to an "ongoing scam where the funds on the gift cards are fraudulently redeemed by third parties accessing the Personal Identification Number ("PIN") prior to use by the consumer." (Dkt. No. 1-2, FAC ¶ 2.)

According to the FAC, on April 3, 2020, Plaintiff purchased a $50 Apple gift card from Walmart in Encinitas, CA as a gift for her son. (*Id.* ¶ 9.) When her son attempted to load the gift card, he received a message that the gift card had already been redeemed. (*Id.*) Plaintiff contacted Defendants and was informed that the gift card was redeemed by another account on April 3, 2020, the same day she bought the card, and the card no longer had any value. (*Id.*) Defendants would not provide any additional information about the owner account that redeemed the code, other than it was not related to Plaintiff or her son. (*Id.*) Defendants informed her that there was nothing they could do for her, that her case was closed, and any further contact would go unanswered. (*Id.*) If Plaintiff had known about the truth about the defect of Defendants' gift card, she would not have purchased it. (*Id.*)

Plaintiff seeks to bring this class action on behalf of the following:

Nationwide Class:
All consumers in the United States who purchased an Apple gift card wherein the funds on the Apple gift card was redeemed prior to use by the consumer. Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Apple gift cards for the purpose of resale.

California Subclass:
All consumers in the State of California who purchased an Apple gift card wherein the funds on the Apple gift card was redeemed prior to use by the consumer. Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Apple gift cards for the purpose of resale.

(*Id.* ¶ 31.) Plaintiff alleges causes of action for 1) violations of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750 *et seq.;* 2) violations of California's Unfair Competition Law ("UCL"), California Business & Professions

Code section 17200 *et seq.*; 3) violations of California Consumer Privacy Act, ("CCPA") California Civil Code section 1798.150 *et seq.;* 4) negligence; 5) negligent misrepresentation; and 6) breach of implied warranty of merchantability. (*Id.* ¶¶ 40-109.)

The gist of the Plaintiff's claims is that Apple knows or should know that its gift cards are vulnerable to thieves electronically accessing Apple gift cards at the point of sale and redeeming the funds prior to the consumer taking possession of the gift card, and has failed to take reasonable steps to secure the cards and has concealed material facts from customers regarding the vulnerabilities of its cards.

Defendants move to dismiss all causes of action in the FAC. (Dkt. No. 6.) In response, Plaintiff agrees to dismiss the CCPA and negligence claims without prejudice. (Dkt. No. 13 at 9.[1]) Accordingly, the Court GRANTS Defendants' motion to dismiss the CCPA and negligence claims as unopposed.

## Discussion

### A. Legal Standard on Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990). Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is

---

[1] Page numbers are based on the CM/ECF pagination.

20cv1629-GPC(BLM)

plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See DeSoto,* 957 F.2d at 658; *Schreiber,* 806 F.2d at 1401.

## B.   Third-Party Conduct

Apple argues globally that Plaintiff cannot state a plausible claim against them on any of the causes of action because they are not liable for the misconduct of third parties. (Dkt. No. 6-1 at 13.) As a threshold issue, Plaintiff points out that Defendants have failed to reference the specific causes of action associated with their third-party liability argument. (Dkt. No. 13 at 11.) Defendants respond that their cited cases make clear that a claim under the UCL or the CLRA cannot be based on third-party conduct and that Plaintiff has cited no authority showing that the breach of implied warranty and negligent misrepresentation claims can be based on third-party conduct. (Dkt. No. 14 at 7 fn. 1**.)**

The Court agrees that Defendants have failed to address the allegations and theories of liability relied upon by Plaintiff.  On a motion to dismiss, it is the defendant's burden to demonstrate that plaintiff has failed to state a claim.  *See Avalanche Funding, LLC v. Five Dot Cattle Co.*, No. 2:16-cv-02555-TLN-KJN, 2017 WL 6040293, at *3 (E.D. Cal. Dec. 6, 2017) ("In the context of a motion to dismiss, the burden is on the defendant to prove that the plaintiff failed to state a claim."); *see also Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (on a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented."); *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006) ("district court erroneously placed the burden on Plaintiffs to demonstrate that they stated a claim for relief" and "[b]ecause . . . Defendants failed to meet their burden of proof, . . .the district court should have dismissed Defendants' motion.").

Here, the first four arguments[2] presented in Defendants' motion are arguments untethered to Plaintiff's specific theories of liability.  (Dkt. No. 6-1 at 13-21.) Defendants provide summary arguments and analyses seeking dismissal of all causes of action without addressing how they apply to each cause of action.  As such, these four arguments fail to meet Defendants' burden under Rule 12(b)(6) to prove that no claim has been presented for violations of the CLRA, UCL, negligent misrepresentation and breach of the implied warranty of merchantability.

Nonetheless, the Court will analyze whether the CLRA and UCL claims are properly alleged to state a claim under the cases cited by Defendants.

On their first argument, Defendants assert that they cannot be liable for the misconduct of third parties.  (Dkt. No. 6-1 at 13.)  Plaintiff responds that she is not seeking to hold Defendants responsible for the misconduct of third-parties but rather on

---

[2] The first four arguments in Defendants' motion concern third party conduct, failure to implement reasonable safety measures, failure to disclose and the disclaimer on the gift card packaging.  (Dkt. No. 6-1 at 13-21.)

20cv1629-GPC(BLM)

Apple's conduct concerning its gift cards.  (Dkt. No. 13 at 11.)  Plaintiff's theory of liability is that Apple produced and sold gift cards prone to rampant fraud yet failed to warn the public and/or correct the defect.  (*Id.*)  Liability is premised upon Defendants' actions, omissions and concealment and not the fraud of third-parties.

Under California law, a defendant's liability for unfair business practices must be based on his personal "participation in the unlawful practices" and "unbridled control" over the practices.  *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002) (addressing UCL claim) (quoting *People v. Toomey*, 157 Cal. App. 3d 1, 15 (1984)).  "The concept of vicarious liability has no application to actions brought under the unfair business practices act."  *Toomey,* 157 Cal. App. 3d at 14 (addressing UCL claims).  Similarly, under the CLRA, it appears that absent allegations of participation or control, defendants cannot be held secondarily liable for the acts of third parties.  *See generally In re Jamster Marketing Lit*., No. 05cv0819 JM(CAB), 2009 WL 1456632, at *9 (S.D. Cal. May 22, 2009) ("Plaintiffs fail to identify any authority permitting a CLRA claim to be maintained under a secondary liability theory."); *Prudencio v. Midway Importing, Inc*., --- Fed. App'x ---, 2020 WL 6268246, at *2 (9th Cir. Oct. 6, 2020) (rejecting "the appellants' argument that a relaxed standard for vicarious liability permits their CLRA claim to proceed in the absence of allegations of 'personal participation . . . and unbridled control' by the appellees.").

Defendants rely on *Emery* and *Toomey* to support their position.  In *Emery*, the court of appeal affirmed a grant of summary judgment in favor of Visa, finding that Visa did not exercise the requisite control over merchants marketing foreign lottery tickets to impose liability under the state's unfair competition or false advertising laws.  *Emery,* 95 Cal. App. 4th at 960-64.  The court held that an "unfair practices claim under section 17200 cannot be predicated on vicarious liability. . . . A defendant's liability must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the practices that are found to violate section 17200 or 17500."  *Id.* at 960 (citing *Toomey*, 157 Cal. App. 3d at 15).  The court found that Visa exercised no control over the

1   preparation or distribution of the solicitations and did not have any relationship with the

2   merchants who did.  *Id.*  Visa did not approve merchants, did not endorse their activities,

3   did not authorize any particular merchant transactions, and had no say in how the

4   merchants operated their day-to-day businesses.  *Id.*  Visa merely made available a

5   payment system to member financial institutions, which merchants could use, and adjust

6   credit transactions among its member.  *Id.*

7          Meanwhile, in *Toomey*, the court of appeal found that Mr. Toomey was liable for

8   the acts of his employees.  *Toomey,* 157 Cal. App. 3d at 14-15.  While vicarious liability

9   cannot be imposed upon a defendant without a showing of his knowledge or participation

10  in the illegal conduct, it can be imposed where the managing officer of a corporation has

11  control over the operations of the business.  *Id.* at 14.  Mr. Toomey was the president and

12  operating officer of the company and orchestrated all aspects of the business.  *Id.* at 15.

13  Mr. Toomey "prepared the solicitation scripts, determined the content of coupon

14  packages to be sold, and directed the refund policy which the company followed";

15  therefore, he was liable for the misleading solicitation made by his employees under the

16  UCL and false advertising claim.  *Id.*

17         The FAC alleges that Apple engaged in unfair business practices by selling its gift

18  cards online and through retailers, instituting security measures with its Personal

19  Identification Number ("PIN") covered with a silver scratch off tape, and due to its

20  defective design, manufacture and/or packaging, failed to maintain reasonable security

21  procedures to secure the gift cards.  (Dkt. No. 1-2, FAC ¶¶ 15-17.)  Further, Plaintiff

22  alleges that Apple concealed the security deficiencies as to cause customers to believe

23  that they would be able to use their gift cards as anticipated.  Here, Defendants focus on

24  the third-party conduct's responsibility in the theft while Plaintiff's allegations center on

25  Apple's affirmative acts and concealment involving its sale of gift cards.  (*Id.* ¶¶ 14-30.)

26  Taking the allegations in the FAC as true, Plaintiff has alleged direct conduct and alleged

27  participation in the alleged unfair business practices by Apple in violation of the CLRA

28  and UCL. Thus, the Court DENIES the motion to dismiss on this basis.

## C.   Reasonable Security Measures

Apple next argues that Plaintiff has not plausibly alleged that it failed to implement reasonable security measures concerning its gift cards.  (Dkt. No. 6-1 at 15-17.)  Plaintiff replies that the cases Apple relies on concern the California Consumer Records Act ("CCRA"), a claim not alleged in the FAC and are inapplicable. (Dkt. No. 13.)

The CCRA provides that any "business that owns, licenses, or maintains personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."  Cal. Civ. Code § 1798.81.5(b).  Stating a cause of action for violation of section 1798.81.5(b) requires that the defendant implement and maintain reasonable security procedures and practices.  *See Razuki v. Caliber Home Loans, Inc*., 2018 WL 6018361, at *1 (S.D. Cal. November 15, 2018) (dismissing § 1798.81.5 claim where plaintiff summarily alleged "[d]efendant knew of higher-quality security protocols available to them but failed to implement them"); *Anderson v. Kimpton Hotel & Restaurant Grp., LLC*, Case No. 19-cv-01860-MMC, 2019 WL 3753308, at *5 (N.D. Cal. Aug. 8, 2019) (conclusory allegation that the defendant violated § 1798.81.5 by "failing to implement and maintain reasonable security procedures and practices" did not satisfy *Iqbal*).

In the instant case, Plaintiff does not allege a violation of the CCRA on its own or as the basis for a UCL claim.  Neither the UCL or CLRA claims are premised upon a failure to implement reasonable security measures. As such, the § 1798.81.5(b) cases relied upon by Apple have no application to these claims.[3] Apple has not shown that

---

[3] While the FAC does allege that Apple "failed to take adequate and reasonable measures to ensure that third parties did not tamper with its gift cards" and "did not have adequate. . . measures in place to secure customers" (FAC ¶¶ 23, 29), the CLRA and UCL theories of liability focus on Apple's representations regarding the benefits and qualities of the cards (FAC ¶¶ 43) and misleading statements and nondisclosures that were likely to deceive customers. (FAC ¶¶44, 59.)

Plaintiff has failed to state a claim under the CLRA and UCL, and thus, the Court DENIES the motion to dismiss.

**D.  Failure to Disclose**

Defendants move to dismiss Plaintiff's allegation that Apple failed to disclose the possibility that her Apple gift card would be compromised by third-party thieves and that Apple would not refund the money she allegedly spent on the card because a manufacturer's duty to disclose is limited to its warranty obligations unless there is an affirmative misrepresentation or a safety issue.  (Dkt. No. 6-1 at 17-19.)  In response, Plaintiff argues that Defendants' cited cases in support are distinguishable because they involve product defect cases where the claims of failing to inform the consumers were for a product falling outside the warranty period.  (Dkt. No. 13 at 14-16.)  Plaintiff argues that these cases do not address the issue of failing to disclose material facts about gift cards that may render them useless at the point of sale.  (*Id.*)

As discussed above, Apple has failed to meet its burden on a motion to dismiss by failing to explain how Plaintiff's allegation concerning failure to disclose renders the CLRA, UCL, breach of implied warranty of merchantability and negligent misrepresentation claims without merit under Rule 12(b)(6).  Next, the cases Apple cites in support are distinguishable as they involve product liability cases concerning notebook computers and automobile defects and warranty periods.  *See Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824, 834-37 (2006); *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 988 (N.D. Cal. 2010); *Oestreicher v. Alienware Corp.*, 322. Fed. App'x 489, 493 (9th Cir. 2009); *Long v Hewlett-Packard Co.*, No. 06-2816, 2007 WL 2994812, at *7 (N.D. Cal. July 27, 2007).  It is not clear whether gift cards would fall under the line of reasoning provided in these products liability cases and the parties have not provided sufficient legal authority and analysis that *Daugherty* applies to the facts in this case.

On the other hand, courts have also held that a duty to disclose under the CLRA and UCL can arise in four circumstances: "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of

material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *LiMandri v. Judkins,* 52 Cal. App. 4th 326, 337 (1997) (quoting *Heliotis v. Schuman,* 181 Cal. App. 3d 646, 651 (1986)); *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1094-95, 1098 (N.D. Cal. 2007) (applying *Li Mandri f*actors with CLRA and UCL claims); *Herron v. Best Buy Co. Inc*., 924 F. Supp. 2d 1161, 1175 (E.D. Cal. 2013) ("The same showing is required to plead a duty to disclose under the UCL and the CLRA").

Neither party has addressed whether these factors would apply to the facts in this case. *See Baba v. Hewlett-Packard Co*., No. C 09–05946 RS, 2010 WL 2486353, at *3-4 (N.D. Cal. June 16, 2010) (while HP relies on *Daugherty* and *Oestreicher* for the proposition that there is a duty to disclose only when there are safety concerns, they are "factually distinguishable from this case in that they both involved alleged defects that had manifested themselves after expiration of the warranty period" and instead relying on standard for a duty to disclose as laid out in *Hovsepian, Falk and LiMandri* argued by the plaintiff). Given the shortcomings and deficiencies identified above, the Court DENIES Defendants' motion on this argument.

## E.     Disclaimer on the Apple Gift Card Packaging[4]

---

[4] Defendants filed a request for judicial notice of a "set of photographs of a $50 Apple gift card, which was purchased and photographed by Apple's counsel on August 18, 2020 from a Rite Aid drugstore in Los Angeles, California", a November 24, 2010 press release from the Federal Trade Commission titled "FTC Has Gift Card Tips for Holiday Buying," which is available on the FTC's website, and a December 2019 press release from the Federal Deposit Insurance Corporation titled "FDIC Consumer News: What You Should Know About Gift Cards," which is available on the FDIC's website. (Dkt. No. 7.) Plaintiff opposes the request for judicial notice to the extent they are offered for the truth of the matters asserted. (Dkt. No. 12.) She also contends that judicial notice is not proper for exhibits 2 and 3 as they are not referenced in the complaint. *(Id.* at 3.) In reply, Defendants argue that they are seeking judicial notice as to the existence of the documents and not as to the truth of the facts asserted in the documents. (Dkt. No. 15.) Moreover, they argue that incorporation by reference and judicial notice are distinct concepts and the court may judicially notice documents on a motion to dismiss even if not referenced in the complaint. (*Id.* at 3-4.) "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'"

1    Apple next claims that the disclaimer on the gift card packaging for any liability

2    for third-party theft of its gift cards bars Plaintiff's claims.  (Dkt. No. 6-1 at 19-20.)

3    Plaintiff responds that the disclaimer language is up for interpretation because no

4    reasonable person would understand the disclaimer to apply to Plaintiff's situation where

5    the theft occurs at the point of sale and prior to the consumer's use.  (Dkt. No. 13 at 16-

6    17.)  She explains that the disclaimer applies to the loss of a gift card of use without

7    permission after the card has been properly loaded with funds where the gift cards have

8    been physically misplaced.  (*Id.* at 17.)  In reply, Defendants disagree that the disclaimer

9    is subject to different interpretations yet argue in support of their interpretation on how

10   the disclaimer bars Plaintiff's claims. (Dkt. No. 14 at 12.)

11   The disclaimer states that "[n]either the issuer nor Apple is responsible for any loss

12   or damage resulting from lost or stolen gift cards or for use without permission."  (Dkt.

13   No. 7, RJN, Ex. 1.)

14   Because the Court only takes judicial notice of the fact the disclaimer exists and

15   not as to the truth of the matter asserted in the disclaimer, (*see* n. 3), the Court declines to

16   consider the legal effect of the disclaimer.  *See* Dkt. No. 15 at 3 ("Apple does not seek

17   judicial notice of the 'truth' or the legal effect of its disclaimer, but merely of the fact that

18   the disclaimer appears on the gift card packaging."); *see also Ctr. for Envtl. Health v.*

19   *Vilsack*, No. 15-CV-01690-JSC, 2015 WL 5698757, at *5 (N.D. Cal. Sep. 29, 2015)

20   (taking judicial notice of the existence of USDA's Program Handbook in ruling on a

21   motion to dismiss, but declining to take "judicial notice of the substance of the Program

---

24   *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)).

25   "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'"  *Id.* (quoting Fed. R. Evid.

26   201(b)(1)-(2)).  Based on the parties' argument, because Defendants seek judicial notice of the existence of the documents and not to the truth of the matters asserts, the Court GRANTS Defendants' request for judicial notice as unopposed.  Further, a court may grant judicial notice of documents not incorporated

27   by reference in the complaint; therefore, Plaintiff's second argument is without merit.  *See Khoja v.*

28   *Orexigen Therpeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018) (distinguishing between rule-established judicial notice with judicially created incorporation by reference).

Handbook for the truth of any matter asserted within the Program Handbook, including the disclaimer as to the legal effect of the 'guidance' contained therein").  Accordingly, the Court DENIES dismissal of any of Plaintiff's causes of action based on the disclaimer.

**F.    Negligent Misrepresentation**

Defendants argue that because Plaintiff has failed to allege that their security protocols are inadequate or that it was legally obligated to disclose any of the information it allegedly concealed from consumers, the negligent misrepresentation claim also fails. (Dkt. No. 6-1 at 25-26.)  Moreover, they argue that the claim fails under California's economic loss rule.  (*Id.*)  Plaintiff responds that because her claims allege misrepresentations regarding the gift cards, the economic loss rule does not apply.  (Dkt. No. 13 at 18-19.)  In reply, Apple does not dispute Plaintiff's response but argues that Plaintiff has not identified a single affirmative misrepresentation about Apple's gift cards. (Dkt. No. 14 at 13.)

On Defendants' first argument, as discussed above, because the Court denied dismissal of the FAC based on Defendants' argument concerning the security protocols and failure to disclose arguments, the same argument for the negligent misrepresentation claim necessarily fails.

On the second argument, the economic loss rule holds that economic losses are recoverable "in contract alone." *Robinson Helicopter Co. v. Dana Corp*., 34 Cal. 4th 979, 988 (2004).   Therefore, generally, in negligence actions, liability is limited to damages for physical injuries and recovery of economic loss is not allowed.  *Aas v. Superior Ct.*, 24 Cal. 4th 627, 636 (2000) (citing *Seely v. White Motor Co*., 63 Cal. 2d 9 (1965)).   However, the economic loss rule does not apply if there is (1) a personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule." *Kalitta Air, L.L.C. v. Central Texas Airborne Sys.,* Inc., 315 Fed. App'x 603, 605 (9th Cir. 2008) (citing *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799 (1979)).

20cv1629-GPC(BLM)

Here, while Apple argues that the economic loss rule applies to the negligence and negligent misrepresentation claims, it primarily cites to cases addressing negligence.  In fact, courts are divided as to whether the economic loss rule applies to negligent misrepresentation claims.  *See Bret Harte Union High School District v. FieldTurf, USA, Inc.*, No. 1:16-cv-00371-DAD-SMS, 2016 WL 3519294, at * (E.D. Cal. Jun 27, 2016) ("No published Ninth Circuit opinion, nor any California Supreme Court case, has analyzed how the exceptions to the economic loss rule identified in *Robinson Helicopter* apply to claims of negligent misrepresentation which, by their very nature, occupy the space between negligence and fraud claims. However, two unpublished Ninth Circuit decisions have suggested negligent misrepresentation claims are not barred by the economic loss rule.")

Nonetheless, contrary to Apple's reply arguing that there is not a single affirmative misrepresentation alleged, the FAC alleges that "Defendants misrepresented to Plaintiff . . . that Defendants were selling Apple gift cards that were original, usable, secure, valuable, and free from fraud, tampering or compromise."  (Dkt. No. 1-2, FAC ¶ 90.)  Because the FAC alleges an affirmative misrepresentation, the Court DENIES Defendants' motion to dismiss the negligent misrepresentation claim based on the economic loss rule.

## G.   Breach of Implied Warranty of Merchantability

The FAC alleges that Apple breached the implied warrant of merchantability that the Apple gift cards were in merchantable quality and condition under California Commercial Code section 2314.  (Dkt. No. 1-2, FAC ¶ 102.)

Defendants move to dismiss the breach of implied warranty claim because Plaintiff has not alleged she was in privity with Apple and she has not alleged that "the product was unmerchantable or unfit for its ordinary use at the time the product left defendant's possession."  (Dkt. No. 6-1 at 27.)  Plaintiff responds that vertical privity is not required because she is a third-party beneficiary who purchased the gift card from a third party acting as an agent for Defendants.  (Dkt. No. 13 at 20.)

1   "Under California Commercial Code section 2314, . . . a plaintiff asserting breach

2   of warranty claims must stand in vertical contractual privity with the defendant."

3   *Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1023 (9th Cir. 2018); *Anthony v.*

4   *Kelsey–Hayes Co*., 25 Cal. App. 3d 442, 448 (1972) ("It is settled law in California that

5   privity between the parties is a necessary element to recovery on a breach of an implied

6   warranty of [merchantability or] fitness for the buyer's use, with exceptions not

7   applicable here.")).  "A buyer and seller stand in privity if they are in adjoining links of

8   the distribution chain."  *Id.*  An "end consumer" who "buys from a retailer is not in

9   privity with a manufacturer."  *Id.*  There is an "exception to the privity requirement for a

10  breach of implied warranty of merchantability claim if a plaintiff can show that he was a

11  third party beneficiary of a contract between the defendant and a third party."  *Kearney v.*

12  *Hyundai Motor Am*., No. SACV09-1298-JST MLGX, 2010 WL 8251077, at *10 (C.D.

13  Cal. Dec. 17, 2010) (citations omitted).  "Because third party beneficiary status is a

14  matter of contract interpretation, a person seeking to enforce a contract as a third party

15  beneficiary must plead a contract which was made expressly for his or her benefit and

16  one in which it clearly appears that he or she was a beneficiary."  *Id.* (citation omitted).

17  While "the third person need not be named or identified individually to be an express

18  beneficiary," he must show that "he is a member of a class of persons for whose benefit

19  [a contract] was made."  *Id.* (citation omitted).  Therefore, "where a plaintiff pleads that

20  he or she is a third-party beneficiary to a contract that gives rise to the implied warranty

21  of merchantability, he or she may assert a claim for the implied warranty's breach."  *Id.*

22      Here, while Plaintiff argues that she was an intended third-party beneficiary

23  because she purchased the gift card from a third party acting as an agent of Defendants,

24  these allegations are not alleged in the FAC.  Moreover, the FAC fails to allege a contract

25  between Apple and Walmart where Plaintiff is the intended beneficiary to the contract.

26  Accordingly, the Court GRANTS Defendants' motion to dismiss the breach of implied

27  warranty of merchantability.

28

1      Defendants also argue that Plaintiff has not alleged that the gift card was

2  unmerchantable at the time it left defendant's possession citing to *Banh v. Am. Honda*

3  *Motor Co.*, No. 19-5984, 2020 WL 4390371, at *8 (C.D. Cal. July 28, 2020).  However,

4  in *Bahn,* the district court made a general sweeping legal proposition under the laws of

5  ten states addressing breach of implied warranty under the UCC § 2-314.  *Id.*  Defendants

6  have not cited to any other authority applying California Commercial Code section 2314

7  to support their argument that the product must be unmerchantable at the time it left

8  Apple's possession.  Accordingly, the Court declines to rely on *Banh* for Defendants'

9  argument.

10  **H.  Restitution**

11      Defendants move to dismiss the restitution claim under the UCL and CLRA

12  because she has not alleged that she lacks an adequate remedy at law citing to *Sonner v.*

13  *Premier Nutrition Corp*., 971 F.3d 834, 844 (9th Cir. 2020).  (Dkt. No. 6-1 at 28.)

14  Plaintiff argues that *Sonner* is distinguishable because the CLRA damages was

15  voluntarily dismissed on the eve of trial and under Rule 8, she may plead in the

16  alternative even though her theories are inconsistent.  (Dkt. No. 13 at 21-22.)

17      In a recent Ninth Circuit case, the court held that "traditional principles governing

18  equitable remedies in federal courts, including the requisite inadequacy of legal remedies,

19  apply when a party requests restitution under the UCL and CLRA in a diversity action."

20  *Sonner v. Premier Nutrition Corp*., 971 F.3d 834, 844 (9th Cir. 2020).  In line with this,

21  the court held that a plaintiff must allege that she "lacks an adequate legal remedy."  *Id.*

22  (citing *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (holding that a complaint seeking

23  equitable relief failed because it did not plead "the basic requisites of the issuance of

24  equitable relief" including "the inadequacy of remedies at law")).

25      Plaintiff's two arguments in opposition were raised, addressed and rejected in

26  *Anderson v. Apple Inc*., Case No. 3:20-cv-02328-WHO, 2020 WL 6710101, at *7 (N.D.

27  Cal. Nov. 16, 2020).  As to the argument that the plaintiff in *Sonner* dismissed her state

28  law damage claims on the eve of trial, the court noted that "the plaintiffs have not

pleaded inadequate remedies at law to begin with and they offer no reason why the remedies at law they request in the complaint would be adequate." *Id.* Second, as to pleading alternatives, the court noted that the cases the plaintiff cited to were *prior* to *Sonner's* ruling and in fact, *Sonner* resolved a split among district courts on "whether plaintiffs should be barred from pleading claims for equitable relief under the UCL and CLRA if they have alleged a claim that would provide an adequate remedy at law." *Id.*

Similarly, here, even though the complaint was dismissed at the eve of trial, *Sonner* holds that a complaint must allege that she lacks an adequate legal remedy. In this case, the FAC fails to allege that she "lacks an adequate legal remedy." Second, Plaintiff may plead in the alternative but she must also allege she lacks an adequate legal remedy.

Plaintiff additionally cites to *In re Juul Labs, Inc., Mktg., Sales Practices & Prods. Liab. Litig.*, Case No. 19-md-02913-WHO, 2020 WL 6271173, at *55 (N.D. Cal. Oct. 23, 2020) arguing it distinguished *Sonner* based on the procedural posture of the case. However, in the case, the court dismissed and granted the plaintiff leave to amend the complaint to "expressly allege that their remedies at law are inadequate and to support their claim to equitable restitution under the UCL and FAL." *Id.* at 55. Plaintiff's reliance on *In re Juul Labs* is not persuasive. Accordingly, the Court GRANTS Defendants' motion to dismiss the restitution claim.

## I.     Leave to Amend

Where a motion to dismiss is granted, leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting S*chreiber Distrib. Co. v. Serv Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto,* 957 F.2d at 658*; Schreiber,* 806 F.2d at 1401. Here, Plaintiff seeks leave to amend on any claims that the Court

dismisses.  Because Plaintiff can cure the deficiencies in the FAC, the Court GRANTS

Plaintiff leave to file a second amended complaint.  *See De Soto*, 957 F.2d at 658.

**Conclusion**

Accordingly, the Court GRANTS in part and DENIES in part Defendants' motion

to dismiss.  Specifically, the Court DENIES Defendants' motion to dismiss the CLRA,

UCL and negligent misrepresentation causes of action and GRANTS Defendants' motion

to dismiss the breach of implied warranty of merchantability and restitution claims with

leave to amend.  The Court further GRANTS Defendants' motion to dismiss the CCPA

and negligence claims as unopposed.  Plaintiff shall file a second amended complaint

within 20 days of the filed date of this order.

IT IS SO ORDERED.

Dated:  January 8, 2021

Hon. Gonzalo P. Curiel
United States District Judge

20cv1629-GPC(BLM)