**JAMES HAWKINS, APLC**
JAMES R. HAWKINS, ESQ. (#192925)
james@jameshawkinsaplc.com
SAMANTHA A. SMITH, ESQ. (#233331)
samantha@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676

Attorneys for Plaintiff Rachael Shay,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>APPLE, INC., a Delaware corporation; APPLE VALUE SERVICES, LLC, a Virgina limited liability corporation; and Does 1 through 10, inclusive,<br><br>                    Defendants. | Case No.  3:20-cv-1629-GPC-BLM<br><br>Assigned for All Purposes to:<br>Hon. Gonzalo P. Curiel<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rachael Shay brings this action on behalf of herself and all others similarly situated against Defendants Apple, Inc. and Apple Value Services, LLC ("Apple" or "Defendants") and states as follows:

## NATURE OF ACTION

1.     This is a consumer class action on behalf consumers nationwide, and in California, who purchased a defective, unsecure and valueless Apple gift card.

2.     Throughout the Class Period, defined below, Defendants manufactured, marketed, sold and/or distributed Apple gift cards Defendants knew, or should have known, were subject to an ongoing scam wherein the funds on the gift cards are fraudulently redeemed by third parties accessing the Personal Identification Number ("PIN") prior to use by the consumer.

3.     Rather than take simple preventative measures to curb the known and rampant fraudulent conduct and/or warn consumers that the Apple gift card funds are easily susceptible to theft upon purchase, Defendants perpetuated the fraud by staying silent, refusing to refund consumers that complained when they discovered their Apple gift cards were valueless, and failing to implement and maintain reasonable security procedures and practices appropriate to protect consumers' personal information.

4.     As a result, Defendants have caused Plaintiff and other similarly situated consumers to purchase a product, which is not secure and does not perform as represented. Plaintiff and other similarly situated consumers have been harmed in the amount they paid for the gift cards, plus interest.

5.     Plaintiff brings this action on behalf of herself and all other similarly situated consumers to halt Defendants' dissemination of unsecure Apple gift cards, correct the false and misleading perception it has created in the minds of consumers that the Apple gift cards are secure and of good quality, and to obtain redress for those who have purchased the faulty Apple gift cards.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1332(d)(2), which grants the District Court original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action with minimal diversity. The statutes under which this action is brought do not specify any other basis for jurisdiction.

7.      This Court has jurisdiction over all Defendants because, upon information and belief, they are either citizens of California, have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

8.      On information and belief, Defendants distribute, market and sell their products in San Diego County and throughout California, and each defendant is within the jurisdiction of this Court for service of process purposes.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.

9.      Venue as to each defendant is proper in this judicial district, pursuant to 28 U.S.C. § 1391 because Defendants are business entities that (i) are subject to personal jurisdiction in this District, do substantial business in this District and/or (ii) committed the wrongful conduct against certain members of the Class in this District.

**PARTIES**

10.      Plaintiff Rachael Shay is and was at all relevant times during the Class Period defined herein, an individual residing in San Diego County, California. On April 3, 2020, Plaintiff purchased a $50 Apple gift card from Walmart in Encinitas, California, as a gift for her son. The gift card was solely in her possession until she

SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

gave it to her son. When her son attempted to load the gift card he received a message indicating that the gift card had already been redeemed. Plaintiff contacted Apple and was told the gift card was redeemed by another account on April 3, 2020, the same day she purchased the gift card, and the card no longer had any value. For security reasons, Defendants would not provide Plaintiff with any additional information about the owner account that redeemed the code, other than it was an account unrelated to Plaintiff and/or her son. Plaintiff was then told there was nothing else Defendants could do for her, that her case was closed and any further contact would go unanswered. Had Plaintiff known the truth about Defendants' defective gift cards, she would not have purchased it. As a result of her purchase, Plaintiff suffered injury in fact and lost money.

11.    Defendant Apple, Inc. is a multinational technology company headquartered in Cupertino, California, that designs, develops, and sells consumer electronics, computer software, and online services.

12.    Defendant Apple Value Services, LLC is a subsidiary of Apple, Inc. with its headquarters also in Cupertino, California, and is responsible for "issuing and managing" Apple gift cards in the United States.

13.    Defendants manufacture, market, sell and/or distribute gift cards to thousands of consumers across the country and in the State of California.

14.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues these defendants by such fictitious names under California Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as

SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Does when such identities become known. Throughout this complaint, the term "Defendants" shall include defendants Does 1 to 10, inclusive.

## FACTUAL ALLEGATIONS

15.  Throughout the Class period, Defendants have manufactured, marketed, sold and/or distributed Apple gift cards on a nationwide basis, and throughout California, in a uniform and similar fashion.

16.  The Apple gift cards are sold online and through Defendants' various retailers and may be used to access Defendants' various online services, including services available through the App Store and iTunes.

17.  Apple gift cards contain a Personal Identification Number ("PIN") covered with silver scratch off tape. When a consumer purchases a new Apple gift card, the PIN is activated so that it can be loaded onto a consumer's Apple account to use for Apple services. Upon information and belief (and as the acronym suggests), the Apple gift card PINs contain "personal information" associated with and/or reasonably linked, directly or indirectly, with the purchasing consumer upon activation.

18.  Upon information and belief, due to Defendants' defective design, manufacture and/or packaging of the Apple gift cards, including Apple's failure to implement and maintain reasonable security procedures and practices to properly secure the Apple gift cards, the Apple gift cards are targeted by thieves who electronically access the Apple gift cards at the point of sale and redeem the funds activated by the consumer. Subsequently, when a consumer attempts to load a newly activated Apple gift card, the gift card registers as "redeemed" and is valueless.

19.  Unbeknownst to Plaintiff, the Apple gift card she purchased as a birthday gift for her son was subject to fraudulent conduct at the point of sale. Upon information and belief, after activating the gift card, third parties intercepted the activated funds leaving Plaintiff with a valueless card. Consequently, when

SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff's son went to redeem the funds, Plaintiff's son received a message that the funds had already been redeemed.

20.    When Plaintiff called Apple to complain, Apple informed Plaintiff that the gift card was already redeemed, and the card no longer had any value. For security reasons, Defendants would not provide Plaintiff with any additional information about who redeemed the code, other than it was an account unrelated to Plaintiff and/or her son. Plaintiff was then told there was nothing else Apple could do for her, that her case was closed, and any further contact would go unanswered.

21.    Upon information and belief, Apple maintains records indicating when the Apple gift cards are activated, when they are redeemed, and how and where they are redeemed.

22.    Upon information and belief, Defendants maintain exclusive knowledge of material facts regarding the Apple gifts cards not known to Plaintiff and Class Members – i.e. that the Apple gift cards they sell to consumers are defective, unsecure and easily subject to known fraud – yet Defendants actively concealed and/or suppressed those material facts from Plaintiff and Class Members. As such, Defendants had a duty to disclose to Plaintiff and Class Members that the Apple gift cards were defective in design, manufacture and/or packaging, and Apple's failed to implement and maintain reasonable security procedures and practices to properly secure the Apple gift cards.

23.    The existence of numerous complaints from consumers regarding the unsecure and valueless Apple gift cards are sufficient to put Apple on notice that the funds on the gift cards were not guaranteed to be secure upon purchase.

24.    Despite this knowledge, Apple failed to take adequate and reasonable measures to ensure that third parties did not tamper with its gift cards and to date continues to sell the Apple gift cards easily prone to security breaches and theft as described herein.

SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

25.    Apple also failed to disclose to Plaintiff and Class Members that Apple did not safeguard the gift cards and/or the gift card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with.

26.    Apple failed to inform or disclose to the public, including Plaintiff and Class Members, that it was aware of an ongoing fraud with the Apple gift cards, making it probable that the funds on Apple gift cards could be easily accessed and stolen by third parties. Apple also failed to disclose that its policy and practice was ***not*** to refund or replace the value of the Apple gift cards subjected to the known fraud.

27.    Apple failed to inform or disclose to the public, including Plaintiff and Class Members, that its Apple gift card policies and security practices were inadequate to safeguard customers' Apple gift card accounts and personal identifying information against theft.

28.    Plaintiff and Class Members had a reasonable expectation that Apple would maintain their Apple gift card funds and gift card account information secure.

29.    As a direct and proximate cause of Apple's conduct, Plaintiff and Class Members suffered injury in the amount of money loaded onto the gift cards.

30.    Had Apple disclosed to Plaintiff and Class Members that Apple did not have adequate systems, policies, and security measures in place to secure customers' Apple gift card account information and Apple gift card funds, Plaintiff and Class Members would not have purchased the Apple gift cards.

31.    Defendants have reaped enormous profits from their unlawful, unfair and deceptive business practices.

## CLASS DEFINITION AND ALLEGATIONS

32.    Pursuant to California Code of Civil Procedure 3 Rule 23(a), (b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and on behalf of all members of the following class and

SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

subclass of similarly situated individuals:

Nationwide Class:

All consumers in the United States who purchased an Apple gift card wherein the funds on the Apple gift card was redeemed prior to use by the consumer.  Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Apple gift cards for the purpose of resale.

California Subclass:

All consumers in the State of California who purchased an Apple gift card wherein the funds on the Apple gift card was redeemed prior to use by the consumer.  Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Apple gift cards for the purpose of resale.

33.    Numerosity.  On information and belief, the Nationwide Class and California Subclass (collectively, the "Class" or "Class Members") are each so numerous that joinder of all members of the Class is impracticable.  Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of Apple gift cards who have been damaged by Defendants' conduct as alleged herein. The precise number of Class Members is unknown to Plaintiff but estimated to be in the thousands.

34.    Existence and Predominance of Common Questions of Law and Fact. This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members.  These common legal and factual questions include, but are not limited to, the following:

a.   Whether Defendants knew, or should have known, that the Apple gift cards were defective, unsecure and easily susceptible to fraud and/or theft;

7

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

b. Whether Defendants had a duty to disclose to Plaintiff and Class Members of the probability and/or possibility of an ongoing fraud with the Apple gift cards, making it probable that the funds on Apple gift cards could be easily accessed and stolen by third parties;

c. Whether Defendants owed a duty to Plaintiff and the Class Members to provide security measures to ensure that its systems and networks, and the personnel responsible for them, adequately protected the personal information of consumers;

d. Whether the PIN on the Apple gift cards constitutes personal information;

e. Whether Defendants had a duty to disclose to Plaintiff and Class Members that Apple did not safeguard the gift cards and/or the gift card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with;

f. Whether Apple failed to take adequate and reasonable measures to ensure that third parties did not tamper with its gift cards;

g. Whether Defendants had a duty to disclose to Plaintiff and Class Members that its Apple gift card policies and security practices were inadequate to safeguard customers' gift card accounts and personal identifying information against theft;

h. Whether Defendants' alleged conduct violates public policy;

i. Whether the alleged conduct constitutes violations of the laws asserted;

j. Whether Defendants engaged in unlawful, unfair or fraudulent business practices;

k. Whether Plaintiff and Class Members have sustained monetary loss and the proper measure of that loss; and

8

SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

l.      Whether Plaintiff and Class Members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

35.    <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class Members were injured through the uniform misconduct described above and were subject to Defendants' deceptive claims that accompanied each and every gift card that Defendants sold.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

36.    <u>Adequacy of Representation</u>. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

37.    <u>Superiority</u>.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members is relatively small compared to the burden and expense that would be required to individually litigation their claims against Defendants. It would thus be virtually impossible for Plaintiff and Class Members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

38.     The Class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

39.     To the extent adequate legal remedies are lacking, Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described and requiring Defendants to provide full restitution to Plaintiff and Class Members.

40.     Unless a Class is certified, Defendants will retain monies received as a result of its conduct that were taken from Plaintiff and Class Members. Unless an injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## COUNT I

### Violations of the Consumers Legal Remedies Act
### California Civil Code §1750 *et seq*.

41.     Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

42.     Plaintiff brings this claim individually and on behalf of the Class.

43.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq*. (the "CLRA"). Plaintiff is a "consumer" as defined by California Civil Code § 1761(d). Defendants' Apple gift cards are "goods" within the meaning of the CLRA.

44.     Defendants violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Apple gift cards:

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

(5) Representing that [the gift cards have] . . . approval, characteristics , . . uses [and] benefits . . . which [they do] not have . . . .

\* \* \*

(7) Representing that [the gift cards are] of a particular standard, quality or grade . . . if [they are] of another.

\* \* \*

(9) Advertising goods . . . with intent not to sell them as advertised.

\* \* \*

(16) Representing that [the gift cards have] been supplied in accordance with a previous representation when [they have] not.

45.     Defendants violated the CLRA by representing and failing to disclose material facts about the gift cards, as described above, when they knew, or should have known, that the representations were false and misleading and that the omissions were of material facts they were obligated to disclose.

46.     In the event adequate legal remedies are lacking, and pursuant to § 1782(d) of the CLRA, Plaintiff and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

47.     Pursuant to § 1782 of the CLRA, Plaintiff notified Defendants in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act. A copy of the letter is attached hereto as **Exhibit A**.

48.     Defendants have failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the Act.

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Accordingly, Plaintiff seeks actual, punitive and statutory damages, as appropriate, under § 1780 of the Act.

49.    Defendants' conduct is fraudulent, wanton and malicious.

50.    Pursuant to § 1780(d) of the CLRA, attached hereto as **Exhibit B** is the affidavit showing that this action has been commenced in the proper forum.

## COUNT II

### Violation of the Unfair Competition Law ("UCL")

### Business & Professions Code § 17200, *et seq.*

51.    Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

52.    Plaintiff brings this claim individually and on behalf of the Class.

53.    Business & Professions Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendants have violated Business & Professions Code § 17200.

54.    In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the misrepresentations, as set forth more fully herein.  Defendants have violated California Civil Code §§ 1572, 1573, 1709, 1711, 1770(a)(5), (7), (9) and (16); California Business & Professions Code §§ 17200 *et seq.*; and the common law, including negligent misrepresentation and breach of implied warranty of merchantability.  Defendants' above-described wrongful acts and practices constitute actual and constructive fraud within the meaning of Civil Code §§ 1572 and 1573, as well as deceit, which is prohibited under Civil Code §§ 1709 and 1711.

55.    Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

56.    Defendants' actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendants engaged in unfair business practices, misrepresented and omitted material facts regarding the Apple gift cards, and thereby offended an established public policy, and engaged in unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

57.    As stated in this complaint, Plaintiff alleges violations of consumer protection and unfair competition laws in California, resulting in harm to consumers throughout the United States.  Defendants' acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code § 17200, *et seq*.

58.    There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

59.    Business & Professions Code § 17200 *et seq.*, also prohibits any "fraudulent business act or practice."

60.    Defendants' actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code § 17200 *et seq.*

61.    Defendants' advertising, labeling and packaging as described herein also constitutes unfair, deceptive, untrue and misleading advertising.

62.    Defendants' conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members. Plaintiff and Class Members have suffered injury in fact and have lost money as a result of Defendants' unfair conduct.

13

63.     As a result of its deception, Defendants have been able to reap unjust revenue and profit.

64.     Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

65.     In the event adequate legal remedies are lacking, Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Class as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising, and all other relief this Court deems appropriate, consistent with Business & Professions Code § 17200.

## COUNT III

### Negligent Misrepresentation

66.     Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

67.     Plaintiff brings this claim individually and on behalf of the Class.

68.     In the course of its business, Defendants misrepresented to Plaintiff and Class Members that Defendants were selling Apple gift cards that were original, usable, secure, valuable, and free from fraud, tampering or compromise.

69.     Defendants had no reasonable grounds to believe these misrepresentations were true.

70.     Defendants failed to inform or disclose to the public, including Plaintiff and Class Members, that Defendants were aware of an ongoing fraud with the Apple gift cards, making it probable that the value of Apple gift cards could be accessed and stolen by third parties. Defendants also failed to disclose that Defendants policy and practice was to not refund or replace the value of the Apple gift cards subjected to this fraud.

71.     Defendants also failed to disclose to the public, including Plaintiff and Class Members, that Defendants did not safeguard the gift cards and/or the gift

card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with.

72.    Defendants also failed to inform or disclose to the public, including Plaintiff and Class Members, that its Apple gift card policies and security practices are inadequate to safeguard customers' Apple gift card accounts and personal identifying information against theft.

73.    Defendants intended to induce Plaintiff and Class Members to rely on its misrepresentations and omissions because they knew Plaintiff and Class Members would not have purchased the Apple gift cards had they known the Apple gift cards, as well as their personal information attached to the gift cards, was subject to an ongoing fraud.

74.    Defendants made these representations and omissions as to Plaintiff and the Class Members in connection with their purchase of the Apple gift cards.

75.    There representations and omissions were material to Plaintiff's and Class Members' decision to purchase the Apple gift cards.

76.    Plaintiff and Class Members justifiably relied on Defendants' misrepresentations and omissions about the Apple gift cards because Defendants' had superior knowledge about the ongoing Apple gift card fraud.

77.    As a direct and proximate cause of Plaintiff and Class Members' reliance on Defendants misrepresentations and omissions about the Apple gift cards, Plaintiff and Class Members suffered pecuniary loss in an amount determined to be fair and reasonable, but which is equivalent to the funds loaded onto the Apple gift cards that was lost.

## <u>COUNT IV</u>

### **Breach of Implied Warranty of Merchantability**

78.    Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

79.    Plaintiff brings this claim individually and on behalf of the Class.

SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

80.    A warranty that the Apple gift cards were in merchantable quality and condition is implied by law pursuant to California Commercial Code § 2314.

81.    Defendants impliedly warranted that the Apple gift cards were of good and merchantable condition and quality – fit for sale for their ordinary intended use.

82.    The Apple gift cards were not merchantable or fit for their ordinary intended purpose at the time they left Defendants' possession. Defendants knew the Apple gift cards were frequently subject to an ongoing scam, yet Defendants failed to take simple preventative measures to curb the known and rampant fraudulent conduct and/or warn consumers that the funds they activated on the Apple gift cards may be stolen upon purchase. Instead, Defendants perpetuated the fraudulent conduct by staying silent and refusing to refund consumers that complained when they discovered their gift cards were defective and had no value. Thus, the Apple gift cards, when sold and at all times thereafter, were not in merchantable condition or quality and are not fit for their ordinary intended purpose.

83.    By virtue of the conduct described herein and throughout this Complaint, Defendants breached the implied warranty of merchantability.

84.    Plaintiff and Class Members purchased the Apple gift cards from Aplle gift card retailers that are agents of Defendants. However, the retailers were not intended to be the ultimate consumers of the Apple gift cards and have no implied warranty rights. Instead, Plaintiff and Class Members were the intended ultimate consumers of the Apple gift cards. As such, Plaintiff and Class Members assert their implied warranty rights as third party beneficiaries.

85.    Plaintiff and Class Members have been damaged as a direct and proximate result of Defendants' breach of the implied warranty.

86.    Plaintiff and Class Members have performed each and every duty required of them under the terms of the warranties, except as may have been

SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

excused or prevented by the conduct of Defendants or by operation of law in light of Defendants' unconscionable conduct.

87.   Defendants received timely notice regarding the problems at issue in this litigation and, not withstanding such notice, Defendants have failed and refused to offer an effective remedy.

88.   As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff and Class Members were caused to suffer economic damage.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the other members of the Class, request award and relief as follows:

1.   Certifying the Class and California Subclass as requested herein;

2.   Awarding Plaintiff and the proposed Class Members damages;

3.   In the event adequate legal remedies are lacking, awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class Members;

4.   Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices as set forth herein and directing Defendants to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

5.   Ordering Defendants to engage in a corrective advertising campaign;

6.   Awarding attorneys' fees and costs; and

7.   Providing such further relief as may be just and proper.

Dated:  January 28, 2021                    JAMES HAWKINS, APLC

`                                                    _/s/ Samantha Smith_____
                                                      Samantha A. Smith
                                                      Attorney for Plaintiff

---

17

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action and/or issues so triable.

Dated:  January 28, 2021                    JAMES HAWKINS, APLC


*/s/ Samantha Smith*
Samantha A. Smith
Attorney for Plaintiff

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on January 28, 2021 I electronically filed the

3

foregoing with the Clerk of the Court for the U.S. District Court, for the Southern

4

District of California using the CM/ECF system. All participants are registered

5

CM/ECF users, and will be served by the CM/ECF system.

6

7

Dated: January 28, 2021         */s/ Samantha Smith*

8

Samantha Smith

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# JAMES *JH* HAWKINS

## ATTORNEYS AT LAW

9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200, FACSIMILE (949) 387-66

May 28, 2020

*Via Certified Mail (Receipt No. 7018 1130 0001 8270 4913)*
*Return Receipt Requested*

Apple, Inc.
Apple Value Services, LLC
One Apple Park Way
Cupertino, CA 95014

      **Re:**    *Demand Letter Pursuant to California Civil Code Sections 1782 and 1798.150*

Dear Sir or Madam:

    This letter serves as notice and demand for corrective action by Apple, Inc. and Apple Value Services, LLC ("Apple") pursuant to the Consumer Legal Remedies Act, Cal. Civ. Code Section 1750 *et al.* ("CLRA") and the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code Section 1798.150(b). This letter is sent on behalf of our client, Rachael Shay, a consumer of Apple gift cards in the State of California, and all other persons similarly situated.  We hereby demand that you take immediate corrective action within thirty (30) days as further described below.

    Apple, Inc. is a multinational technology company that designs, develops, and sells consumer electronics, computer software, and online services. Apple sells Apple gift cards for its various online services, including its App Store and iTunes, throughout the United States. Upon information and belief, Apple manufactured, marketed, sold and/or distributed insecure and defective Apple gift cards it knew were prone to an ongoing scam wherein the funds on the gift cards are fraudulently redeemed by accessing the Personal Identification Number ("PIN") on the Apple gift cards prior to use by the consumer.[1]

    Rather than take simple preventative measures to curb the known and rampant fraudulent conduct and/or warn consumers that the Apple gift card funds are easily susceptible to fraud and are not secure. Defendants perpetuated the fraud by staying silent, refusing to refund the stolen value after consumers complained, and failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect consumers' personal information. This conduct violates the CLRA, including but not limited to sections 1770(a) (5), (7), (9) and (16), as well as the CCPA, including but not limited to section 1798.150. Apple has misled and continues to mislead consumers, thereby unfairly permitting Apple to increase its sales and capture market share from its competitors.

    Our client is a citizen of the State of California and is a consumer as defined in California Civil Code section 1761(d) because she purchased an Apple gift card for personal, family, or household use. When our client purchased an Apple gift card for her son as a birthday gift, she was misled into believing that the funds on the Apple gift card, and any personal information associated with the Apple gift card, was secure. Had Ms. Shay known the truth about the Apple gift cards and Apple's failure to properly secure them, she would not have made her purchase. As a result, our client suffered a loss of money.

---

[1] Upon information and belief, the PIN on the Apple gift cards is "personal information" as defined in Cal. Civ. Code §1798.140(o) as it "identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with" the purchasing consumers and/or their households.

We hereby demand on behalf of our client and all others similarly situated that Apple immediately: (1) cease and desist from continued sale of the faulty Apple gift cards; (2) initiate a corrective campaign to address the inadequate security practices and procedures described herein; and (3) offer to refund the purchase price of the gift cards, plus reimbursement for interest.

If Apple wishes to enter into discussions to resolve the demand asserted in this letter, please contact me immediately.

Sincerely,

**JAMES HAWKINS, APLC**

Samantha A. Smith

**EXHIBIT B**

1   **JAMES HAWKINS, APLC**
    JAMES R. HAWKINS, ESQ. (#192925)
2   james@jameshawkinsaplc.com
    SAMANTHA A. SMITH, ESQ. (#233331)
3   samantha@jameshawkinsaplc.com
    9880 Research Drive, Suite 200
4   Irvine, CA 92618
    Tel.: (949) 387-7200
5   Fax: (949) 387-6676

6
    Attorneys for Plaintiff Rachael Shay,
7   on behalf of herself and all others similarly situated

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                              COUNTY OF SAN DIEGO

11   RACHAEL SHAY, on behalf of herself        Case No.
     and all others similarly situated,
12
                                               **AFFIDAVIT OF VENUE BY PLAINTIFF**
13                              Plaintiff,      **RACHAEL SHAY**

14   v.

15   APPLE, INC., a Delaware corporation;
     APPLE VALUE SERVICES, LLC, a
16   Virgina limited liability corporation; and
     Does 1 through 10, inclusive,
17
                                Defendants.
18

19

20          I, Rachael Shay, hereby declare and state as follows:

21          1.      I am over the age of 18, and if called as a witness, I would testify truthfully to the

22   matters set forth in this Declaration.  All of the matters set forth below are within my personal

23   knowledge, except those matters that are stated to be upon information and belief.  As to such

24   matters, I believe them to be true.

25          2.      I am the Plaintiff in the above-entitled action.

26          3.      Pursuant to Cal. Civ. Code § 1780(d), I make this Declaration in support of the

27   Class Action Complaint and the claim for relief stated in that complaint under Cal. Civ. Code §

28   1780(a).

                                                    1

DocuSign Envelope ID: 875BF333-2067-4267-B5DE-095CC6D53329

4.    This action for relief under Cal. Civ. Code § 1780(a) has been commenced in a county that is a proper place for trial of this action because I reside in San Diego County, and this is the county where the transaction or any substantial portion thereof occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 27th day of May 2020, in Carlsbad, California.

Rachael Shay

Rachael Shay

**AFFIDAVIT OF VENUE BY PLAINTIFF RACHAEL SHAY**