**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:   (213) 239-5100
Facsimile:    (213) 239-5199

Attorneys for Defendants
Apple Inc. and Apple Value Services, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC. and APPLE VALUE SERVICES, LLC,<br><br>Defendants. | Case No. 3:20-cv-1629-GPC-BLM<br><br>The Honorable Gonzalo P. Curiel<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Hearing Date:   April 30, 2021<br>Hearing Time:   1:30 p.m.<br>Courtroom:      2D (Schwartz Courthouse) |

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................. 2

ARGUMENT ................................................................................................................... 4

     I.     Plaintiff Has Not Plausibly Alleged That She Lacks an Adequate Legal Remedy ........................................................................................................... 4

     II.    Plaintiff Fails to State a Viable Claim for Breach of Implied Warranty ........ 7

     III.   This Court Should Deny Plaintiff Leave to File a *Third* Amended Complaint ..................................................................................................... 9

CONCLUSION .............................................................................................................. 10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE'S PARTIAL MOTION TO DISMISS
CASE NO. 3:20-CV-1629-GPC-BLM

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Apple Inc.*,
--- F. Supp. 3d ----, 2020 WL 6710101 (N.D. Cal. Nov. 16, 2020) ................................ 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................... 4

*Gavaldon v. StanChart Sec. Int'l, Inc.*,
No. 16-590, 2019 WL 764031 (S.D. Cal. Feb. 20, 2019) ............................................ 9

*Gibson v. Jaguar Land Rover North America, LLC*,
No. 20-769, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ........................................ 5, 6

*Green v. Canidae Corp.*,
No. 09-486, 2009 WL 9421226 (C.D. Cal. June 9, 2009) ............................................ 8

*Hanna v. Walmart Inc.*,
No. 20-1075, 2020 WL 7345680 (C.D. Cal. Nov. 4, 2020) ............................................ 7

*Hsieh v. FCA US LLC*,
440 F. Supp. 3d 1157 (S.D. Cal. 2020) ...................................................................... 4

*Kelter v. Forrest*,
No. 07-1170, 2008 WL 11342628 (C.D. Cal. July 2, 2008) ........................................ 9

*Lacano Investments, LLC v. Balash*,
765 F.3d 1068 (9th Cir. 2014) ............................................................................... 4, 9

*Lent v. JP Morgan Chase Bank, N.A.*,
No. 11-345, 2011 WL 5971190 (C.D. Cal. Nov. 29, 2011) ........................................ 9

*In re MacBook Keyboard Litigation*,
No. 18-2813, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ...................................... 5, 6

*Miller v. Yokohama Tire Corp.*,
358 F.3d 616 (9th Cir. 2004) ................................................................................... 10

*Nationwide Biweekly Admin., Inc. v. Superior Court*,
9 Cal. 5th 279 (2020) ............................................................................................... 4

*Oda v. DeMarini Sports Inc.*,
    No. 15-2131, 2017 WL 10402605 ................................................................. 8

*Paramount Farms Int'l LLC v. Ventilex B.V.*,
    500 F. App'x 586 (9th Cir. 2012) ................................................................. 7

*In re Seagate Tech. LLC Litig.*,
    233 F. Supp. 3d 776 (N.D. Cal. 2017) .......................................................... 8

*SEIU Local 99 v. Options--A Child Care & Human Servs. Agency*,
    200 Cal. App. 4th 869 (2011) ....................................................................... 8

*Sholiay v. Fed. Nat'l Mortg. Ass'n*,
    No. 13-958, 2013 WL 5569988 (E.D. Cal. Oct. 9, 2013) ............................ 10

*Skiathitis v. Nyko Techs., Inc.*,
    No. 18-3584, 2018 WL 6427360 (C.D. Cal. Sept. 12, 2018) ........................ 8

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ............................................................. 1, 5, 6, 7

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir. 1998) .................................................................... 10

*In re Toyota Motor Corp.*,
    785 F. Supp. 2d 883 (C.D. Cal. 2011) .......................................................... 9

*In re Vioxx Class Cases*,
    180 Cal. App. 4th 116 (2009) ....................................................................... 4

*Walker v. Gonzalez*,
    No. 20-404, 2020 WL 4672640 (S.D. Cal. Aug. 11, 2020) ........................... 4

**Statutes**

Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*.............................. *passim*

Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200 *et seq.* ........................... *passim*

**Other Authorities**

Restatement (Second) of Contracts § 302.............................................................. 8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE'S PARTIAL MOTION TO DISMISS
CASE NO. 3:20-CV-1629-GPC-BLM

**INTRODUCTION**

In ruling on Apple's motion to dismiss the First Amended Complaint ("FAC"), this Court concluded that Plaintiff Rachael Shay had not adequately alleged that she lacks an adequate remedy at law, as is necessary to seek equitable relief under California's consumer protection statutes. *See* ECF No. 17 ("Order") at 15-16. The Court also concluded that Plaintiff had not plausibly alleged that she was in privity with Apple, as is necessary to state a claim for breach of the implied warranty of merchantability. *See id.* at 13-14. Plaintiff's Second Amended Complaint ("SAC") does not cure either defect, and this Court should once again dismiss these claims.

As the Ninth Circuit made clear in *Sonner v. Premier Nutrition Corp.*, a plaintiff cannot seek equitable relief under California's consumer protection statutes — including the Unfair Competition Law ("UCL") and Consumers Legal Remedies Act ("CLRA") — without establishing that she lacks an adequate remedy at law. 971 F.3d 834 (9th Cir. 2020). Plaintiff's SAC does not even *attempt* to explain why her legal remedies are inadequate. Instead, she now alleges that she is entitled to equitable relief "in the event" or "to the extent" her legal remedies are inadequate. But as the Court held in its earlier Order, Plaintiff cannot seek equitable relief — even in the alternative — without articulating *why* damages would be insufficient to make her whole. Absent any allegations regarding the inadequacy of her legal remedies, this Court should dismiss Plaintiff's UCL claim in its entirety (given that the UCL only authorizes equitable relief), and it should also dismiss her CLRA claim to the extent it seeks restitution and injunctive relief.

Plaintiff's attempt to salvage her implied warranty claim fares no better. Plaintiff, who admittedly purchased her gift card from a Walmart store, has not established — and cannot plausibly allege — that she is in vertical privity with Apple. While Plaintiff now alleges that she and other class members have "implied warranty rights as third party beneficiaries," she still fails to allege the existence of a contract between Walmart and Apple, let alone one "made expressly" for Plaintiff's benefit. SAC ¶ 84; Order at 14 (citation omitted). And while Plaintiff now alleges that Walmart was acting as Apple's

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE'S PARTIAL MOTION TO DISMISS
CASE NO. 3:20-CV-1629-GPC-BLM

"agent[]," she provides no factual support for this bare legal conclusion. SAC ¶ 84. Moreover, Plaintiff's reading of these exceptions would swallow the privity requirement and permit virtually any plaintiff to sue virtually any retailer for breach of implied warranty — a result California law squarely prohibits.

Because the SAC demonstrates that Plaintiff is unable to cure the deficiencies the Court identified in its Order, this Court should dismiss Plaintiff's equitable and implied warranty claims with prejudice and without leave to amend.

### BACKGROUND

Plaintiff alleges that she purchased a $50 Apple gift card from a Walmart store in April 2020 as a gift for her son. *See* SAC ¶ 10. When her son attempted to load the funds from this gift card, he allegedly discovered that those funds had already been redeemed by another account. *Id.* Plaintiff alleges that those funds were "intercepted" by third-party scammers, rendering the card "valueless." *Id.* ¶ 19.

In May 2020, Plaintiff brought this putative class action against Apple, in which she alleges that its gift cards are "subject to an ongoing scam wherein the funds on the gift cards are fraudulently redeemed by third parties accessing the Personal Information Number ('PIN') [*i.e.*, the redemption code] prior to use by the consumer." *Id.* ¶ 2. According to Plaintiff, "the Apple gift cards are targeted by thieves who electronically access the Apple gift cards at the point of sale and redeem the funds activated by the consumer." *Id.* ¶ 18. Plaintiff alleges that "[s]ubsequently, when a consumer attempts to load a newly activated Apple gift card, the gift card registers as 'redeemed' and is valueless." *Id.*

After removing this lawsuit from San Diego Superior Court, Apple moved to dismiss Plaintiff's then-operative FAC. *See* ECF No. 6. This Court granted in part and denied in part Apple's motion to dismiss. It specifically held that Plaintiff's complaint was deficient in two respects:

First, the Court held that Plaintiff had not plausibly alleged that she lacks an adequate remedy at law. *See* Order at 15-16. The Court rejected Plaintiff's argument that *Sonner* does not apply at the pleading stage, and it construed *Sonner* to hold that a "complaint must

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE'S PARTIAL MOTION TO DISMISS
CASE NO. 3:20-CV-1629-GPC-BLM

*allege* that [the plaintiff] lacks an adequate legal remedy." *Id.* at 16.  The Court also rejected Plaintiff's alternative argument that Rule 8 permitted her to seek equitable relief in the alternative to her claims for damages.  Even though "Plaintiff may plead in the alternative," the Court reasoned, "she must also allege that she lacks an adequate legal remedy."  *See id.* The Court nonetheless granted Plaintiff leave to amend so she could plead facts sufficient to establish that she lacks an adequate remedy at law.

Second, the Court dismissed Plaintiff's claim for breach of the implied warranty of merchantability because she had not alleged that she was in privity with Apple.  *See id.* at 13-14.  Although Plaintiff asserted in her opposition to Apple's motion to dismiss that "vertical privity is not required because she is a third-party beneficiary who purchased the gift card from a third party acting as an agent for Defendants," the Court concluded that this was not sufficient, both because this argument was not supported by any factual allegations in the FAC, and because she had not alleged that there was a contract between Apple and Walmart.  *See id.* at 13-14.

Plaintiff filed her SAC on January 28, 2021.  ECF No. 18.  The SAC alleges that "Plaintiff and Class Members purchased the Apple gift card from gift card retailers that are agents of Defendants."  *Id.* ¶ 84.  It also asserts that, because the "retailers were not intended to be the ultimate consumers of the Apple gift cards and have no implied warranty rights," and because "Plaintiff and Class Members were the intended ultimate consumers of the Apple gift cards," Plaintiff and other class members have "implied warranty rights as third party beneficiaries."  *Id.*  Like the FAC, however, the SAC does not identify any specific contract between Apple and Walmart of which Plaintiff is a third-party beneficiary.

The SAC also does not include any allegation that Plaintiff's legal remedies are inadequate — let alone any facts substantiating their inadequacy.  Instead, Plaintiff has added conditional language to several of her allegations, in which she contends that she is entitled to equitable relief "[i]n the event adequate legal remedies are lacking."  *Id.* ¶¶ 46, 65; *id.*, Prayer for Relief; *see also id.* ¶ 39 ("To the extent adequate legal remedies are lacking . . .").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE'S PARTIAL MOTION TO DISMISS
CASE NO. 3:20-CV-1629-GPC-BLM

# ARGUMENT

To survive a motion to dismiss, "[t]he allegations in the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hsieh v. FCA US LLC*, 440 F. Supp. 3d 1157, 1160 (S.D. Cal. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).  Facts indicating the "'mere *possibility* of misconduct'. . . fall short of meeting this plausibility standard." *Walker v. Gonzalez*, No. 20-404, 2020 WL 4672640, at *1 (S.D. Cal. Aug. 11, 2020) (quoting *Iqbal*, 556 U.S. at 678) (emphasis added).  Rather, the plaintiff must "allege more by way of factual content to 'nudg[e]' his claim" of unlawful action "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 683 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although a court must "accept all of the *factual* allegations in the complaint as true," it need "not accept *legal* conclusions in the complaint as true, even if 'cast in the form of factual allegations.'" *Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  As with her FAC, Plaintiffs' claims for equitable relief and for breach of the implied warranty of merchantability in her SAC fail under this pleading standard.

## I.    Plaintiff Has Not Plausibly Alleged That She Lacks an Adequate Legal Remedy.

As in her first two complaints, Plaintiff's SAC seeks both damages and equitable relief.  Specifically, Plaintiff seeks equitable relief in connection with two of her four causes of action.  First, Plaintiff asserts a claim under the UCL, which authorizes *only* equitable relief and does not permit her to recover damages.  *See* SAC ¶¶ 51-65; *see also, e.g.*, *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009) ("The remedies available in a UCL . . . action are limited to injunctive relief and restitution."); *Nationwide Biweekly Admin., Inc. v. Superior Court*, 9 Cal. 5th 279, 293 (2020) (emphasizing the "equitable nature" of claims under the UCL).  Second, Plaintiff seeks restitution and injunctive relief in connection with her claim under the CLRA.  *See* SAC ¶ 46.

But as the Ninth Circuit made clear in *Sonner*, and as this Court reiterated in its earlier Order, Plaintiff cannot seek equitable relief without plausibly alleging that she lacks an adequate remedy at law. *See Sonner*, 971 F.3d at 843-44; Order at 15-16. Here, the SAC alleges that Plaintiff suffered a monetary injury — the loss of the $50 stored on the gift card she purchased — and seeks damages to redress that purported injury. Under similar circumstances, courts have held that a plaintiff cannot *also* seek equitable relief because her damages remedy is adequate to make her whole.

For example, in *Gibson v. Jaguar Land Rover North America, LLC*, the plaintiff alleged that Jaguar improperly refused to cover certain repairs under Land Rover vehicle warranties, and he sought, among other remedies, "reimbursement of the money [he] and the putative class wrongfully paid out-of-pocket." No. 20-769, 2020 WL 5492990, at *2 (C.D. Cal. Sept. 9, 2020). While the court denied the defendant's motion to dismiss the plaintiff's CLRA claim to the extent it sought damages, it held that *Sonner* precluded the plaintiff's claim for equitable relief under the UCL and the CLRA. Although the plaintiff sought "both compensatory damages and equitable relief," the court explained, "there is nothing in the SAC to suggest that monetary damages would not make Plaintiff or the putative class whole." *Id.* at *3. Moreover, the court noted that the plaintiff had not "alleged *facts* that could support a finding that monetary relief is insufficient to compensate him and the putative class for the alleged harm." *Id.* For that reason, the court dismissed the CLRA claim to the extent it sought equitable relief, and it dismissed the UCL claim in its entirety, reasoning that the available remedies under the UCL "are limited to restitution and equitable relief, and do not include damages." *Id.* at *4 (citation and internal quotation marks omitted).

Likewise, in *In re MacBook Keyboard Litigation*, the plaintiffs alleged "they were forced to spend money out of pocket for AppleCare service, insurance, or a new non-Apple laptop" because of the "butterfly keyboards" used in Apple MacBook laptops. No. 18-2813, 2020 WL 6047253, at *1 (N.D. Cal. Oct. 13, 2020). Based on that allegation, the plaintiffs asserted claims under the UCL and the CLRA and sought equitable relief,

including both an injunction and restitution.  *Id.*  The court granted Apple's motion to dismiss the UCL claim in its entirety, and dismissed the CLRA claim to the extent it sought equitable relief, holding that *Sonner* precluded those claims.  "Because Plaintiffs' claims rest on their alleged overpayments and Apple's failure to issue refunds," the court reasoned that "monetary damages would provide an adequate remedy for the alleged injury."  *Id.* at *4.  And while the plaintiffs argued that their legal remedies were inadequate because their purported injuries were "continuing," the court rejected this argument, reasoning that the plaintiffs did "not explain why those consumers could not sufficiently be 'made whole' by monetary damages."  *Id.* at *3.

Here, as in *Gibson* and *MacBook Keyboard*, Plaintiff alleges a quintessential monetary injury — the loss of the value of her Apple gift card — and seeks money damages under the CLRA and California's common law to redress that purported injury.  Nowhere in her SAC does Plaintiff even *attempt* to explain why that legal remedy cannot make her whole.  Instead, she attempts to sidestep *Sonner* — and this Court's earlier Order — by alleging that she is entitled to equitable relief "[i]n the event adequate legal remedies are lacking."  SAC ¶¶ 46, 65; *id,*, Prayer for Relief ¶ 3; *see also* SAC ¶ 39 ("To the extent adequate legal remedies are lacking . . .").  But *Sonner* requires Plaintiff to allege that she *actually* "lacks an adequate legal remedy" (971 F.3d at 844) — not that she is conditionally entitled to equitable relief "to the extent" or "in the event" her legal remedies are lacking.

Moreover, as this Court specifically held, Plaintiff's right to "plead in the alternative" does not relieve her of the burden to "allege she lacks an adequate legal remedy."  Order at 16; *accord Anderson v. Apple Inc.*, --- F. Supp. 3d ----, 2020 WL 6710101, at *7 (N.D. Cal. Nov. 16, 2020).  Indeed, if Plaintiff's amended pleading were adequate, it would render *Sonner* toothless; instead of alleging facts to substantiate her allegation that her legal remedies were inadequate, a plaintiff could simply claim that she was seeking equitable relief "to the extent" or "in the event" her legal remedies were inadequate.  For that reason, courts have routinely held that a plaintiff must "allege *some facts* suggesting that damages are insufficient to make them whole."  *Gibson*, 2020 WL 5492990, at *3 (emphasis added);

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE'S PARTIAL MOTION TO DISMISS
CASE NO. 3:20-CV-1629-GPC-BLM

*see also, e.g.*, *Hanna v. Walmart Inc.*, No. 20-1075, 2020 WL 7345680, at *6 (C.D. Cal. Nov. 4, 2020) (applying *Sonner* to dismiss UCL claim where the plaintiff "allege[d] she 'lost money or property' as a result of purchasing Roundup," but did "not explain why no adequate remedy at law exists for that injury"). Because Plaintiff has not alleged *any facts* suggesting that her damages remedies are inadequate, this Court should dismiss her UCL claim in its entirety, as well as her CLRA claim to the extent it seeks equitable relief.

## II.   Plaintiff Fails to State a Viable Claim for Breach of Implied Warranty.

As this Court made clear in its earlier Order, Plaintiff must establish that she was in vertical contractual privity with Apple to state a breach of implied warranty claim. *See* Order at 14; *see also Paramount Farms Int'l LLC v. Ventilex B.V.*, 500 F. App'x 586, 588 (9th Cir. 2012) ("Vertical privity, or in other words, privity of contract, is required to sustain an implied warranty claim in California."). Moreover, "[a]n 'end consumer' who 'buys from a retailer is not in privity with a manufacturer.'" Order at 14 (quoting *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2018)). The Court straightforwardly relied on these well-settled principles to hold that Plaintiff, who allegedly purchased her gift card from a Walmart store, was not in privity with Apple. *See* Order at 14. Plaintiff's efforts to circumvent this rule fail.

Plaintiff alleges in the SAC that, because retailers like Walmart "were not intended to be the ultimate consumers of the Apple gift cards and have no implied warranty rights," and because "Plaintiff and Class Members were the intended ultimate consumers of the Apple gift cards," Plaintiff and other class members have "implied warranty rights as third party beneficiaries." SAC ¶ 84. But this Court made clear that to invoke the third-party beneficiary exception to the privity requirement, Plaintiff "must plead a contract which was expressly made for . . . her benefit and one in which it clearly appears that . . . she was a beneficiary." Order at 14 (quoting *Kearney v. Hyundai Motor Am.*, No. 09-1298, 2010 WL 8251077, at *10 (C.D. Cal. Dec. 17, 2010) (citations omitted)); Order at 14 ("[T]he FAC fails to allege a contract between Apple and Walmart where Plaintiff is the intended beneficiary to the contract."). Plaintiff's SAC does not allege the existence of *any* contract

7

between Apple and Walmart — let alone one of which she is an intended third-party beneficiary. That is fatal to her implied warranty claim.

Plaintiff's allegation that she was the "intended ultimate consumer[] of the Apple gift cards" does nothing to remedy this deficiency. SAC ¶ 84. Even assuming Plaintiff's SAC alleged the existence of a contract between Apple and Walmart (which it does not), Plaintiff's alleged status as the "ultimate consumer[] of the Apple gift cards" suggests at most that Plaintiff may be an *incidental* beneficiary of such contract, not an "intended beneficiary" — as is required to invoke the third-party beneficiary exception to the privity rule. Order at 14. Indeed, though "[p]erformance of a contract will often [incidentally] benefit a third person," it is black-letter law that this does not render them an *intended* third party beneficiary unless the contracting parties intended to give that third party a right to enforce the contract. Restatement (Second) of Contracts § 302, Comment e; *accord SEIU Local 99 v. Options--A Child Care & Human Servs. Agency*, 200 Cal. App. 4th 869, 878 (2011) ("A person whose benefit is only incidental or remote, however, is not an intended beneficiary and therefore cannot be a third party beneficiary."). The mere fact that a third party may be the "intended ultimate consumer[]" of a product does not evidence such intent.

It is for this reason that courts have repeatedly refused to "relax[] the privity rule for all end purchasers of products sold through retailers." *See, e.g.*, *In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 787 (N.D. Cal. 2017). Indeed, this broad reading of the "third party beneficiary" exception "has the potential to swallow the privity rule." *Skiathitis v. Nyko Techs., Inc.*, No. 18-3584, 2018 WL 6427360, at *11 (C.D. Cal. Sept. 12, 2018); *accord Oda v. DeMarini Sports Inc.*, No. 15-2131, 2017 WL 10402605, at *3 ("The Court is not persuaded that a third-party beneficiary exception . . . can be stretched to allow any consumer to sue a manufacturer as a third-party beneficiary merely because he is an end user of a product."); *Green v. Canidae Corp.*, No. 09-486, 2009 WL 9421226, at *5 (C.D. Cal. June 9, 2009) ("Plaintiffs' argument that they are a third party beneficiary of the contract made between [the retailer] and [the distributor] . . . would make every consumer a third party beneficiary of every contract between a seller and its vendors."). The same

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE'S PARTIAL MOTION TO DISMISS
CASE NO. 3:20-CV-1629-GPC-BLM

rationale precludes Plaintiff's invocation of the third-party beneficiary exception here.

Plaintiff's allegation that Walmart and other retailers act as Apple's "agents" is equally unavailing. As judges in this District and elsewhere have made clear, the "existence of an agency relationship" is a "legal conclusion[]" that "must be supported by factual allegations."[1] *Gavaldon v. StanChart Sec. Int'l, Inc.*, No. 16-590, 2019 WL 764031, at \*3 (S.D. Cal. Feb. 20, 2019). Here, the SAC contains *zero* factual allegations supporting Plaintiff's contention that Walmart acted as Apple's "agent" when it sold Plaintiff her gift card. The absence of any facts supporting an agency relationship is fatal to Plaintiff's attempt to invoke the agency exception to the privity rule: while this Court must "accept all of the *factual* allegations in the complaint as true," it need not "accept *legal* conclusions in the complaint as true, even if cast in the form of factual allegations." *Lacano Investments*, 765 F.3d at 1071 (citations and internal quotation marks omitted). And there is no basis for the SAC's implication that *any* relationship between a manufacturer and a retailer is an agency relationship. Indeed, this broad reading of the agency exception — like Plaintiff's broad reading of the third-party beneficiary exception — would swallow the privity rule.

Because Plaintiff has failed to allege privity or plausibly invoke an exception to the privity requirement, this Court should dismiss her breach of implied warranty claim.

## III.   This Court Should Deny Plaintiff Leave to File a *Third* Amended Complaint.

This Court's Order identified precisely what Plaintiff must allege to seek equitable relief or to state a plausible claim for breach of implied warranty. Plaintiff failed to add any of the requisite facts to her SAC. Rather, the only new allegations in the SAC are bare-bones, unsupported legal conclusions that do not come close to addressing the defects the Court outlined. Because Plaintiff has now had *three* opportunities to state these claims with

---

[1] *See also, e.g.*, *Lent v. JP Morgan Chase Bank, N.A.*, No. 11-345, 2011 WL 5971190, at \*3 (C.D. Cal. Nov. 29, 2011) ("If Plaintiff wishes to rely on an agency theory, she must allege facts in support thereof; legal conclusions are insufficient."); *Kelter v. Forrest*, No. 07-1170, 2008 WL 11342628, at \*2 (C.D. Cal. July 2, 2008) ("[T]he Complaint's allegation of a principal-agent relationship . . . is not a factual allegation but a legal conclusion."); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 906 n.15 (C.D. Cal. 2011) (similar).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE'S PARTIAL MOTION TO DISMISS
CASE NO. 3:20-CV-1629-GPC-BLM

plausibility and still has not done so, there is no reason to permit her to take a *fourth* bite at the apple. *See, e.g.*, *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (noting that a district court has "particularly broad" discretion to deny leave to amend when a plaintiff has already amended his complaint) (citation omitted); *Sholiay v. Fed. Nat'l Mortg. Ass'n*, No. 13-958, 2013 WL 5569988, at \*7 (E.D. Cal. Oct. 9, 2013) ("Because the court has already permitted plaintiffs to amend their pleadings and it appears that plaintiffs are unable to state a viable claim against defendants, all claims will be dismissed with prejudice and without leave to amend.").

Furthermore, Plaintiff cannot plead around the fact that her legal remedies are patently adequate: she allegedly suffered a monetary injury, and her CLRA and negligent misrepresentation claims (which will proceed even if this motion is granted) will permit her to recover damages if she prevails. Nor can Plaintiff plausibly allege that any exception to the privity requirement applies — at least not without hollowing out that requirement in cases involving products purchased from retailers. Accordingly, any further amendment would be an "exercise in futility," and this Court should dismiss these claims with prejudice. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998);

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's UCL claim and her claim for breach of the implied warranty of merchantability with prejudice, and it should dismiss her CLRA claim with prejudice to the extent it seeks equitable relief.

DATED: February 18, 2021                    JENNER & BLOCK LLP

                                   By: /s/  Kate T. Spelman
                                        Attorney for Defendants
                                        Apple Inc. and Apple Value Services, LLC
                                        E-mail: kspelman@jenner.com