UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>APPLE INC. and APPLE VALUE SERVICES, LLC,<br><br>          Defendant. | Case No.: 20cv1629-GPC(BLM)<br><br>**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS THE SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**[DKT. NO. 21.]** |

  Before the Court is Defendants' partial motion to dismiss the second amended complaint. (Dkt. No. 21.) Plaintiff filed an opposition and Defendants replied. (Dkt. Nos. 23, 24.) Based on the reasoning below, the Court GRANTS Defendants' partial motion to dismiss the second amended complaint without leave to amend.

## Background

  This case was removed from state court on August 21, 2020. (Dkt. No. 1.) On January 8, 2021, the Court granted in part and denied in part Defendants' motion to dismiss the first amended complaint with leave to amend. (Dkt. No. 17.) On January 28, 2021, Plaintiff Rachael Shay ("Plaintiff") filed the operative putative second amended class action complaint ("SAC") against Defendants Apple, Inc. and Apple Value

Services, LLC ("Defendants" or "Apple") for claims under the 1) California Legal Remedies Act, ("CLRA"), California Civil Code §1750 *et seq.*; 2) violations of the Unfair Competition Law ("UCL"), California Business & Professions Code section 17200 *et. seq.*; 3) negligent misrepresentation; and 4) breach of the implied warranty of merchantability. (Dkt. No. 18, SAC ¶¶ 41-88.)

The SAC alleges that Defendants manufactured, marketed, sold and/or distributed valueless Apple gift cards that they knew or should have known was subject to an "ongoing scam where the funds on the gift cards are fraudulently redeemed by third parties accessing the Personal Identification Number ("PIN") prior to use by the consumer." (*Id.*, SAC ¶ 2.) On April 3, 2020, Plaintiff purchased a $50 Apple gift card from Walmart in Encinitas, CA as a gift for her son. (*Id.* ¶ 10.) When her son attempted to load the gift card, he received a message that the gift card had already been redeemed. (*Id.*) Plaintiff contacted Defendants and was informed that the gift card was redeemed by another account on April 3, 2020, the same day she bought the card, and the card no longer had any value. (*Id.*) Defendants would not provide any additional information about who redeemed the code, other than it was an account unrelated to Plaintiff or her son. (*Id.*) Defendants informed her that there was nothing they could do for her, that her case was closed, and any further contact would go unanswered. (*Id.*) If Plaintiff had known about the truth about the defect of Defendants' gift card, she would not have purchased it. (*Id.*)

Plaintiff seeks to bring this class action on behalf of the following:

Nationwide Class:
All consumers in the United States who purchased an Apple gift card wherein the funds on the Apple gift card was (sic) redeemed prior to use by the consumer. Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Apple gift cards for the purpose of resale.

California Subclass:
All consumers in the State of California who purchased an Apple gift card wherein the funds on the Apple gift card was (sic) redeemed prior to use by

>the consumer. Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Apple gift cards for the purpose of resale.

(*Id.* ¶ 32.)

Defendants move to dismiss the UCL claim in its entirety, the CLRA to the extent she seeks equitable relief in addition to or in lieu of damages, and the breach of the implied warranty of merchantability. (Dkt. No. 21.) Plaintiff filed an opposition and Defendants filed a reply. (Dkt. Nos. 23, 24.)

## Discussion

### A. Legal Standard on Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling

the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See DeSoto,* 957 F.2d at 658; *Schreiber,*

**B.     UCL and CLRA Claims for Failing to Plead Inadequate Remedy at Law**

Defendants move to dismiss the UCL claim and the CLRA claim to the extent it seeks equitable relief arguing that Plaintiff has not alleged an inadequate remedy at law relying on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. June 17, 2020). (Dkt. No. 21 at 8-11.[1]) Plaintiff opposes arguing it can seek both actual damages and equitable relief relying on *Moore v. Mars Petcare U.S., Inc.*, 966 F.3d 1007, 1021 n. 13 (9th Cir. July 28, 2020).

Under the UCL, a plaintiff may only seek the equitable relief of restitution and/or an injunction. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2013) ("Through the UCL a plaintiff may obtain restitution and/or injunctive relief against unfair or unlawful practices."). The CLRA allows for a number of remedies including actual damages, restitution, injunctive relief and punitive damages. *See* Cal. Civ. Code § 1780.

---

[1] Page numbers are based on the CM/ECF pagination.

The SAC seeks restitution and injunctive relief under the CLRA and UCL claims and alleges that "[i]n the event adequate legal remedies are lacking", Plaintiff seeks an injunction and restitution. (Dkt. No. 18, SAC ¶¶ 46, 65.)

In *Sonner*, the Ninth Circuit, relying on United States Supreme Court precedent, held that "traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action.[2]" *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). In line with this, the court held that a plaintiff must allege that she "lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.* (citations omitted). Pointing out that the operative complaint did not allege that Sonner lacked an adequate legal remedy and the equitable restitution she sought was the same as damages she sought to compensate for the same past harm, the Ninth Circuit affirmed dismissal of the equitable restitution claim under the UCL and CLRA. *Sonner,* 971 F.3d at 844 (citing *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (holding that a complaint seeking equitable relief failed because it did not plead "the basic requisites of the issuance of equitable relief" including "the inadequacy of remedies at law")).

While *Sonner*'s holding was limited to the equitable relief of restitution, *Sonner*, 971 F.3d at 842 (noting that "injunctive relief [was] not at issue"), district courts have held that the "adequate remedy at law" requirement applies to equitable relief, which includes injunctive relief claims. *See Audrey Heredia v. Sunrise Senior Living LLC*, Case No. 8:18-cv-01974-JLS-JDE, 2021 WL 819159, at *4 (C.D. Cal. Feb. 10, 2021) (inadequate remedy at law applies to all claims for equitable relief) (citing *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-CV-05286-PJH, 2020 WL

---

[2] The SAC alleges CAFA jurisdiction. (Dkt. No. 18, SAC ¶ 6). CAFA vests federal courts with "'original' diversity jurisdiction over class actions." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007). Thus, the reasoning of *Sonner* applies to this case.

5

6544411, at *5 (N.D. Cal. Nov. 6, 2020) ("Whatever the facts before the panel in *Sonner,* the Supreme Court in *York*[3] did not draw any distinction among the various forms of equitable relief when requiring the absence of a 'plain, adequate, and complete remedy at law' to obtain it."); *Huynh v. Quora, Inc.*, No. 5:18-CV-07597-BLF, 2020 WL 7495097, at *19 (N.D. Cal. Dec. 21, 2020) ("Cases in this Circuit have held that *Sonner* extends to claims for injunctive relief.") (collecting cases); *In re MacBook Keyboard Litig.*, No. 5:18CV2813-EJD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020) ("[N]umerous courts in this circuit have applied *Sonner* to injunctive relief claims.")).

In opposition, Plaintiff argues that the Ninth Circuit's "binding" ruling in *Moore* applies in this case. (Dkt. No. 23 at 8-12.) In *Moore*, the Ninth Circuit reversed the district court's dismissal order on the UCL, CLRA and False Advertising Law ("FAL") claims concluding that the plaintiffs adequately alleged these claims under Rule 12(b)(6) and Rule 9(b). *Moore*, 966 F.3d at 1016-17. In a footnote, the court rejected the defendants' additional argument that the plaintiffs could not seek equitable relief under the UCL or FAL because the CLRA provided an adequate legal remedy. *Id.* at 1021 n. 13. The court summarily stated that the UCL, FAL and CLRA "explicitly provide that remedies under each act are cumulative to each other." *Id.* Plaintiff argues that *Moore* resolved the split of authority in favor of allowing UCL claims to proceed with legal claims.

The Court disagrees. First, the footnote in *Moore* is dicta and not binding on this Court. Unlike *Sonner* which provided an analysis on equitable remedies in federal court, *Moore* makes a summary statement without any analysis or mention of *Sonner*. Moreover, as one district court noted, the court in *Moore* only stated that the remedies under the UCL, FAL, and CLRA are "cumulative with one another, not with separate legal remedies." *See In re Subaru Battery Drain Prods. Liab. Litig.,* Civil Action No.

---

[3] *Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945).

1:20-cv-03095-JHR-JS, 2021 WL 1207791, at *28 (D.N.J. Mar. 31, 2021) ("Plaintiffs cannot seek equitable remedies under the UCL and CLRA that are cumulative to their legal remedies."). In addition, all district courts that have been confronted with the argument that *Moore* should be the authority courts should follow instead of *Sonner* have all rejected the significance of the footnote in *Moore*. *See Sharma v. Volkswagen AG*, --- F. Supp. 3d ---, 2021 WL 912271, at *8 (N.D. Cal. Mar. 9, 2021) (rejecting plaintiffs' argument on applicability of *Moore*); *In re Subaru Battery Drain Prods. Liab. Litig.*, 2021 WL 1207791, at *28; *Audrey Heredia*, 2021 WL 819159, at *3 ("The Court, however, concludes that the clear holding in *Sonner*, not the dictum in *Moore*, controls whether Plaintiffs' UCL claim is subject to an "adequate legal remedy" requirement."); *IntegrityMessageBoards.com v. Facebook, Inc.*, 2020 WL 6544411, at *4. Finally, *Sonner*, and not *Moore*, actually resolved the split in authority on whether plaintiff must plead an inadequate remedy at law in order to seek equitable relief under the UCL and CLRA. *See Anderson v. Apple Inc.*, --- F. Supp. 3d ---, 2020 WL 6710101, at *7 (N.D. Cal. Nov. 16, 2020) (*Sonner* appears to have resolved the split in authority). Thus, the Court disagrees with Plaintiff's assertion that *Moore*'s analysis is sound and binding on this Court.

Plaintiff also argues that reliance on *Sonner* is misplaced due to the procedural posture of the case as the UCL claim along with a legal claim proceeded until the eve of trial. (Dkt. No. 23 at 14-15.) However, district courts have rejected a plaintiff's attempt to distinguish *Sonner* based on the procedural posture of the case. *See Teresa Adams v. Cole Haan, LLC*, Case No. Sacv 20-913 JVS (DFMx), 2020 WL 5648605, at *2 (C.D. Cal. Sept. 3, 2020) (procedural posture in *Sonner* did not affect analysis of the traditional division between law and equity); *Zaback v. Kellogg Sales Co.*, No. 20-00268 BEN MSB, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020) (collecting cases that have "applied Sonner to dismiss complaints in cases involving similar claims at the more familiar early stages of litigation"). In fact, in *Sonner,* the Ninth Circuit pointed out that the operative complaint did not allege that the plaintiff lacked an adequate legal remedy.

*See Sonner,* 971 F.3d at 844. This suggests that a plaintiff must plead inadequate legal remedies in the operative pleading to allege claims for equitable relief under the UCL and CLRA.

Plaintiff further attempts to distinguish *Sonner* by noting that Judge Seeborg, the district judge in the *Sonner* case, subsequently issued decisions in *Bland v. Sequel Nat. Ltd.*, No. 18-cv-04767-RS, 2019 WL 4674337 (N.D. Cal. Aug. 2, 2019) and *Marshall v. Danone US, Inc.*, 402 F. Supp. 3d 831 (N.D. Cal. Sept. 13, 2019) that distinguished his own decision in *Sonner*. The district court in *Sharma* rejected the same argument noting that Judge Seeborg decided both those cases before the Ninth Circuit's decision in *Sonner*. *Sharma,* 2021 WL 912271, at *7. For the same reasons, Plaintiff's reliance on Judge Seeborg's pre-*Sonner* cases is not supportive.

Finally, Plaintiff argues that under Rule 8, she may seek equitable claims in the alternative. (Dkt. No. 23 at 12-13.) Yet, all the cases she cites pre-date *Sonner*. On this same argument, the Court agrees with the district court in *Sharma* stating that "[t]he issue is not whether a pleading may seek distinct forms of relief in the alternative, but rather whether a prayer for equitable relief states a claim if the pleading does not demonstrate the inadequacy of a legal remedy. On that point, *Sonner* holds that it does not." *See Sharma*, 2021 WL 912271, at *8. Moreover, Plaintiff's reliance on *Moyle v. Liberty Mutual Retirement Benefit Plan*, 823 F.3d 948, 962 (9th Cir. 2016), for the proposition that Rule 8 allows "equitable remedies alongside a legal claim that separately 'provides adequate relief'", (Dkt. No. 23 at 13), is distinguishable as *Moyle* dealt with ERISA which has its own distinct purpose of protecting participants' and beneficiaries' interests. *See IntegrityMessageBoards.com,* 2020 WL 6544411, at *5 (rejecting the plaintiff's reliance on *Moyle* to support that argument that equitable remedies may be plead in the alternative). Therefore, Plaintiff's Rule 8 argument is not convincing to the Court.

In sum, the Court concludes that *Sonner* is binding on this Court and now considers whether Plaintiff has plausibly alleged an inadequate remedy at law. In its prior order, the Court granted Plaintiff leave to amend and explained that *Sonner* required

that Plaintiff must allege she "lacks an adequate legal remedy." (Dkt. No. 17 at 15-16.) In the SAC, Plaintiff solely adds the allegation, "In the event adequate legal remedies are lacking . . . Plaintiff and the class seek a court order enjoining the . . . wrongful acts and practices of Defendants and for restitution and disgorgement. (Dkt. No. 18, SAC ¶ 46; *see id.* ¶ 65.) A contingent event does not support an allegation that Plaintiff has an inadequate remedy at law. Plaintiff has not demonstrated that this allegation is sufficient to support equitable relief under *Sonner*. Accordingly, the Court GRANTS Defendants' motion to dismiss the UCL claim and the equitable relief she seeks in the CLRA claim.

## C. Breach of Implied Warranty of Merchantability

Defendants move to dismiss the breach of implied warranty claim because Plaintiff has not alleged she is in privity with Apple or that an exception to the privity requirement applies. (Dkt. No. 21-1 at 11-13.) Plaintiff responds that vertical privity is not required because she is a third-party beneficiary who purchased the gift card from a third party acting as an agent for Defendants. (Dkt. No. 23 at 16-18.)

On privity, the SAC now alleges, "Plaintiff and Class Members purchased the Apple gift cards from Apple gift card retailers that are agents of Defendants. However, the retailers were not intended to be the ultimate consumers of the Apple gift cards and have no implied warranty rights. Instead, Plaintiff and Class Members were the intended ultimate consumers of the Apple gift cards. As such, Plaintiff and Class Members assert their implied warranty rights as third party beneficiaries." (Dkt. No. 18, SAC ¶ 84.)

The California Commercial Code "implies a warranty of merchantability that goods '[a]re fit for ordinary purposes for which such goods are used.'" *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (quoting Cal. Com. Code § 2314(2)(c)). "Under California Commercial Code section 2314, . . . a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008); *All West Elecs., Inc. v. M–B–W, Inc.*, 64 Cal. App. 4th 717, 725 (1998) ("The general rule is that privity of contract is required in an action for breach of either express or implied warranty and that

there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale."); *Anthony v. Kelsey–Hayes Co.*, 25 Cal. App. 3d 442, 448 (1972) ("It is settled law in California that privity between the parties is a necessary element to recovery on a breach of an implied warranty of [merchantability or] fitness for the buyer's use, with exceptions not applicable here."). "A buyer and seller stand in privity if they are in adjoining links of the distribution chain." *Clemens,* 534 F.3d at 1023. An "end consumer" who "buys from a retailer is not in privity with a manufacturer." *Id.*

In *Clemens*, the Ninth Circuit identified a number of specific exceptions to the privity rule such as cases when a "plaintiff relies on written labels or advertisements of a manufacturer" and other "special cases involving foodstuffs, pesticides, and pharmaceuticals, and where the end user is an employee of the purchaser." *Id.* at 1023 (citing *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695-96 (1954); *Windham at Carmel Mountain Ranch Ass'n v. Superior Ct.,* 109 Cal. App. 4th 1162, 1169 (2003); *Fieldstone Co. v. Briggs Plumbing Prods., Inc.,* 54 Cal. App. 4th 357, 369 (1997); *Gottsdanker v. Cutter Labs.*, 182 Cal. App. 2d 602, 608 (1960)). A direct dealing exception to the privity requirement was also recognized by the court of appeal in *U.S. Roofing, Inc. v. Credit Alliance Corp*. 228 Cal. App. 3d 1431, 1442 (1991). *Cardinal Health 301, Inc. v. Tyco Electronics Corp*.,169 Cal. App. 4th 116, 138-39 (2008) (applying direct dealing exception). The Ninth Circuit noted that California "has painstakingly established the scope of the privity requirement under [ ] section 2314, and a federal court sitting in diversity is not free to create new exceptions to it." *Clemens,* 534 F.3d at 1024.

Before and after the Ninth Circuit ruling in *Clemens,* district courts in California have been split on whether an exception to the privity requirement exists for a breach of implied warranty of merchantability claim when a plaintiff can show that he or she was a third-party beneficiary of a contract between the defendant and a third party. *Compare Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 854 (N.D. Cal. 2018) (recognizing split in authority but adopting third-party beneficiary exception); *In re MyFord Touch Consumer*

*Litig.*, 46 F. Supp. 3d 936, 984 (N.D. Cal. 2014) ("the Court concludes that the third-party beneficiary exception remains viable under California law."); *In re Sony Vaio Computer Notebook Trackpad Litig.,* No. 09CV2109 BEN (RBB), 2010 WL 4262191, at *3 (S.D. Cal. Oct. 28, 2010) (finding that the plaintiffs had plausibly pleaded that the exception applied when they purchased a Sony laptop from Best Buy, which they alleged was an authorized Sony retailer and service facility); *Kearney v. Hyundai Motor Am.*, No. SACV09-1298-JST MLGX, 2010 WL 8251077, at *10 (C.D. Cal. Dec. 17, 2010) *with Skiathitis v. Nyko Techs., Inc.*, No. 18-3584, 2018 WL 6427360, at *11 (C.D. Cal. Sept. 12, 2018) ("The applicability of the third-party beneficiary exception to retail consumers like Plaintiffs is far from settled, but the Court concludes that the best reading of California law is that the exception does not apply."); *Xavier v. Philip Morris USA, Inc.*, 787 F. Supp. 2d 1075, 1083 (N.D. Cal. 2011) (finding that the exception does not apply because "[n]o reported California decision has held that the purchase of a consumer product may dodge the privity rule by asserting that he or she is a third-party beneficiary of the distribution agreements linking the manufacturer to the retailer who ultimately made the sale"); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005) (third-party beneficiary exception does not allow a consumer who purchased a laptop from BestBuy.com to bring a breach of implied warranty claim against the laptop manufacturer).

It is notable that "no published decision of a California court has applied this [third party beneficiary exception] doctrine in the context of a consumer claim against a product manufacturer." *Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1089 (S.D. Cal. 2019) (quoting *In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 787 (N.D. Cal. 2017)); *see also Xavier v. Philip Morris USA, Inc.,* 787 F.Supp.2d 1075, 1083 (N.D Cal. 2011) ("No reported California decision has held that the purchaser of a consumer product may dodge the privity rule by asserting that he or she is a third-party beneficiary of the distribution agreements linking the manufacturer to the retailer who ultimately made the sale.")

District courts that have adopted the third-party beneficiary exception theory rely on *Gilbert Fin. Corp. v. Steelform Contracting Co.*, 82 Cal. App. 3d 65, 69-70 (1978). In that case, the court of appeal reversed the trial court's dismissal of the breach of implied warranty claim for lack of privity made against a roofing sub-contractor and held that the plaintiff could bring such action for breach of an implied warranty of fitness against the sub-contractor because he, the owner of a building who was not named in the contract, was the intended third-party beneficiary of the contract between the contractor and the roofing subcontractor. *Id.* at 69-70. The court of appeal noted that it did not have to decide the privity issue because the plaintiff was a third-party beneficiary of the contract between the contractor and sub-contractor and could therefore sue for breach of the implied warranty of fitness. *Id.* at 69. *Gilbert* is specific to its facts and has limited bearing on this case. While courts are split on recognition of the third-party beneficiary exception to the privity requirement, the cases that recognize it require a plaintiff to show that he was a third-party beneficiary of a contract between the defendant and a third party. *In re NVIDIA GPU Litig.*, No. C 08-04312 JW, 2009 WL 4020104, at *7 (N.D. Cal. Nov. 19, 2009) (exception to the privity requirement for a breach of implied warranty of merchantability claim if a plaintiff can show that he was a third party beneficiary of a contract between the defendant and a third party); *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 924 (N.D. Cal. 2018) ("Huawei concedes that the relevant states allow plaintiffs to bring implied warranty claims in the absence of privity if the plaintiff shows that he was a beneficiary to a contract between the defendant and a third party.")

To the extent that California recognizes a third-party beneficiary exception to the privity requirement, Plaintiff has failed to allege a contract was entered into between Walmart and Apple for Plaintiff's benefit. Instead, Plaintiff merely alleges that the Apple gift card retailers "are agents of Defendants" and that "the retailers were not intended to be the ultimate consumers of the Apple gift cards and have no implied warranty rights. Instead, Plaintiff and Class Members were the intended ultimate consumers of the Apple

gift cards." (Dkt. No. 18, SAC ¶ 84.) These new allegations in the SAC fail to allege the existence of any contract between Walmart and Apple that benefitted Plaintiff.

Accordingly, Plaintiff has not alleged privity or any recognized privity exception adopted by the Ninth Circuit or California courts. Thus, the implied breach of warranty claim fails to state a claim and the Court GRANTS Defendants' motion to dismiss the breach of implied warranty of merchantability claim.

**D.    Leave to Amend**

In opposition, Plaintiff seeks leave to amend in the event the Court dismisses any part of the SAC. (Dkt. No. 23 at 18.)

Where a motion to dismiss is granted, leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto,* 957 F.2d at 658 (quoting S*chreiber Distrib. Co.*, 806 F.2d at 1401)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto,* 957 F.2d at 658*; Schreiber,* 806 F.2d at 1401. Here, because Plaintiff has failed to cure the deficiencies previously identified, the Court DENIES Plaintiff leave to amend.

## Conclusion

Based on the reasoning above, the Court GRANTS Defendants' partial motion to dismiss the UCL claim, the equitable relief sought in the CLRA claim and the breach of implied warranty of merchantability claim without leave to amend.

IT IS SO ORDERED.

Dated:  May 3, 2021

Hon. Gonzalo P. Curiel
United States District Judge