**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:   (213) 239-5100
Facsimile:    (213) 239-5199

Attorneys for Defendants
Apple Inc. and Apple Value Services, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC. and APPLE VALUE SERVICES, LLC,<br><br>Defendants. | Case No. 3:20-cv-1629-GPC-BLM<br><br>The Honorable Gonzalo P. Curiel<br><br>**APPLE'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT** |

Defendants Apple Inc. and Apple Value Services, LLC ("Apple"), by and through their attorneys, hereby answer Plaintiff's Second Amended Class Action Complaint ("Complaint") and state their defenses thereto as follows:

## NATURE OF ACTION

1.    This is a consumer class action on behalf consumers nationwide, and in California, who purchased a defective, unsecure and valueless Apple gift card.

Answer: Apple admits that Plaintiff purports to bring this lawsuit as a putative class action on behalf of consumers nationwide and in California, but denies that Plaintiff has properly brought this lawsuit as a class action or that class certification is appropriate. Apple denies the remaining allegations of Paragraph 1 of the Complaint.

2.    Throughout the Class Period, defined below, Defendants manufactured, marketed, sold and/or distributed Apple gift cards Defendants knew, or should have known, were subject to an ongoing scam wherein the funds on the gift cards are fraudulently redeemed by third parties accessing the Personal Identification Number ("PIN") prior to use by the consumer.

Answer: Denied.

3.    Rather than take simple preventative measures to curb the known and rampant fraudulent conduct and/or warn consumers that the Apple gift card funds are easily susceptible to theft upon purchase, Defendants perpetuated the fraud by staying silent, refusing to refund consumers that complained when they discovered their Apple gift cards were valueless, and failing to implement and maintain reasonable security procedures and practices appropriate to protect consumers' personal information.

Answer: Denied.

4.    As a result, Defendants have caused Plaintiff and other similarly situated consumers to purchase a product, which is not secure and does not perform as represented. Plaintiff and other similarly situated consumers have been harmed in the amount they paid for the gift cards, plus interest.

Answer: Denied.

5.      Plaintiff brings this action on behalf of herself and all other similarly situated consumers to halt Defendants' dissemination of unsecure Apple gift cards, correct the false and misleading perception it has created in the minds of consumers that the Apple gift cards are secure and of good quality, and to obtain redress for those who have purchased the faulty Apple gift cards.

Answer: Apple admits that Plaintiff purports to bring this lawsuit as a putative class action on behalf of herself and similarly situated consumers, but denies that Plaintiff has properly brought this lawsuit as a class action or that class certification is appropriate. Apple denies the remaining allegations of Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1332(d)(2), which grants the District Court original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action with minimal diversity. The statutes under which this action is brought do not specify any other basis for jurisdiction.

Answer: Paragraph 6 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Apple admits that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

7.      This Court has jurisdiction over all Defendants because, upon information and belief, they are either citizens of California, have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

Answer: Paragraph 7 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Apple admits that this Court has personal jurisdiction over Apple.

8.      On information and belief, Defendants distribute, market and sell their products in San Diego County and throughout California, and each defendant is within the

jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.

Answer: Paragraph 8 of the Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Apple admits that it is properly subject to service of process in this Court and denies the remaining allegations of Paragraph 8 of the Complaint.

9.    Venue as to each defendant is proper in this judicial district, pursuant to 28 U.S.C. § 1391 because Defendants are business entities that (i) are subject to personal jurisdiction in this District, do substantial business in this District and/or (ii) committed the wrongful conduct against certain members of the Class in this District.

Answer: Paragraph 9 of the Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Apple admits that venue is proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

10.    Plaintiff Rachael Shay is and was at all relevant times during the Class Period defined herein, an individual residing in San Diego County, California. On April 3, 2020, Plaintiff purchased a $50 Apple gift card from Walmart in Encinitas, California, as a gift for her son. The gift card was solely in her possession until she gave it to her son. When her son attempted to load the gift card he received a message indicating that the gift card had already been redeemed. Plaintiff contacted Apple and was told the gift card was redeemed by another account on April 3, 2020, the same day she purchased the gift card, and the card no longer had any value. For security reasons, Defendants would not provide Plaintiff with any additional information about the owner account that redeemed the code, other than it was an account unrelated to Plaintiff and/or her son. Plaintiff was then told there was nothing else Defendants could do for her, that her case was closed and any further contact would go unanswered. Had Plaintiff known the truth about Defendants' defective gift cards, she would not have purchased it. As a result of her purchase, Plaintiff suffered injury in fact and lost money.

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

Answer: Apple denies that its gift cards are "defective" in any way, denies that Plaintiff suffered any "injury in fact," and denies that there is any connection between Apple's conduct and Plaintiff's allegedly "lost money." Apple lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 10 of the Complaint and on that basis denies those allegations.

11. Defendant Apple, Inc. is a multinational technology company headquartered in Cupertino, California, that designs, develops, and sells consumer electronics, computer software, and online services.

Answer: Apple denies the characterization of the digital content available through its online platforms as "services." Apple admits the remaining allegations of Paragraph 11 of the Complaint.

12. Defendant Apple Value Services, LLC is a subsidiary of Apple, Inc. with its headquarters also in Cupertino, California, and is responsible for "issuing and managing" Apple gift cards in the United States.

Answer: Apple admits that Apple Value Services, LLC is a subsidiary of Apple Inc. (incorrectly identified in Paragraph 12 as "Apple, Inc."), which is headquartered in Cupertino, California. Apple admits that Apple gift cards are issued and managed by Apple Value Services, LLC, which is a Virginia limited liability company with its principal place of business in Cupertino, California.

13. Defendants manufacture, market, sell and/or distribute gift cards to thousands of consumers across the country and in the State of California.

Answer: Admitted.

14. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues these defendants by such fictitious names under California Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated, herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to

amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as Does when such identities become known. Throughout this complaint, the term "Defendants" shall include defendants Does 1 to 10, inclusive.

Answer: Apple lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 14 of the Complaint and on that basis denies those allegations.

## FACTUAL ALLEGATIONS

15. Throughout the Class period, Defendants have manufactured, marketed, sold and/or distributed Apple gift cards on a nationwide basis, and throughout California, in a uniform and similar fashion.

Answer: Apple admits that it has manufactured, marketed, sold, and distributed Apple gift cards throughout California and the United States throughout the putative class period, but denies that it did so in a "uniform and similar fashion."

16. The Apple gift cards are sold online and through Defendants' various retailers and may be used to access Defendants' various online services, including services available through the App Store and iTunes.

Answer: Apple admits that its gift cards are sold online, at the Apple Store, and through various third-party retailers. Apple denies Plaintiff's characterization of these third-party retailers as "Defendants'" retailers. Apple admits that its gift cards can be used to purchase digital content available through the App Store and iTunes, but denies Plaintiff's characterization of this content as "services."

17. Apple gift cards contain a Personal Identification Number ("PIN") covered with silver scratch off tape. When a consumer purchases a new Apple gift card, the PIN is activated so that it can be loaded onto a consumer's Apple account to use for Apple services. Upon information and belief (and as the acronym suggests), the Apple gift card PINs contain "personal information" associated with and/or reasonably linked, directly or indirectly, with the purchasing consumer upon activation.

Answer: Apple admits that its gift cards contain a redemption code, that the redemption code is activated upon purchase, and that the redemption code can be used to

load stored value onto a consumer's Apple ID account.  Apple admits that certain versions of its gift cards included silver scratch off tape that covered the redemption code, but denies that all versions of its gift cards include silver scratch off tape that covers the redemption code and denies that its current gift cards include silver scratch off tape.  Apple denies the remaining allegations of Paragraph 17 of the Complaint.

18.    Upon information and belief, due to Defendants' defective design, manufacture and/or packaging of the Apple gift cards, including Apple's failure to implement and maintain reasonable security procedures and practices to properly secure the Apple gift cards, the Apple gift cards are targeted by thieves who electronically access the Apple gift cards at the point of sale and redeem the funds activated by the consumer. Subsequently, when a consumer attempts to load a newly activated Apple gift card, the gift card registers as "redeemed" and is valueless.

Answer: Apple denies that the design, manufacture, and/or packaging of its gift cards is defective in any way and denies that it failed to implement and maintain reasonable security procedures and practices to properly secure those gift cards.  Apple lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 18 of the Complaint and on that basis denies those allegations.

19.    Unbeknownst to Plaintiff, the Apple gift card she purchased as a birthday gift for her son was subject to fraudulent conduct at the point of sale.  Upon information and belief, after activating the gift card, third parties intercepted the activated funds leaving Plaintiff with a valueless card.  Consequently, when Plaintiff's son went to redeem the funds, Plaintiffs son received a message that the funds had already been redeemed.

Answer: Apple lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 19 of the Complaint and on that basis denies those allegations.

20.    When Plaintiff called Apple to complain, Apple informed Plaintiff that the gift card was already redeemed, and the card no longer had any value.  For security reasons, Defendants would not provide Plaintiff with any additional information about who redeemed the code, other than it was an account unrelated to Plaintiff and/or her son.

Plaintiff was then told there was nothing else Apple could do for her, that her case was closed, and any further contact would go unanswered.

Answer: Apple lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 20 of the Complaint and on that basis denies those allegations.

21.   Upon information and belief, Apple maintains records indicating when the Apple gift cards are activated, when they are redeemed, and how and where they are redeemed.

Answer: Apple admits that it maintains certain records indicating when its gift cards are activated, when they are redeemed, and how and where the funds on the gift cards are spent.

22.   Upon information and belief, Defendants maintain exclusive knowledge of material facts regarding the Apple gifts cards not known to Plaintiff and Class Members – i.e. that the Apple gift cards they sell to consumers are defective, unsecure and easily subject to known fraud – yet Defendants actively concealed and/or suppressed those material facts from Plaintiff and Class Members.  As such, Defendants had a duty to disclose to Plaintiff and Class Members that the Apple gift cards were defective in design, manufacture and/or packaging, and Apple's failed to implement and maintain reasonable security procedures and practices to properly secure the Apple gift cards.

Answer: Denied.

23.   The existence of numerous complaints from consumers regarding the unsecure and valueless Apple gift cards are sufficient to put Apple on notice that the funds on the gift cards were not guaranteed to be secure upon purchase.

Answer: Denied.

24.   Despite this knowledge, Apple failed to take adequate and reasonable measures to ensure that third parties did not tamper with its gift cards and to date continues to sell the Apple gift cards easily prone to security breaches and theft as described herein.

Answer: Denied.

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

25.    Apple also failed to disclose to Plaintiff and Class Members that Apple did not safeguard the gift cards and/or the gift card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with.

Answer: Denied.

26.    Apple failed to inform or disclose to the public, including Plaintiff and Class Members, that it was aware of an ongoing fraud with the Apple gift cards, making it probable that the funds on Apple gift cards could be easily accessed and stolen by third parties. Apple also failed to disclose that its policy and practice was *not* to refund or replace the value of the Apple gift cards subjected to the known fraud.

Answer: Denied.

27.    Apple failed to inform or disclose to the public, including Plaintiff and Class Members, that its Apple gift card policies and security practices were inadequate to safeguard customers' Apple gift card accounts and personal identifying information against theft.

Answer: Denied.

28.    Plaintiff and Class Members had a reasonable expectation that Apple would maintain their Apple gift card funds and gift card account information secure.

Answer: Denied.

29.    As a direct and proximate cause of Apple's conduct, Plaintiff and Class Members suffered injury in the amount of money loaded onto the gift cards.

Answer: Denied.

30.    Had Apple disclosed to Plaintiff and Class Members that Apple did not have adequate systems, policies, and security measures in place to secure customers' Apple gift card account information and Apple gift card funds, Plaintiff and Class Members would not have purchased the Apple gift cards.

Answer: Apple denies that it "did not have adequate systems, policies, and security measures in place." Apple lacks sufficient knowledge or information to admit or deny the

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

remaining allegations of Paragraph 30 of the Complaint and on that basis denies those allegations.

31.     Defendants have reaped enormous profits from their unlawful, unfair and deceptive business practices.

Answer: Denied.

## CLASS DEFINITION AND ALLEGATIONS

32.     Pursuant to California Code of Civil Procedure 3 Rule 23(a), (b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and on behalf of all members of the following class and subclass of similarly situated individuals:

Nationwide Class:

All consumers in the United States who purchased an Apple gift card wherein the funds on the Apple gift card was redeemed prior to use by the consumer. Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Apple gift cards for the purpose of resale.

California Subclass:

All consumers in the State of California who purchased an Apple gift card wherein the funds on the Apple gift card was redeemed prior to use by the consumer. Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Apple gift cards for the purpose of resale.

Answer: Paragraph 32 of the Complaint consists of a definition of the putative class and subclass, to which no response is required.  To the extent a response is required, Apple admits that Plaintiff purports to assert her claims on behalf of the putative classes defined in Paragraph 32 of the Complaint but denies that class certification is appropriate.

33.     Numerosity. On information and belief, the Nationwide Class and California Subclass (collectively, the "Class" or "Class Members") are each so numerous that joinder of all members of the Class is impracticable.  Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of Apple gift cards who have been

9

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

damaged by Defendants' conduct as alleged herein. The precise number of Class Members is unknown to Plaintiff but estimated to be in the thousands.

Answer: Paragraph 33 of the Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Apple denies the allegations of Paragraph 33 of the Complaint.

34. Existence and Predominance of Common Questions of Law and Fact. This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, the following:

a. Whether Defendants knew, or should have known, that the Apple gift cards were defective, unsecure and easily susceptible to fraud and/or theft;

b. Whether Defendants had a duty to disclose to Plaintiff and Class Members of the probability and/or possibility of an ongoing fraud with the Apple gift cards, making it probable that the funds on Apple gift cards could be easily accessed and stolen by third parties;

c. Whether Defendants owed a duty to Plaintiff and the Class Members to provide security measures to ensure that its systems and networks, and the personnel responsible for them, adequately protected the personal information of consumers;

d. Whether the PIN on the Apple gift cards constitutes personal information;

e. Whether Defendants had a duty to disclose to Plaintiff and Class Members that Apple did not safeguard the gift cards and/or the gift card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with;

f. Whether Apple failed to take adequate and reasonable measures to ensure that third parties did not tamper with its gift cards;

10

g.   Whether Defendants had a duty to disclose to Plaintiff and Class Members that its Apple gift card policies and security practices were inadequate to safeguard customers' gift card accounts and personal identifying information against theft;

h.   Whether Defendants' alleged conduct violates public policy;

i.   Whether the alleged conduct constitutes violations of the laws asserted;

j.   Whether Defendants engaged in unlawful, unfair or fraudulent business practices;

k.   Whether Plaintiff and Class Members have sustained monetary loss and the proper measure of that loss; and

l.   Whether Plaintiff and Class Members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

Answer: Paragraph 34 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Apple denies the allegations of Paragraph 34 of the Complaint.

35.   Typicality. Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia,* all Class Members were injured through the uniform misconduct described above and were subject to Defendants' deceptive claims that accompanied each and every gift card that Defendants sold.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

Answer: Paragraph 35 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Apple denies the allegations of Paragraph 35 of the Complaint.

36.   Adequacy of Representation. Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

Answer: Paragraph 36 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Apple denies the allegations of Paragraph 36 of the Complaint.

37.    Superiority. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members is relatively small compared to the burden and expense that would be required to individually litigation their claims against Defendants. It would thus be virtually impossible for Plaintiff and Class Members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

Answer: Paragraph 37 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Apple denies the allegations of Paragraph 37 of the Complaint.

38.    The Class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

Answer: Paragraph 38 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Apple denies the allegations of Paragraph 38 of the Complaint.

39.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

prevent Defendants from engaging in the acts described and requiring Defendants to provide full restitution to Plaintiff and Class Members.

Answer: Apple admits that Plaintiff purports to seek preliminary and permanent injunctive and equitable relief on behalf of the putative class, but denies that such relief is appropriate.  Answering further, Apple responds that the Court has dismissed all of Plaintiff's claims to the extent they seek equitable relief.

40.    Unless a Class is certified, Defendants will retain monies received as a result of its conduct that were taken from Plaintiff and Class Members. Unless an injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

Answer: Denied.

## COUNT I

### Violations of the Consumers Legal Remedies Act

### California Civil Code §1750 *et seq.*

41.    Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

Answer: Apple repeats and re-alleges its responses to all preceding paragraphs as if fully set forth herein.

42.    Plaintiff brings this claim individually and on behalf of the Class.

Answer: Paragraph 42 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Apple admits that Plaintiff purports to bring this claim individually and on behalf of the putative class but denies that class certification is appropriate.

43.    This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* (the "CLRA").  Plaintiff is a "consumer" as defined by California Civil Code § 1761(d).  Defendants' Apple gift cards are "goods" within the meaning of the CLRA.

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

Answer: Paragraph 43 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Apple admits that Plaintiff purports to bring this cause of action pursuant to the CLRA.  Apple lacks sufficient information to admit or deny the remaining allegations of Paragraph 43 of the Complaint and on that basis denies those allegations.

44.   Defendants violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Apple gift cards:

(5) Representing that [the gift cards have] . . . approval, characteristics , . . uses [and] benefits . . . which [they do] not have . . . .

* * *

(7) Representing that [the gift cards are] of a particular standard, quality or grade . . . if [they are] of another.

* * *

(9) Advertising goods . . . with intent not to sell them as advertised.

* * *

(16) Representing that [the gift cards have] been supplied in accordance with a previous representation when [they have] not.

Answer: Denied.

45.   Defendants violated the CLRA by representing and failing to disclose material facts about the gift cards, as described above, when they knew, or should have known, that the representations were false and misleading and that the omissions were of material facts they were obligated to disclose.

Answer: Denied.

46.   In the event adequate legal remedies are lacking, and pursuant to § 1782(d) of the CLRA, Plaintiff and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

14

Answer: Paragraph 46 consists of a summary of the remedies Plaintiff seeks in connection with her claim under the CLRA, to which no response is required. To the extent a response is required, Apple admits that Plaintiff purports to seek restitution and disgorgement, but denies that Plaintiff is entitled to such relief. Answering further, the Court has dismissed this claim with prejudice to the extent it purports to seek restitution, disgorgement, or any other equitable relief.

47. Pursuant to § 1782 of the CLRA, Plaintiff notified Defendants in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act. A copy of the letter is attached hereto as **Exhibit A**.

Answer: Apple admits that it received a notice and demand letter from Plaintiff's counsel attached as Exhibit A, states that this letter speaks for itself, and denies Plaintiff's allegations, if any, as to the legal effect of this letter.

48. Defendants have failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the Act. Accordingly, Plaintiff seeks actual, punitive and statutory damages, as appropriate, under § 1780 of the Act.

Answer: Apple admits that Plaintiff purports to seek the relief set forth in Paragraph 48 of the Complaint, but denies that Plaintiff is entitled to such relief. Apple denies the remaining allegations of Paragraph 48 of the Complaint.

49. Defendants' conduct is fraudulent, wanton and malicious.

Answer: Denied.

50. Pursuant to § 1780(d) of the CLRA, attached hereto as **Exhibit B** is the affidavit showing that this action has been commenced in the proper forum.

Answer: Apple admits that Plaintiff submitted an affidavit of venue along with her Complaint. Apple denies the remaining allegations, if any, of Paragraph 50 of the Complaint.

## COUNT II

### Violation of the Unfair Competition Law ("UCL")

### Business & Professions Code § 17200, *et seq.*

51.   Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

Answer:   No response is required to Paragraph 51 of the Complaint because the Court has dismissed this cause of action with prejudice.

52.   Plaintiff brings this claim individually and on behalf of the Class.

Answer: No response is required to Paragraph 52 of the Complaint because the Court has dismissed this cause of action with prejudice.

53.   Business & Professions Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendants have violated Business & Professions Code § 17200.

Answer: No response is required to Paragraph 53 of the Complaint because the Court has dismissed this cause of action with prejudice.

54.   In the course of conducting business, Defendants committed unlawful business practices by, *inter alia,* making the misrepresentations, as set forth more fully herein. Defendants have violated California Civil Code §§ 1572, 1573, 1709, 1711, 1770(a)(5), (7), (9) and (16); California Business & Professions Code §§ 17200 *et seq.;* and the common law, including negligent misrepresentation and breach of implied warranty of merchantability. Defendants' above-described wrongful acts and practices constitute actual and constructive fraud within the meaning of Civil Code §§ 1572 and 1573, as well as deceit, which is prohibited under Civil Code §§ 1709 and 1711.

Answer: No response is required to Paragraph 54 of the Complaint because the Court has dismissed this cause of action with prejudice.

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

55.    Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

Answer: No response is required to Paragraph 55 of the Complaint because the Court has dismissed this cause of action with prejudice.

56.    Defendants' actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia,* Defendants engaged in unfair business practices, misrepresented and omitted material facts regarding the Apple gift cards, and thereby offended an established public policy, and engaged in unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

Answer: No response is required to Paragraph 56 of the Complaint because the Court has dismissed this cause of action with prejudice.

57.    As stated in this complaint, Plaintiff alleges violations of consumer protection and unfair competition laws in California, resulting in harm to consumers throughout the United States. Defendants' acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code § 17200, *et seq.*

Answer: No response is required to Paragraph 57 of the Complaint because the Court has dismissed this cause of action with prejudice.

58.    There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

Answer: No response is required to Paragraph 58 of the Complaint because the Court has dismissed this cause of action with prejudice.

59.    Business & Professions Code § 17200 *et seq.,* also prohibits any "fraudulent business act or practice."

Answer: No response is required to Paragraph 59 of the Complaint because the Court has dismissed this cause of action with prejudice.

17

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

60.    Defendants' actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code § 17200 *et seq.*

Answer: No response is required to Paragraph 60 of the Complaint because the Court has dismissed this cause of action with prejudice.

61.    Defendants' advertising, labeling and packaging as described herein also constitutes unfair, deceptive, untrue and misleading advertising.

Answer: No response is required to Paragraph 61 of the Complaint because the Court has dismissed this cause of action with prejudice.

62.    Defendants' conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members. Plaintiff and Class Members have suffered injury in fact and have lost money as a result of Defendants' unfair conduct.

Answer: No response is required to Paragraph 62 of the Complaint because the Court has dismissed this cause of action with prejudice.

63.    As a result of its deception, Defendants have been able to reap unjust revenue and profit.

Answer: No response is required to Paragraph 63 of the Complaint because the Court has dismissed this cause of action with prejudice.

64.    Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

Answer: No response is required to Paragraph 64 of the Complaint because the Court has dismissed this cause of action with prejudice.

65.    In the event adequate legal remedies are lacking, Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Class as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising, and all other relief this Court deems appropriate, consistent with Business & Professions Code § 17200.

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

Answer: No response is required to Paragraph 65 of the Complaint because the Court has dismissed this cause of action with prejudice.

## COUNT III

### Negligent Misrepresentation

66.   Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

Answer: Apple repeats and re-alleges its responses to all preceding paragraphs as if fully set forth herein.

67.   Plaintiff brings this claim individually and on behalf of the Class.

Answer: Paragraph 67 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Apple admits that Plaintiff purports to bring this claim individually and on behalf of the putative class but denies that class certification is appropriate.

68.   In the course of its business, Defendants misrepresented to Plaintiff and Class Members that Defendants were selling Apple gift cards that were original, usable, secure, valuable, and free from fraud, tampering or compromise.

Answer: Denied.

69.   Defendants had no reasonable grounds to believe these misrepresentations were true.

Answer: Denied.

70.   Defendants failed to inform or disclose to the public, including Plaintiff and Class Members, that Defendants were aware of an ongoing fraud with the Apple gift cards, making it probable that the value of Apple gift cards could be accessed and stolen by third parties. Defendants also failed to disclose that Defendants policy and practice was to not refund or replace the value of the Apple gift cards subjected to this fraud.

Answer: Denied.

19
ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

71.     Defendants also failed to disclose to the public, including Plaintiff and Class Members, that Defendants did not safeguard the gift cards and/or the gift card accounts to prevent the fraud and/or ensure that the gift cards were not tampered with.

Answer: Denied.

72.     Defendants also failed to inform or disclose to the public, including Plaintiff and Class Members, that its Apple gift card policies and security practices are inadequate to safeguard customers' Apple gift card accounts and personal identifying information against theft.

Answer: Denied.

73.     Defendants intended to induce Plaintiff and Class Members to rely on its misrepresentations and omissions because they knew Plaintiff and Class Members would not have purchased the Apple gift cards had they known the Apple gift cards, as well as their personal information attached to the gift cards, was subject to an ongoing fraud.

Answer: Denied.

74.     Defendants made these representations and omissions as to Plaintiff and the Class Members in connection with their purchase of the Apple gift cards.

Answer: Denied.

75.     There representations and omissions were material to Plaintiff's and Class Members' decision to purchase the Apple gift cards.

Answer: Denied.

76.     Plaintiff and Class Members justifiably relied on Defendants' misrepresentations and omissions about the Apple gift cards because Defendants' had superior knowledge about the ongoing Apple gift card fraud.

Answer: Denied.

77.     As a direct and proximate cause of Plaintiff and Class Members' reliance on Defendants misrepresentations and omissions about the Apple gift cards, Plaintiff and Class Members suffered pecuniary loss in an amount determined to be fair and reasonable, but which is equivalent to the funds loaded onto the Apple gift cards that was lost.

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

Answer: Denied.

## COUNT IV

### Breach of Implied Warranty of Merchantability

78.    Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above, as if fully set forth herein.

Answer: No response is required to Paragraph 78 of the Complaint because the Court has dismissed this cause of action with prejudice.

79.    Plaintiff brings this claim individually and on behalf of the Class.

Answer: No response is required to Paragraph 79 of the Complaint because the Court has dismissed this cause of action with prejudice.

80.    A warranty that the Apple gift cards were in merchantable quality and condition is implied by law pursuant to California Commercial Code § 2314.

Answer: No response is required to Paragraph 80 of the Complaint because the Court has dismissed this cause of action with prejudice.

81.    Defendants impliedly warranted that the Apple gift cards were of good and merchantable condition and quality— fit for sale for their ordinary intended use.

Answer: No response is required to Paragraph 81 of the Complaint because the Court has dismissed this cause of action with prejudice.

82.    The Apple gift cards were not merchantable or fit for their ordinary intended purpose at the time they left Defendants' possession.  Defendants knew the Apple gift cards were frequently subject to an ongoing scam, yet Defendants failed to take simple preventative measures to curb the known and rampant fraudulent conduct and/or warn consumers that the funds they activated on the Apple gift cards may be stolen upon purchase.  Instead, Defendants perpetuated the fraudulent conduct by staying silent and refusing to refund consumers that complained when they discovered their gift cards were defective and had no value.  Thus, the Apple gift cards, when sold and at all times thereafter, were not in merchantable condition or quality and are not fit for their ordinary intended purpose.

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

Answer: No response is required to Paragraph 82 of the Complaint because the Court has dismissed this cause of action with prejudice.

83.    By virtue of the conduct described herein and throughout this Complaint, Defendants breached the implied warranty of merchantability.

Answer: No response is required to Paragraph 83 of the Complaint because the Court has dismissed this cause of action with prejudice.

84.    Plaintiff and Class Members purchased the Apple gift cards from Apple gift card retailers that are agents of Defendants.  However, the retailers were not intended to be the ultimate consumers of the Apple gift cards and have no implied warranty rights.  Instead, Plaintiff and Class Members were the intended ultimate consumers of the Apple gift cards. As such, Plaintiff and Class Members assert their implied warranty rights as third party beneficiaries.

Answer: No response is required to Paragraph 84 of the Complaint because the Court has dismissed this cause of action with prejudice.

85.    Plaintiff and class members have been damaged as a direct and proximate result of Defendants' breach of the implied warranty.

Answer: No response is required to Paragraph 85 of the Complaint because the Court has dismissed this cause of action with prejudice.

86.    Plaintiff and Class Members have performed each and every duty required of them under the terms of the warranties, except as may have been excused or prevented by the conduct of Defendants or by operation of law in light of Defendants' unconscionable conduct.

Answer: No response is required to Paragraph 86 of the Complaint because the Court has dismissed this cause of action with prejudice.

87.    Defendants received timely notice regarding the problems at issue in this litigation and, not withstanding such notice, Defendants have failed and refused to offer an effective remedy.

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

Answer: No response is required to Paragraph 87 of the Complaint because the Court has dismissed this cause of action with prejudice.

88.     As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff and Class Members were caused to suffer economic damage.

Answer: No response is required to Paragraph 88 of the Complaint because the Court has dismissed this cause of action with prejudice.

## PRAYER

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the other members of the Class, request award and relief as follows:

1.     Certifying the Class and California Subclass as requested herein;

2.     Awarding Plaintiff and the proposed Class Members damages;

3.     Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class Members;

4.     Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices as set forth herein and directing Defendants to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

5.     Ordering Defendants to engage in a corrective advertising campaign;

6.     Awarding attorneys' fees and costs; and

7.     Providing such further relief as may be just and proper.

Answer: Plaintiff's Prayer consists of a summary of the relief she seeks, to which no response is required.  To the extent a response is required, Apple admits that Plaintiff purports to seek the relief set forth in her Prayer, denies that Plaintiff is entitled to any relief whatsoever (including because the Court has dismissed with prejudice Plaintiff's claims for equitable relief), and prays that Plaintiff take nothing by way of her Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action and/or issues so triable.

Answer: Apple demands a jury trial on all causes of action and/or issues so triable.

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

### STATEMENT OF DEFENSES

The following statement of defenses is not intended to characterize any particular defense as "affirmative," nor to specify which party bears the burden of proof or persuasion on a particular issue.

### FIRST DEFENSE (NO MISREPRESENTATION)

Plaintiff's claims are barred, in whole or in part, because Apple made no misrepresentations about its gift cards, nor any false representation that the gift cards at issue have any characteristics, uses, and benefits that they do not have. To the contrary, at the time the gift cards at issue left Apple's possession, those gift cards worked as intended and as advertised and were original, usable, secure, valuable, and free from fraud, tampering, or compromise.

### SECOND DEFENSE (NO DUTY TO DISCLOSE)

Plaintiff's claims are barred because Apple did not have a duty to disclose that gift cards may be subject to third-party theft at retail stores and/or that Apple would not refund stolen cards, as the potential that a gift card may be compromised by third-party scammers at the point of retail purchase is not a physical defect that bears upon the central function of the card and is not otherwise a material fact Apple is obligated to disclose.

### THIRD DEFENSE (DISCLAIMER/WAIVER)

At all relevant times, Apple disclaimed liability for any loss or damage resulting from lost or stolen cards or for use without permission. Accordingly, at all relevant times, Plaintiff knew that she would not be entitled to a refund when gift card funds were stolen by third-party thieves, or she ignored information on packaging that disclosed this fact. Because Plaintiff knew, or should have known, that the gift cards could be stolen by third parties and that she would not be entitled to a refund due to theft, her claims are barred in whole or in part by the doctrine of waiver.

### FOURTH DEFENSE (LACK OF JUSTIFIABLE RELIANCE)

At all relevant times, Apple disclosed that it would not be responsible for any loss or damage resulting from lost or stolen cards or for use without permission. In light of that

disclaimer, as well as other warnings relating to the risk of gift card scams, Plaintiff could not have justifiably and reasonably relied on Apple's purported misrepresentations and/or omissions, if any, regarding the risk of gift card scams.

### FIFTH DEFENSE (FAULT OF OTHERS)

Plaintiff's damages, if any, resulted from the criminal acts of third-party scammers who were beyond Apple's control and whose conduct breaks the chain of causation between Apple's alleged acts and/or omissions and Plaintiff's alleged damages.  Moreover, Plaintiff's damages, if any, also resulted from the negligent acts of the retailer from whom she purchased her gift card, and Apple's liability is barred or reduced in proportion to the fault of that retailer in failing to secure the gift card she allegedly purchased.

### SIXTH DEFENSE (STATE OF THE ART)

At all relevant times, the design of Apple's gift cards was as secure as it could reasonably have been in light of the state of the technical and scientific knowledge at the time Apple designed and manufactured those gift cards, and Apple accordingly cannot be held liable for any purported defects in the design of its gift cards.

### SEVENTH DEFENSE (STATUTE OF LIMITATIONS)

Plaintiff's claims are barred to the extent that they seek damages beyond the three-year statute of limitations applicable to her claim under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, and her claim for negligent misrepresentation.

### EIGHTH DEFENSES (NO GOODS OR SERVICES)

Plaintiff's claim under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, is barred because the Apple gift cards at issue are not "goods" or "services" within the meaning of section 1761(a) of the California Civil Code.

### NINTH DEFENSE (RESERVATION OF ADDITIONAL DEFENSES)

Apple hereby reserves the right to amend its Answer to raise additional defenses as they become available or apparent to Apple through discovery in this matter or otherwise.

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM

DATED:  May 24, 2021

JENNER & BLOCK LLP

By:  s/  Kate T. Spelman

Attorney for Defendants
Apple Inc. and Apple Value Services, LLC
E-mail: kspelman@jenner.com

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-1629-GPC-BLM