**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:   (213) 239-5100
Facsimile:    (213) 239-5199

Attorneys for Defendants
Apple Inc. and Apple Value Services, LLC

(additional counsel on signature page)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

RACHAEL SHAY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

APPLE INC. and APPLE VALUE SERVICES, LLC,

Defendants.

Case No. 3:20-cv-1629-GPC-BLM

The Hon. Barbara L. Major

**JOINT MOTION FOR ENTRY OF ESI PROTOCOL**

Plaintiff Rachael Shay and Defendants Apple Inc. and Apple Value Services, LLC , hereby agree that the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in this case and jointly move for entry of an Order governing discovery of ESI in accordance with the agreed-upon Protocol set forth herein:

1.    **Custodian names and search terms to be exchanged.**  The parties shall meet and confer to reach agreement on a reasonable list of custodians for purposes of collection, review and production of electronically stored information.  In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case. The parties then shall meet and confer to reach agreement on document custodians and also shall meet and confer to reach agreement on search terms to be used for electronic searches of the files from those custodians.  ESI, including, but not limited to electronic files and email, shall be collected for each individual custodian from the personal computers, network resources, and other electronic devices that those individuals use for work purposes.  Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents).  The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results. The parties shall make good faith efforts to identify appropriate email custodians and produce email on the agreed upon schedule, but reserve the right to seek email from additional email custodians identified through discovery.

2.    **Format for production of documents – documents existing in electronic format.**  Except as otherwise provided for in this Protocol, all documents existing in

JOINT MOTION FOR ENTRY OF ESI PROTOCOL

CASE NO. 3:20-CV-1629-GPC-BLM

electronic format shall be produced in multiple page, searchable PDF format at a resolution of at least 300 dpi in accordance with the following:

A.    PDF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

B.    For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable.  For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

C.    **Metadata.**    Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

D.    **Production media and encryption of productions.**  Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. The producing party shall encrypt the production data using WinRAR encryption, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved.

3.    **Format for production of documents – hardcopy or paper documents.**  All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

4.    **Parent and child emails.**  The parties shall produce email attachments sequentially after the parent email.

JOINT MOTION FOR ENTRY OF ESI PROTOCOL
CASE NO. 3:20-CV-1629-GPC-BLM

5.   **Native files.** The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

6.   **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format.

The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

7.   **Requests for hi-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Protocol shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

8.   **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party

has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

9. **Technology Assisted Review or "TAR**."  Nothing in this Protocol prevents the parties from agreeing to use TAR insofar as it improves the efficacy of discovery. Such topics should be discussed consistent with this Protocol.

10. **Document preservation.**  The parties will undertake good faith efforts to preserve ESI that are proportionate and reasonable. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms. If any disputes arise concerning the scope of party's preservation efforts, the parties agree to meet and confer to fully discuss the reasonableness and proportionality of the preservation.

DATED:  July 23, 2021                     JAMES HAWKINS APLC[1]

                              By:  s/  Samantha A. Smith
                              _____
                              Attorney for Plaintiff Rachael Shay
                              E-mail: samantha@jameshawkinsaplc.com

DATED:  July 23, 2021                     JENNER & BLOCK LLP

                              By:  s/  Kate T. Spelman
                              _____
                              Attorney for Defendants
                              Apple Inc. and Apple Value Services, LLC
                              E-mail: kspelman@jenner.com

---

[1] Pursuant to Section 2.F.4 of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, I, Kate T. Spelman, affirm that Samantha Smith, counsel for Plaintiff Rachael Shay, concurs in the filing's content and has authorized the filing.