# EXHIBIT   1

# Public Document

**Legal**

# APP STORE & ITUNES ACCOUNT BALANCE, ITUNES, APP STORE & ITUNES, AND APPLE MUSIC GIFT CARDS AND CODES, AND CONTENT CODES

**Gift Cards; App Store & iTunes Account Balance; Redemption; Add Funds.**

iTunes, App Store and iTunes, and Apple Music Gift Cards and Codes are issued and managed by Apple Value Services, LLC ("Issuer"), a Virginia corporation, and include App Store & iTunes Gift Codes (collectively "Store Credit") that is automatically added to your store credit account ("Account") balance when purchased directly from the iTunes Store, App Store, Apple Books, or Apple Music ("Services"). Your Account balance represents the balance of all Gift Cards that have been redeemed into your Account. When you have a Store Credit balance in your Account, purchases from the Services will first be deducted from your Account. Any unused balance will remain associated with your Account. If a purchase exceeds your Account balance, you will be asked to pay with another payment method. If your new payment method cannot cover the remaining amount, the transaction will be canceled.

**APPLE ID:** Use of Store Credit or Content Codes purchased in the United States requires an Apple ID and acceptance of the Services terms and conditions. An Apple ID is the account you use to access the Services.

**Use of Account Balance:** Store Credit can be loaded into your account by redeeming physical or digital gift cards into your Account balance or by adding funds to your Account balance through the Services.

You agree to not use Store Credit in any manner that is misleading, deceptive, unfair, or otherwise harmful to Issuer, Apple or its customers. We reserve the right, without notice to you, to void or deactivate Store Credit (including a portion of your Account balance) without a refund, suspend or terminate customer accounts, suspend or terminate the ability to use the Services, cancel or limit orders and bill alternative forms of payment if we suspect Store Credit was obtained, used, or applied to an Apple ID fraudulently, unlawfully, or otherwise in violation of these terms and conditions.

If you use the payment method on file with the Services to add funds to your Account balance, prior to charging the payment method on file, an authorization will occur for the amount of your purchase or reload transaction.

**Restrictions:** Store Credit is not redeemable for cash and cannot be returned for a cash refund (except as required by law); exchanged; resold; used to purchase Gifts or Gift Cards; used for purchases on the Apple Online Store; or used in Apple Retail Stores. Store Credit and Content Codes can only be used to purchase content from the Services. Unused balances are not transferable. Apple Inc. ("Apple") may provide you with information about the redemption status of Store Credit you purchase.

Store Credit and Content Codes purchased in the United States can only be redeemed into an Account in the United States, its territories, and possessions.

**EXHIBIT 1**
https://web.archive.org/web/20200403054843/https://www.apple.com/legal/internet-services/itunes/giftcards/us/terms.html

**Singh Decl. Exhibits 2 of 81**

1/4

If you choose to delete your Apple ID, you must spend your Account balance prior to closing the account.

**Risk of Loss:** Neither Issuer nor Apple is responsible for lost or stolen Store Credit or Content Codes. Risk of loss and title for Store Credit passes to the purchaser in Virginia upon electronic transmission to the recipient. Risk of loss and title for Content Codes transmitted electronically pass in California upon electronic transmission from Apple; for avoidance of doubt, such recipient may not always be you.

Apple reserves the right to close accounts and request alternative forms of payment if Store Credit or a Content Code is fraudulently obtained or used on the Service.

**Limitation of Liability; Disclaimer of Liabilities** APPLE, ISSUER, AND THEIR LICENSEES, AFFILIATES, AND LICENSORS MAKE NO WARRANTIES, EXPRESS OR IMPLIED, WITH RESPECT TO STORE CREDIT, CONTENT CODES, OR THE ITUNES STORE, APP STORE, APPLE MUSIC, OR APPLE BOOKS, INCLUDING, WITHOUT LIMITATION, ANY EXPRESS OR IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. IN THE EVENT THAT STORE CREDIT OR A CONTENT CODE IS NONFUNCTIONAL, YOUR SOLE REMEDY, AND OUR SOLE LIABILITY, SHALL BE THE REPLACEMENT OF SUCH STORE CREDIT OR CONTENT CODE. THESE LIMITATIONS MAY NOT APPLY TO YOU. CERTAIN STATE LAWS DO NOT ALLOW LIMITATIONS ON IMPLIED WARRANTIES OR THE EXCLUSION OR LIMITATION OF CERTAIN DAMAGES. IF THESE LAWS APPLY TO YOU, SOME OR ALL OF THE ABOVE DISCLAIMERS, EXCLUSIONS, OR LIMITATIONS MAY NOT APPLY TO YOU, AND YOU MAY ALSO HAVE ADDITIONAL RIGHTS.

**Waiver and Indemnity** BY USING STORE CREDIT OR THE SERVICES, YOU AGREE, TO THE EXTENT PERMITTED BY LAW, TO INDEMNIFY AND HOLD ISSUER, APPLE, ITS DIRECTORS, OFFICERS, EMPLOYEES, AFFILIATES, AGENTS, CONTRACTORS, AND LICENSORS HARMLESS WITH RESPECT TO ANY CLAIMS ARISING OUT OF YOUR BREACH OF THIS AGREEMENT, YOUR USE OF STORE CREDIT OR THE SERVICES, OR ANY ACTION TAKEN BY ISSUER OR APPLE AS PART OF ITS INVESTIGATION OF A SUSPECTED VIOLATION OF THIS AGREEMENT OR AS A RESULT OF ITS FINDING OR DECISION THAT A VIOLATION OF THIS AGREEMENT HAS OCCURRED. YOU AGREE THAT YOU SHALL NOT SUE OR RECOVER ANY DAMAGES FROM ISSUER, APPLE, ITS DIRECTORS, OFFICERS, EMPLOYEES, AFFILIATES, AGENTS, CONTRACTORS, AND LICENSORS AS A RESULT OF ITS DECISION TO REMOVE OR REFUSE TO PROCESS ANY INFORMATION OR CONTENT, TO WARN YOU, TO SUSPEND OR TERMINATE YOUR ACCESS TO THE SERVICES, OR TO TAKE ANY OTHER ACTION DURING THE INVESTIGATION OF A SUSPECTED VIOLATION OR AS A RESULT OF ISSUER OR APPLE'S CONCLUSION THAT A VIOLATION OF THIS AGREEMENT HAS OCCURRED. THIS WAIVER AND INDEMNITY PROVISION APPLIES TO ALL VIOLATIONS DESCRIBED IN OR CONTEMPLATED BY THIS AGREEMENT.

**Governing Law:** Except as to the extent expressly provided in the following paragraph, this Agreement and the relationship between you and Issuer shall be governed by the laws of the State of California, excluding its conflict of laws provisions. You and Issuer agree to submit to the personal and exclusive jurisdiction of the courts located within the county of Santa Clara, to resolve any dispute or claim arising from this Agreement. If (a) you are not a U.S. citizen; (b) you do not reside in the U.S.; (c) you are not accessing the Service from the U.S. and (d) you are a citizen of one of the countries identified below, you hereby agree that any dispute or claim arising from this Agreement shall be governed by the applicable law set forth below, without regard to any conflict of law provisions, and you hereby irrevocably submit to the non-exclusive jurisdiction of courts located in the state, province or country identified below whose law governs.

If you are a citizen of any European Union country or Switzerland, Norway or Iceland, the governing law and forum shall be the laws and courts of your usual place of residence.

Specifically excluded from application to this Agreement is that law known as the United Nations Convention on the International Sale of Goods.

**PROMOTIONAL PROGRAMS**

**EXHIBIT 1**

https://web.archive.org/web/20200403054843/https://www.apple.com/legal/internet-services/itunes/giftcards/us/terms.html

**Singh Decl. Exhibits 3 of 81**     2/4

From time to time, we may, in our sole discretion, run promotional programs associated with Store Credit ("Promotions"). Promotions may be run by Apple or by a participating retailer ("Qualifying Retailer").

**Terms and Conditions of a promotion may be changed or modified at any time without notice to you.**

Customers who redeem Store Credit purchased during a Promotion in the United States, its territories and possessions may be eligible to receive a monetary or content bonus ("Bonus") upon redemption of the Store Credit into your Account balance in the Services during the promotional period.

Promotion Period: Bonuses are only available during the promotional period, as defined by the Promotional terms and conditions, and while supplies last. Bonus must be redeemed into an Account by the end of the redemption period, as stated in the Promotional terms. You must be an individual end user located in the Territory to obtain the Bonus and Apple reserves the right to deny the Bonus to end users located outside the Territory. Apple or the Qualifying Retailer may modify or end a Promotion at any time, for any reason.

Restrictions: From time to time, the Services may run Promotions. Promotions may be limited by account type, device, family status or payment method associated with your Apple ID. One Bonus per Apple ID unless otherwise stated.

Bonuses received as a result of a promotion are promotional and have no cash value.

Redemptions of Qualifying Cards are subject to the terms and conditions of the Services and Store Credit. Bonuses are not eligible for refund or exchange.

Promotional Terms and Conditions do not alter, in any way, the terms and conditions of the Services nor the Store Credit.

Your bonus is personal to you and may not be sold, transferred or assigned to, or shared with, family, friends or others, or used by you for any commercial purpose.

This offer is void where prohibited or restricted by law.

Last updated: March 20, 2018

Legal    Internet Services    Apple Media Services    iTunes Gift Cards

**Hardware and Software**

Hardware Warranties

Software License Agreements

RF Exposure

**More Resources**

Overview

Government Information Requests

Contact Apple Legal

Global Trade Compliance

Supplier Provisions

Filemaker Legal Information

**Sales & Support**

Overview

AppleCare

Repair Terms and Conditions

Express Replacement Service

Remote Support Terms and Conditions (PDF)

Sales Policies

Certification Agreements and Policies

Training Service Terms and Conditions

Support Communities Terms of Use

**Internet Services**

Overview

Apple Media Services Terms and Conditions

iTunes Gift Cards and Codes Terms and Conditions

Game Center Terms and Conditions

iCloud Terms of Service

Privacy Policy

Website Terms of Use

**Intellectual Property**

Overview

Guidelines for Using Apple Trademarks and Copyrights

Trademarks

Rights and Permissions

Piracy Prevention

Unsolicited Idea Submission Policy

**Education**

Apple School Manager

**Enterprise**

Apple Business Manager

More ways to shop: Find an Apple Store or other retailer near you. Or call 1-800-MY-APPLE.

Copyright © 2020 Apple Inc. All rights reserved.    Privacy Policy  |  Terms of Use  |  Sales and Refunds  |  Legal  |  Site Map    United States

EXHIBIT 1

https://web.archive.org/web/20200403054843/https://www.apple.com/legal/internet-services/itunes/giftcards/us/terms.html

**Singh Decl. Exhibits 4 of 81**

3/4

Legal - iTunes Gift Cards and Codes - Apple

**EXHIBIT 1**

**Singh Decl. Exhibits**
**5 of 81**

4/4

# EXHIBIT   2

# Redacted Version
# of Document Sought to Be Sealed.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RACHAEL SHAY, on behalf of )
herself and all others )
similarly situated, )
)
             Plaintiff, )
)
vs. ) Case No. 3:20-cv-1629
)       JO-BLM
APPLE, INC., a Delaware )
corporation; APPLE VALUE )
SERVICES, LLC, a Virginia )
limited liability corporation; )
and DOES 1 through 10, )
inclusive, )
)
           Defendants. )
)
_____)

DEPOSITION of PHILIP LUANGO

SAN FRANCISCO, CALIFORNIA

FRIDAY, AUGUST 19, 2022

CONFIDENTIAL

REPORTED BY:
Erika "Rik" Rutledge
CSR No. 13774

EXHIBIT 2

Singh Decl. Exhibits
7 of 81

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RACHAEL SHAY, on behalf of      )
herself and all others          )
similarly situated,             )
                                )
                Plaintiff,      )
                                )
vs.                             ) Case No. 3:20-cv-1629
                                )         JO-BLM
APPLE, INC., a Delaware         )
corporation; APPLE VALUE        )
SERVICES, LLC, a Virginia       )
limited liability corporation;  )
and DOES 1 through 10,          )
inclusive,                      )
                                )
                Defendants.     )
                                )
_____ )

       The deposition of PHILIP LUANGO was taken remotely on behalf of Plaintiff, commencing at 9:00 a.m. PST on Friday, August 19, 2022, at San Francisco, California, before Erika "Rik" Rutledge, Certified Shorthand Reporter No. 13774 for the State of California.

EXHIBIT 2

Singh Decl. Exhibits
8 of 81

APPEARANCES OF COUNSEL:


FOR PLAINTIFF:

    JAMES HAWKINS APLC
    BY:  MALTE FARNAES
        MITCHELL MURRAY
        CHRISTINA M. LUCIO
    ATTORNEYS AT LAW
    9880 Research Drive
    Suite 200
    Irvine, California 92618
    949.387.7200
    malte@jameshawkinsaplc.com
    christina@jameshawkinsplc.com


FOR DEFENDANTS:

    JENNER & BLOCK
    BY:  KATE SPELMAN
    ATTORNEY AT LAW
    515 S. Flower Street
    Suite 3300
    Los Angeles, CA 90071
    213.239.5100
    asmith@jenner.com


ALSO IN ATTENDANCE:

    Meaghan Thomas-Kennedy
    In-House Counsel
    Apple, Inc.

3

**Jilio-Ryan Court Reporters**
**ph. 714.424.9902  info@jilioryan.com**

**EXHIBIT 2**

**Singh Decl. Exhibits
9 of 81**

Luango, Philip
**Shay v. Apple, Inc.**



29

**Jilio-Ryan Court Reporters**
**ph. 714.424.9902  info@jilioryan.com**

**EXHIBIT 2**



**Jilio-Ryan Court Reporters**
**ph. 714.424.9902  info@jilioryan.com**

**EXHIBIT 2**

**Singh Decl. Exhibits
11 of 81**



37

**EXHIBIT 2**



39

**EXHIBIT 2**



43

**EXHIBIT 2**

**Singh Decl. Exhibits
14 of 81**



44

**EXHIBIT 2**

**Singh Decl. Exhibits
15 of 81**



72

**EXHIBIT 2**

**Singh Decl. Exhibits
16 of 81**



73

**EXHIBIT 2**



95

**EXHIBIT 2**

**Singh Decl. Exhibits
18 of 81**



**EXHIBIT 2**

**Singh Decl. Exhibits
19 of 81**



106

**EXHIBIT 2**

**Singh Decl. Exhibits**
**20 of 81**



107

**EXHIBIT 2**



136

**EXHIBIT 2**



137

**EXHIBIT 2**

# EXHIBIT   3

# Redacted Version
# of Document Sought to Be Sealed.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RACHAEL SHAY, on behalf of        )
herself and all others           )
similarly situated,              )
                                 )
                Plaintiff,       )
                                 )
vs.                              ) Case No. 3:20-cv-1629
                                 )        JO-BLM
APPLE, INC., a Delaware          )
corporation; APPLE VALUE         )
SERVICES, LLC, a Virginia        )
limited liability corporation;   )
and DOES 1 through 10,           )
inclusive,                       )
                                 )
                Defendants.      )
                                 )
_____  )

REMOTE DEPOSITION of

MIGUEL GOMEZ

AUSTIN, TEXAS

THURSDAY, JULY 21, 2022

REPORTED BY:
Erika "Rik" Rutledge
CSR No. 13774

1

**EXHIBIT 3**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RACHAEL SHAY, on behalf of )
herself and all others )
similarly situated, )
                              )
              Plaintiff,      )
                              )
vs.                           ) Case No. 3:20-cv-1629
                              )           JO-BLM
APPLE, INC., a Delaware       )
corporation; APPLE VALUE      )
SERVICES, LLC, a Virginia     )
limited liability corporation; )
and DOES 1 through 10,        )
inclusive,                    )
                              )
              Defendants.     )
                              )
_____)

     The deposition of MIGUEL GOMEZ was taken remotely on

behalf of Plaintiff, commencing at 8:34 a.m. PST on

Thursday, July 21, 2022, at Austin, Texas, before Erika

"Rik" Rutledge, Certified Shorthand Reporter No. 13774 for

the State of California.

EXHIBIT 3

APPEARANCES OF COUNSEL:

FOR PLAINTIFF:

    JAMES HAWKINS APLC
    BY:  CHRISTINA M. LUCIO
    ATTORNEY AT LAW
    9880 Research Drive
    Suite 200
    Irvine, California 92618
    949.387.7200
    christina@jameshawkinsaplc.com

FOR DEFENDANTS:

    JENNER & BLOCK
    BY:  KATE SPELMAN
    ATTORNEY AT LAW
    515 South Flower Street
    Suite 3300
    Los Angeles, California 90071
    213.239.5100
    kspelman@jenner.com

ALSO IN ATTENDANCE:

    Mara Selfridge - In-House Counsel, Apple Inc.

3



35

**EXHIBIT 3**

**Singh Decl. Exhibits**
**28 of 81**



49

**EXHIBIT 3**



**EXHIBIT 3**



54

**EXHIBIT 3**



55

EXHIBIT 3



the

56

**EXHIBIT 3**

**Singh Decl. Exhibits**
**33 of 81**



107

**EXHIBIT 3**

**Singh Decl. Exhibits
34 of 81**



108

**EXHIBIT 3**

# EXHIBIT  4

# Redacted Version
# of Document Sought to Be Sealed.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 3:20-cv-1629 ) JO-BLM |
| APPLE, INC., a Delaware corporation; APPLE VALUE SERVICES, LLC, a Virginia limited liability corporation; and DOES 1 through 10, inclusive, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

REMOTE DEPOSITION of

LINCOLN BARKER

AUSTIN, TEXAS

FRIDAY, JULY 29, 2022

CONFIDENTIAL

REPORTED BY:
Erika "Rik" Rutledge
CSR No. 13774

1

**EXHIBIT 4**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RACHAEL SHAY, on behalf of )
herself and all others )
similarly situated, )
                                )
                Plaintiff,      )
                                )
vs.                             ) Case No. 3:20-cv-1629
                                )        JO-BLM
APPLE, INC., a Delaware         )
corporation; APPLE VALUE        )
SERVICES, LLC, a Virginia       )
limited liability corporation;  )
and DOES 1 through 10,          )
inclusive,                      )
                                )
                Defendants.     )
                                )
_____ )

The deposition of LINCOLN BARKER was taken remotely on behalf of Plaintiff, commencing at 7:43 a.m. PST on Friday, July 29, 2022, at Austin, Texas, before Erika "Rik" Rutledge, Certified Shorthand Reporter No. 13774 for the State of California.

**EXHIBIT 4**

APPEARANCES OF COUNSEL:


FOR PLAINTIFF:

      JAMES HAWKINS APLC
      BY:  CHRISTINA M. LUCIO
      ATTORNEY AT LAW
      9880 Research Drive
      Suite 200
      Irvine, California 92618
      949.387.7200
      christina@jameshawkinsaplc.com



FOR DEFENDANTS:

      JENNER & BLOCK
      BY:  ALEXANDER SMITH
      ATTORNEY AT LAW
      515 S. Flower Street
      Suite 3300
      Los Angeles, CA 90071
      213.239.5100
      asmith@jenner.com



ALSO IN ATTENDANCE:

      Meaghan Thomas-Kennedy
      In-House Counsel
      Apple, Inc.

3

**EXHIBIT 4**



51

**EXHIBIT 4**

**Singh Decl. Exhibits
40 of 81**



52

**EXHIBIT 4**

**Singh Decl. Exhibits**
**41 of 81**



95

**EXHIBIT 4**

**Singh Decl. Exhibits**
**42 of 81**

# EXHIBIT   5

# Redacted Version
# of Document Sought to Be Sealed.

**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:   (213) 239-5100
Facsimile:   (213) 239-5199

Attorneys for Defendants
Apple Inc. and Apple Value Services, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC. and APPLE VALUE SERVICES, LLC,<br><br>Defendants. | Case No. 3:20-cv-1629-GPC-BLM<br><br>The Hon. Gonzalo P. Curiel<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:          PLAINTIFF RACHAEL SHAY

RESPONDING PARTY:          DEFENDANTS APPLE, INC. AND APPLE VALUE SERVICES, LLC

SET NUMBER:          ONE

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Apple Inc. and Apple Value Services, LLC (collectively, "Apple"), by and through their attorneys, hereby object and respond to Plaintiff's First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

Apple's responses to Plaintiff's Interrogatories are based on information reasonably available to Apple at this time.  Accordingly, Apple reserves the right to modify or supplement its responses with any information that may be subsequently discovered while the case is pending.

Apple is responding to Plaintiff's Interrogatories as Apple reasonably interprets and understands the language of those Interrogatories.  If Plaintiff subsequently asserts an interpretation of any individual Interrogatory that differs from Apple's reasonable understanding, Apple reserves its right to supplement the responses and/or objections herein.

Apple's responses to Plaintiff's Interrogatories shall not be construed in any way as an admission that any definition provided by Plaintiff or any assertion made is either factually correct or legally binding upon Apple, or a waiver of any of Apple's objections, including but not limited to objections regarding privilege, confidentiality, and discoverability.

## GENERAL OBJECTIONS

1.     Apple objects to Plaintiff's Interrogatories to the extent they are overly broad, unduly burdensome, vague, ambiguous, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2.     Apple objects to Plaintiff's Interrogatories to the extent they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine,

and/or any other privilege or doctrine that protects information from discovery or disclosure because it reflects the impressions, conclusions, opinions, legal research, litigation plans, or theories of Apple attorneys.   By providing information in response to these Interrogatories, Apple does not waive any privilege that is or may be applicable to such information.

3.     Apple objects to Plaintiff's Interrogatories to the extent they seek information in the custody or control of Plaintiff or other third parties.   Apple further objects to Plaintiff's Interrogatories to the extent they seek information that can be obtained from other sources, including public sources, in a manner that is more convenient, less burdensome, and/or less expensive.

4.     Apple objects to Plaintiff's Interrogatories to the extent they seek confidential, proprietary, and/or trade secret information.  To the extent it is required to do so, Apple will only produce such information subject to an appropriate protective order.  All of the statements in this document, to the extent they concern proprietary or confidential information, are made subject to this objection.

5.     Apple objects to Plaintiff's Interrogatories to the extent they purport to impose obligations upon Apple that are inconsistent with and/or in addition to those obligations imposed by the applicable provisions of the Federal Rules of Civil Procedure.

6.     Apple objects to Plaintiff's Interrogatories to the extent they are duplicative of one another.

7.     Apple objects to Plaintiff's Interrogatories to the extent that they purport to seek information about ongoing government investigations that, if they exist, may not be public and that Apple would be obligated to keep confidential.  Apple likewise objects to Plaintiff's Interrogatories to the extent that any domestic or foreign regulatory body, governmental agency, or other governmental entity objects to the disclosure of the requested information.

8.     Apple objects to Plaintiff's definition of "CLASS" as vague and ambiguous.

**EXHIBIT 5**                     APPLE'S RESPONSES TO FIRST SET OF INTERROGATORIES
CASE NO. 3:20-CV-1629-GPC-BLM           **Singh Decl. Exhibits**
**46 of 81**

9.      Apple objects to Plaintiff's definition of "GIFT CARDS" as vague and ambiguous.  Apple will use "gift card" or "gift cards" to refer to App Store & iTunes gift cards, unless otherwise indicated.

10.     Apple objects to Plaintiff's Interrogatories and to the definition of "CLASS PERIOD" to the extent the Interrogatories seek information that pre-dates the three-year statute of limitations applicable to Plaintiff's claim under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 (which is the longest statute of limitations applicable to any of Plaintiff's claims).  Apple will construe each Interrogatory to seek information from the three-year period preceding the filing of the Complaint to present (*i.e.*, from May 28, 2017 to the present).

11.     Apple objects to Plaintiff's Interrogatories to the extent that they are not limited by geography.  Apple will construe each Interrogatory to encompass only information relating to Apple's business operations in the United States.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

State the number of consumer complaints received by YOU (including date, customer identification, customer location, nature of complaint, and gift card amount) pertaining to GIFT CARD fraud and/or loss of GIFT CARD balances.

### RESPONSE TO INTERROGATORY NO. 1:

Apple objects to this Interrogatory to the extent it is not limited to the specific gift card fraud at issue in the Second Amended Complaint ("SAC") and to the extent it calls for information pre-dating the applicable three-year statute of limitations.

Subject to and without waiving the foregoing objections, Apple responds that it will produce records from its customer relationship management database documenting consumer contacts potentially related to the type of gift card fraud alleged in the SAC and will identify them to Plaintiff consistent with Federal Rule of Civil Procedure 33(d).

**EXHIBIT 5**         APPLE'S RESPONSES TO FIRST SET OF INTERROGATORIES
CASE NO. 3:20-CV-1629-GPC-BLM         **Singh Decl. Exhibits 47 of 81**

Furthermore, Apple objects to this Interrogatory as vague and ambiguous, particularly with respect to the term "Personal Identification Number ('PIN')." Apple further objects to this Interrogatory to the extent it calls for information not in Apple's possession, custody, or control.

Apple will not provide information in response to this Interrogatory as currently written. Apple is willing to meet and confer with Plaintiff to clarify this Interrogatory.

**INTERROGATORY NO. 6:**

State the number of GIFT CARDS sold annually during the CLASS PERIOD in the United States.

**RESPONSE TO INTERROGATORY NO. 6:**

Apple objects to this Interrogatory to the extent it calls for information pre-dating the applicable three-year statute of limitations. Apple also objects to this Interrogatory as irrelevant, as the total number of gift cards sold annually has no bearing on the number of gift cards potentially subject to the specific type of gift card fraud described in the SAC.

Subject to and without waiving the foregoing objections, Apple is unable to respond to Plaintiff's Interrogatory as written, as responsive information would only be available to retailers. Apple, however, provides the following information regarding the ▮▮▮▮▮

7

**EXHIBIT 5**

**Singh Decl. Exhibits 48 of 81**

DATED:  August 30, 2021                   JENNER & BLOCK LLP

                                   By:  /s/ Kate T. Spelman
                                        Attorney for Defendants
                                        Apple Inc. and Apple Value Services, LLC
                                        E-mail: kspelman@jenner.com

13

**EXHIBIT 5**

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, I served the foregoing **APPLE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** on counsel of record for Plaintiff by electronic mail, as follows:

**JAMES HAWKINS APLC**
James Hawkins (james@jameshawkinsaplc.com)
Samantha Smith (samantha@jameshawkinsaplc.com)
9880 Research Drive, Suite 200
Irvine, CA 92618

Dated:  August 30, 2021                           By: /s/  Alexander M. Smith
                                                              Alexander M. Smith

APPLE'S RESPONSES TO FIRST SET OF INTERROGATORIES
**EXHIBIT 5**                    CASE NO. 3:20-CV-1629-GPC-BLM            **Singh Decl. Exhibits 50 of 81**

## <u>VERIFICATION</u>

I, Paul Richardson, am authorized to verify these Responses on behalf of Defendants Apple Inc. and Apple Value Services, LLC (collectively, "Apple").  I have read the Interrogatories propounded by Plaintiff Rachael Shay and Apple's Responses thereto, and I am familiar with the contents of both.  I declare under penalty of perjury under the laws of the United States of America that the foregoing Responses to Plaintiff's Interrogatories are true and correct to the best of my knowledge, information, and belief.

Executed on August ___30th___, 2021 in ___Cork, Ireland_____.


*Paul Richardson*
_____

Paul Richardson
Product Marketing Manager 3 – GC Ops &
Production IE
Apple Inc.

1

VERIFICATION
CASE NO. 3:20-CV-1629-GPC-BLM

**EXHIBIT 5**

# EXHIBIT   6

# Public Document

**Singh Decl. Exhibits**
**52 of 81**

JAMES R. HAWKINS (SBN 192925)
james@jameshawkinsaplc.com
MALTE L. L. FARNAES (SBN 222608)
malte@jameshawkinsaplc.com
CHRISTINA M. LUCIO (SBN 253677)
christina@jameshawkinsaplc.com
MITCHELL J. MURRAY (SBN 285691)
mitchell@jameshawkinsaplc.com
JAMES HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676

Attorneys for Plaintiff RACHAEL SHAY,
on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a Delaware corporation; APPLE VALUE SERVICES, LLC, a Virginia limited liability corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:20-cv-1629-JO-BLM<br><br>Assigned to: Hon. Jinsook Ohta<br><br>**CLASS ACTION**<br><br>**PLAINTIFF RACHAEL SHAY'S RESPONSES TO DEFENDANT APPLE, INC.'S REQUESTS FOR ADMISSION, SET ONE** |

PROPOUNDING PARTY:    Defendant APPLE, INC.

RESPONDING PARTY:    Plaintiff RACHAEL SHAY

SET NUMBER:    One

- 1 -

PLAINTIFF RACHAEL SHAY'S RESPONSES TO
DEFENDANT APPLE, INC.'S REQUESTS FOR ADMISSION, SET ONE

**EXHIBIT 6**

**Singh Decl. Exhibits**
**53 of 81**

Plaintiff RACHAEL SHAY ("Plaintiff," or "Responding Party") hereby responds to Defendant APPLE INC.'s ("Defendant" or "Propounding Party") Requests for Admission, Set One, as follows:

## PRELIMINARY STATEMENT

The Responding Party has not fully completed investigation of facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for trial in this action. All of the responses contained herein are based upon such information and documentation presently available to and specifically known by the Responding Party. It is anticipated that further investigation, discovery, research and analysis will supply additional facts and further meaning to presently known facts as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, deletions from, and modification of the information set forth in the responses herein.

The following responses are hereby given without prejudice to the Responding Party's right to produce evidence of any subsequently discovered facts or documents. Therefore, the Responding Party reserves the right to change any and all responses herein as additional facts are ascertained, documents are obtained, further analysis is made, legal research is completed, and legal contentions are formulated. The responses contained herein are made in a good faith effort to supply as much factual information as is presently known, but should in no way be to the prejudice of the Responding Party in relation to further discovery, research or analysis.

By serving these responses, Responding Party does not waive any objection which would require the exclusion of the responses and any of the information contained therein in any judicial proceeding, including objections as to competence, relevance, materiality, and admissibility. All objections are reserved

- 2 -

PLAINTIFF RACHAEL SHAY'S RESPONSES TO
DEFENDANT APPLE, INC.'S REQUESTS FOR ADMISSION, SET ONE

EXHIBIT 6

and may be interposed at the time of trial or any other judicial proceeding in which the responses are offered.

This preliminary statement is incorporated into each of the responses as set forth below. These responses are made solely for the purpose of, and in relation, to this action. Each response is given subject to all appropriate objections (including but not limited to objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein if the request were asked of, or any statement contained herein were made by, a witness present and testifying in court. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

The responding party objects, and does not intend to produce any evidence which may be protected by the privileges against self-incrimination, attorney-client privilege, spousal communication privilege, Physician-patient privilege, psychotherapist-patient privilege, educational psychologist- patient privilege, clergyman-penitent privilege, and official information. This is a continuing objection throughout these responses.

This preliminary statement is incorporated by reference in full into the responses below.

<strong><u>RESPONSES</u></strong>

**<u>REQUEST FOR ADMISSION NO. 1:</u>**

Admit that you have purchased dozens of Apple iTunes gift cards.

**<u>RESPONSE NO. 1:</u>**

Plaintiff objects to this request because the term "you" (as defined) is vague and ambiguous. Subject to and without waiving the foregoing objection, Plaintiff responds:

Admit.

**<u>REQUEST FOR ADMISSION NO. 2:</u>** - 3 -

PLAINTIFF RACHAEL SHAY'S RESPONSES TO
DEFENDANT APPLE, INC.'S REQUESTS FOR ADMISSION, SET ONE

**EXHIBIT 6**

Admit that you have purchased more than 50 Apple iTunes gift cards.

**RESPONSE NO. 2:**

Plaintiff objects to this request because the term "you" (as defined) is vague and ambiguous. Subject to and without waiving the foregoing objection, Plaintiff responds:

Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you purchased two Apple iTunes gift cards from Walmart on April 3, 2020.

**RESPONSE NO. 3:**

Plaintiff objects to this request because the term "you" (as defined) is vague and ambiguous. Subject to and without waiving the foregoing objection, Plaintiff responds:

Plaintiff admits that she purchased two App Store & iTunes gift cards from Walmart on April 3, 2020.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you did not read any statements on the packaging before deciding to purchase the two Apple iTunes gift cards you purchased from Walmart on April 3, 2020.

**RESPONSE NO. 4:**

Plaintiff objects to this request because the terms "read any statements on the packaging" and "you" are vague and ambiguous. Subject to and without waiving the foregoing objection, Plaintiff responds:

Deny. Plaintiff read the statement on the front of the packaging that she was purchasing a $25 and $50 gift card for the App Store & iTunes Store before purchasing the gift cards.

**REQUEST FOR ADMISSION NO. 5:**

- 4 -

PLAINTIFF RACHAEL SHAY'S RESPONSES TO
DEFENDANT APPLE, INC.'S REQUESTS FOR ADMISSION, SET ONE

EXHIBIT 6                                                          Singh Decl. Exhibits
56 of 81

Admit that you did not inspect the two Apple iTunes gift cards you purchased from Walmart on April 3, 2020 for evidence of tampering before you purchased them.

**RESPONSE NO. 5:**

Plaintiff objects to this request because the terms "you" (as defined), "inspect," and "evidence of tampering" are vague and ambiguous. Subject to and without waiving the foregoing objection, Plaintiff responds:

Plaintiff admits that she did not examine the App Store & iTunes gift cards for evidence of tampering but also did not notice any evidence of tampering before she purchased them.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Apple did not make any explicit representations to you concerning the security of the two Apple iTunes gift cards that you purchased from Walmart on April 3, 2020.

**RESPONSE NO. 6:**

Plaintiff objects to this request because the terms "you" (as defined), "explicit representations," and "concerning the security" are vague and ambiguous. Subject to and without waiving the foregoing objection, Plaintiff responds:

Deny. Apple represented that the gift cards were secure by concealing the redemption code; stating that if the gift cards were not lost, stolen, or used without permission, Apple and/or the issuer would be responsible for any loss or damage; stating that if the code was not shared with anyone she did not know that the gift cards would be secure and redeemable for the value of the gift card; by failing to warn her of the risk that the gift card may be compromised prior to purchase; and by stating that the gift cards would be redeemable on the App Store or iTunes Store for the value of the gift card.

///

- 5 -

PLAINTIFF RACHAEL SHAY'S RESPONSES TO
DEFENDANT APPLE, INC.'S REQUESTS FOR ADMISSION, SET ONE

**EXHIBIT 6**

**Singh Decl. Exhibits**
**57 of 81**

**REQUEST FOR ADMISSION NO. 7:**

Admit that the word "secure" did not appear on the packaging of the two Apple iTunes gift cards that you purchased from Walmart on April 3, 2020.

**RESPONSE NO. 7:**

Plaintiff objects to this request because the terms "you" (as defined) and "on the packaging" are vague and ambiguous. Subject to and without waiving the foregoing objection, Plaintiff responds:

Admit.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the word "valuable" did not appear on the packaging of the two Apple iTunes gift cards that you purchased from Walmart on April 3, 2020.

**RESPONSE NO. 8:**

Plaintiff objects to this request because the terms "you" (as defined) and "on the packaging" are vague and ambiguous. Subject to and without waiving the foregoing objection, Plaintiff responds:

Admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the phrase "free from fraud" did not appear on the packaging of the two Apple iTunes gift cards that you purchased from Walmart on April 3, 2020.

**RESPONSE NO. 9:**

Plaintiff objects to this request because the terms "you" (as defined) and "on the packaging" are vague and ambiguous. Subject to and without waiving the foregoing objection, Plaintiff responds:

Admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you did not contact any law enforcement authorities concerning the $50 Apple iTunes gift card that you purchased from Walmart on April 3, 2020.

PLAINTIFF RACHAEL SHAY'S RESPONSES TO
DEFENDANT APPLE, INC.'S REQUESTS FOR ADMISSION, SET ONE

EXHIBIT 6                    Singh Decl. Exhibits
58 of 81

**RESPONSE NO. 10:**

Plaintiff objects to this request because the terms "you" (as defined) and "law enforcement" are vague and ambiguous. Plaintiff further objects to this request because it seeks information that is not relevant to either party's claims or defenses. Subject to and without waiving the foregoing objection, Plaintiff responds:

Plaintiff admits that she did not contact any law enforcement authorities (as she understands the term) concerning the $50 App Store & iTunes gift card, in part because Apple refused to provide her with the name of the person who redeemed her gift card or how the gift card was redeemed by the third party.

**REQUEST FOR ADMISSION NO.11:**

Admit that you purchased Apple iTunes gift cards after April 3, 2020.

**RESPONSE NO. 11:**

Plaintiff objects to this request because the term "you" (as defined) is vague and ambiguous. Plaintiff further objects to this request because it seeks information that is not relevant to either party's claims or defenses. Subject to and without waiving the foregoing objection, Plaintiff responds:

Plaintiff admits that she purchased App Store & iTunes gift cards for her husband's business on the company's credit card after April 3, 2020.

**REQUEST FOR ADMISSION NO. 12:**

Admit that your husband purchased Apple iTunes gift cards for your son after April 3, 2020.

**RESPONSE NO. 12:**

Plaintiff objects to this request because the term "your" (as defined) is vague and ambiguous. Plaintiff further objects to this request because it seeks information that is not relevant to either party's claims or defenses. Subject to and without waiving the foregoing objection, Plaintiff responds:

- 7 -

PLAINTIFF RACHAEL SHAY'S RESPONSES TO
DEFENDANT APPLE, INC.'S REQUESTS FOR ADMISSION, SET ONE

EXHIBIT 6                                    Singh Decl. Exhibits
59 of 81

Plaintiff admits that her husband purchased Apple Gift Cards for her son after April 3, 2020.

**REQUEST FOR ADMISSION NO. 13:**

Admit that your son was able to redeem all of the Apple iTunes gift cards that your husband purchased for him after April 3, 2020.

**RESPONSE NO. 13:**

Plaintiff objects to this request because the term "your" (as defined) is vague and ambiguous. Plaintiff further objects to this request because it seeks information that is not relevant to either party's claims or defenses. Subject to and without waiving the foregoing objection, Plaintiff responds:

Plaintiff admits that her son was able to redeem the Apple Gift Cards that her husband purchased for him after April 3, 2020.

**REQUEST FOR ADMISSION NO. 14:**

Admit that that the $50 Apple iTunes gift card that you purchased from Walmart on April 3, 2020 is the only iTunes gift card you have purchased that could not be redeemed by you or the person(s) to whom you gifted the card(s).

**RESPONSE NO. 14:**

Plaintiff objects to this request because the term "you" (as defined) is vague and ambiguous. Plaintiff further objects to this request because it seeks information that is not relevant to either party's claims or defenses. Subject to and without waiving the foregoing objection, Plaintiff responds:

Plaintiff admits that the $50 App Store & iTunes gift card she purchased from Walmart on April 3, 2020 could not be redeemed because it had already been redeemed by a third party. However, Plaintiff lacks knowledge or information to admit or deny whether the persons to whom she gifted an App Store & iTunes gift cards could not redeem them.

///

- 8 -

PLAINTIFF RACHAEL SHAY'S RESPONSES TO
DEFENDANT APPLE, INC.'S REQUESTS FOR ADMISSION, SET ONE

**EXHIBIT 6**                                          **Singh Decl. Exhibits 60 of 81**

**REQUEST FOR ADMISSION NO. 15:**

Admit that the only relief that you want for yourself in this lawsuit is the $50 you spent on the Apple iTunes gift card on April 3, 2020.

**RESPONSE NO. 15:**

Plaintiff objects to this request because the terms "you" (as defined), "for yourself," and "relief" are vague and ambiguous. Plaintiff further objects to this request because it seeks information that is not relevant to either party's claims or defenses. Subject to and without waiving the foregoing objection, Plaintiff responds:

Deny. Plaintiff seeks any and all relief that she may be entitled to under the law including punitive damages, as well as Apple to change its policies, practices, and procedures concerning its marketing, sale, and refunding of gift cards.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you do not care if you receive more money than other class members.

**RESPONSE NO. 16:**

Plaintiff objects to this request because the terms "you" (as defined), "do not care," "receive more money," and "other class members" are vague and ambiguous. Plaintiff further objects to this request because it seeks information that is not relevant to either party's claims or defenses. Subject to and without waiving the foregoing objection, Plaintiff responds:

///
///
///
///
///

- 9 -

PLAINTIFF RACHAEL SHAY'S RESPONSES TO
DEFENDANT APPLE, INC.'S REQUESTS FOR ADMISSION, SET ONE

**EXHIBIT 6**                                   **Singh Decl. Exhibits 61 of 81**

Plaintiff admits that she wants to recover her herself and each class member the amount they lost from Apple's negligent misrepresentations and violation of the Consumer Legal Remedies Act, as well as any other relief she and the class members may be entitled to receive.

Dated: September 30, 2022                    **JAMES HAWKINS APLC**

                              By:    s/ Mitchell J. Murray
                                     James R. Hawkins
                                     Malte L.L. Farnaes
                                     Christina M. Lucio
                                     Mitchell J. Murray

                                     Attorneys for Plaintiff Rachael Shay,
                                     on behalf of herself and all others similarly
                                     situated

- 10 -

PLAINTIFF RACHAEL SHAY'S RESPONSES TO
DEFENDANT APPLE, INC.'S REQUESTS FOR ADMISSION, SET ONE

EXHIBIT 6                                                    Singh Decl. Exhibits
                                                                        62 of 81

## VERIFICATION

I, Rachael Shay, am the Plaintiff in the above-entitled action. I have read the foregoing Plaintiff Rachael Shay's Responses to Defendant Apple, Inc.'s Requests for Admission, Set One and know the contents thereof. I certify that the same is true of my knowledge, except as to those matters which are stated upon information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed September 30, 2022.

_____

Rachael Shay

- 11 -

EXHIBIT 6

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2022, I served the foregoing **PLAINTIFF RACHAEL SHAY'S RESPONSES TO DEFENDANT APPLE INC.'S REQUESTS FOR ADMISSION, SET ONE** on counsel of record for Defendant by electronic mail, as follows:

Kate T. Spelman, Esq.
Alexander M. Smith, Esq.
**JENNER & BLOCK LLP**
633 West 5th Street, Suite 3600
Los Angeles, California 90071-2054
Tel: 213-239-5100
Fax: 213-239-5199
Email: kspelman@jenner.com
        asmith@jenner.com

Dated: September 30, 2022        By:    /s/ Mitchell J. Murray
                                        Mitchell J. Murray

- 1 -

**EXHIBIT 6**                                        **Singh Decl. Exhibits**
                                                     **64 of 81**

# EXHIBIT   7

# Public Document

**JAMES HAWKINS, APLC**
JAMES R. HAWKINS, ESQ. (#192925)
james@jameshawkinsaplc.com
SAMANTHA A. SMITH, ESQ. (#233331)
samantha@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676

Attorneys for Plaintiff and all others similarly

situated

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>        v.<br><br>APPLE, INC., a Delaware corporation; APPLE VALUE SERVICES, LLC, a Virginia limited liability corporation; and Does 1 through 10, inclusive,<br><br>                Defendant. | Case No. 3:20-cv-1629-GPC-BLM<br><br>Hon. Gonzalo P. Curiel<br>Ctrm. 2D<br><br>**PLAINTIFF'S RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES** |

**EXHIBIT 7**   PLAINTIFF'S RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:     Defendants Apple Inc. and Apple Value Services, LLC

RESPONDING PARTY:     Plaintiff Rachael Shay

SET NUMBER:     ONE

Plaintiff provides the following responses to the special interrogatories, set one, propounded by Defendants:

## **INTRODUCTION**

This responding party has not fully completed her investigation of facts relating to this case, has not fully completed her discovery in this action, and has not completed her preparation for trial in this action. All of the responses contained herein are based upon such information and documentation, which is presently available to and specifically known by this responding party and discloses only those documents and facts, which presently are known to this responding party. It is anticipated that further investigation, discovery, research and analysis may supply additional facts and further meaning to presently known facts as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, deletions from, and modification of the information set forth in the responses herein.

The following responses are hereby given without prejudice to this responding party's right to produce evidence of any subsequently discovered facts or documents. Therefore, this responding party reserves the right to change any and all responses herein as additional facts are ascertained, documents are obtained, further analysis is made, legal research is completed, and legal contentions are formulated. The responses contained herein are made in a good faith effort to supply as much factual information and documents as are presently known, but should in no way be to the prejudice of responding party in relation to further discovery, research or analysis.

**Singh Decl. Exhibits**
**67 of 81**

1

**EXHIBIT 7**     PLAINTIFF'S RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES

# GENERAL OBJECTIONS

1.      Plaintiff objects to the interrogatories to the extent they seek information only in the possession, custody, or control of Defendants, and not yet discerned through discovery.  Accordingly, without incurring any obligation to do so, Plaintiff reserves the right to supplement, amend, or modify responses to incorporate later-discovered information, and to rely upon any and all such information in the motion for class certification, trial, or otherwise.

2.      Plaintiff objects to the interrogatories to the extent that they seek information not in Plaintiff's possession, custody, or control and to the extent they seek information that has been altered, edited, modified, or destroyed by Defendants.

3.      Plaintiff objects to the interrogatories to the extent that they purport to require Plaintiff to provide information that is privileged or protected by the attorney-client privilege, the attorney work-product doctrine, or any other constitutional, statutory or common-law privilege and/or doctrine.

4.      The responses herein are provided solely for the purpose of this action.  Each response is subject to all objections as to confidence, relevance, materiality, propriety, admissibility and to any and all other objections on the ground that would require exclusion of any response at the time of trial, all of which objections and grounds are expressly reserved and may be interposed at the time of the class certification motion or trial.

5.      As to any response with respect to which Plaintiff initially asserts an objection and then, without waiving such objection, provides information, the providing of such information is solely for the purposes of (1) aiding discovery, and (2) demonstrating Plaintiff's good faith effort to supply information.

6.      Plaintiff objects to the definition of "YOU" or "YOUR" to the extent that it includes Plaintiff's attorneys, and to the extent that Defendants' use of the term "YOU" or "YOUR" in any interrogatory causes the interrogatory to seek

2

**EXHIBIT 7**      PLAINTIFF'S RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES

information that is protected by the attorney-client privilege or the attorney work-product doctrine.

## RESPONSES

**INTERROGATORY NO. 1:**

State all schools You have attended and any and all educational and/or technical degrees You have received since high school, with the date of completion.

**RESPONSE NO. 1:**

Plaintiff objects to this Interrogatory as overly broad as to time and unduly burdensome as it exceeds the scope of this litigation.  Plaintiff further objects that the Interrogatory is irrelevant and not likely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Riverside Community College (transferred); Santa Monica College, AA in liberal studies (1997); Grossmont College, certificate in beginning and advanced fingerprint technology, certificate in beginning and advance forensic technology (2006).

**INTERROGATORY NO. 2:**

Identify each address at which You have resided since January 1, 2015, and the dates of residence.

**RESPONSE NO. 2:**

Plaintiff objects to this Interrogatory as overly broad as to time and unduly burdensome as it exceeds the scope of this litigation.  Plaintiff further objects that the Interrogatory is irrelevant and not likely to lead to the discovery of admissible

**EXHIBIT 7**        PLAINTIFF'S RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES

evidence. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: 2564 Navarra Dr #215, Carlsbad, CA 92009 (2007 to present).

**INTERROGATORY NO. 3:**

Identify each employer by whom You have been employed since January 1, 2015, Including their addresses, Your title and position, dates of employment, and the nature of Your duties for each employer.

**RESPONSE NO. 3:**

Plaintiff objects to this Interrogatory as overly broad as to time and unduly burdensome as it exceeds the scope of this litigation. Plaintiff further objects that the Interrogatory is irrelevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff responds as follows as: Plaintiff has worked for the City of Carlsbad, 1635 Faraday Ave, Carlsbad, CA 92009 since 2006 as a Recreation Supervisor Special Events. Plaintiff's job duties include organizing community events, such as the Carlsbad Triathlon, ground breakings events, and grand openings related to parks and recreation for the City of Carlsbad.

**INTERROGATORY NO. 4:**

Identify all instances in which You presently are or have been a party (Including a named plaintiff) to any threatened or filed lawsuit or legal proceeding, either civilly or criminally, Including the caption number and the jurisdiction of each proceeding.

**RESPONSE NO. 4:**

Plaintiff objects to this Interrogatory as overly broad as to time and unduly burdensome as it exceeds the scope of this litigation. Plaintiff further objects that

EXHIBIT 7       PLAINTIFF'S RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES

the Interrogatory is irrelevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: None.

**INTERROGATORY NO. 5:**

To the extent not disclosed in response to Interrogatory No. 4, identify all instances in which You, or an attorney acting on Your behalf, asserted or threatened a claim under the California Unfair Competition Law, the California Consumers Legal Remedies Act, or any other state consumer protection statute, whether or not such claim resulted in litigation.

**RESPONSE NO. 5:**

Plaintiff objects to this Interrogatory as overly broad as to time and unduly burdensome as it exceeds the scope of this litigation. Plaintiff further objects that the Interrogatory is irrelevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: None.

**INTERROGATORY NO. 6:**

Identify all instances in which You received monetary compensation (Including monetary compensation in connection with a settlement) as a result of a claim under the California Unfair Competition Law, the California Consumers Legal Remedies Act, or any other state consumer protection statute, and the amount of compensation You received in each instance.

**RESPONSE NO. 6:**

Plaintiff objects to this Interrogatory as vague and ambiguous. Plaintiff objects to this Interrogatory as overly broad as to time and unduly burdensome as

**EXHIBIT 7**   PLAINTIFF'S RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES

it exceeds the scope of this litigation. Plaintiff further objects that the Interrogatory is irrelevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff generally recalls receiving notices about being a potential class member in class action settlements over the years, but does not recall any specific details about those lawsuits or receiving any sort of settlement money from those lawsuits.

**INTERROGATORY NO. 7:**

Describe in detail the events leading up to Your purchase of the Gift Card, as alleged in Paragraph 10 of the Complaint, from the time that You entered the Walmart.

**RESPONSE NO. 7:**

Plaintiff objects to this Interrogatory as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: On April 3, 2020, Plaintiff went to the WalMart in Encinitas, California to pick up some groceries. While Plaintiff was standing in the checkout line to pay for her groceries she grabbed a $50 Apple iTunes gift card from the gift card stand near the checkout line. When Plaintiff got to the front of the line she purchased her groceries and the $50 Apple iTunes gift card.

**INTERROGATORY NO. 8:**

Describe the Gift Card packaging at the time of purchase, Including whether the packaging appeared to have been tampered with.

**RESPONSE NO. 8:**

Plaintiff objects to this Interrogatory as vague and ambiguous, particularly as to the terms phrase "appeared to have been tampered with." Plaintiff further

EXHIBIT 7     PLAINTIFF'S RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES

objects to this Interrogatory to the extent it calls for legal conclusions and/or expert testimony from a lay person. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: The Apple iTunes gift card Plaintiff purchased was a blue credit card sized gift card that was affixed to a matching blue cardboard backing so that it could hang on the gift card rack. The Apple iTunes gift card was stuck to the blue cardboard backing with some sort of glue or tape. The back of the Apple iTunes gift card had a bar code across the bottom and a gray scratch off material that covered up the Apple iTunes gift card code. Plaintiff does not recall the packaging to have been physically tampered with or damaged.

**INTERROGATORY NO. 9:**

Describe all facts supporting Your allegation that "[t]he gift card was solely in [Your] possession until [You] gave it to [Your] son," as alleged in Paragraph 10 of the Complaint, Including the date that You gave the Gift Card to Your son.

**RESPONSE NO. 9:**

Plaintiff objects to this Interrogatory as vague and ambiguous. Plaintiff further objects to the terms "all facts" as overly broad and vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  After Plaintiff purchased the Apple iTunes gift card at WalMart, she put the card into her purse and drove home. When Plaintiff got home she put the Apple iTunes gift card in a section of her closet where she was hiding her son's birthday presents. A week or so later she wrapped the birthday presents, including the Apple iTunes gift card, for her son and put the presents back in the closet. On April 16,

2020, Plaintiff gave the wrapped birthday presents, including the Apple iTunes gift card, to her son.

**INTERROGATORY NO. 10:**

Describe in detail all facts leading up to Your son's attempted redemption of the Gift Card, as alleged in Paragraph 10 of the Complaint, Including the date Your son attempted to redeem the Gift Card and whether You were present during the attempted redemption.

**RESPONSE NO. 10:**

Plaintiff objects to this Interrogatory as vague and ambiguous. Plaintiff further objects to the terms "all facts" as overly broad and vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff recalls her son attempting to load the card on April 26, 2020, by using the camera feature on his iPad to scan the gift card code. Plaintiff's son was in his bedroom located on the second floor of Plaintiff's condo, and Plaintiff was out in the loft just outside of her son's bedroom when he tried to load the Apple iTunes gift card. Plaintiff's son yelled out the gift card was redeemed. Plaintiff's son immediately came out of his room and told Plaintiff he scanned the code after removing the grey section that covers the unique code for the gift card but it didn't load. Plaintiff's son told her that when he scanned it, a pop-up message came up saying the card had already been redeemed. Plaintiff's son then scanned it again and showed Plaintiff the pop-up message. Plaintiff then tried typing the code in manually on her son's iPad and got the same message that the card had already been redeemed.

**INTERROGATORY NO. 11:**

Describe in detail Your knowledge of Gift Card Scams prior to the

**Singh Decl. Exhibits**
**74 of 81**

8

Incident, Including anything You read, saw, or heard regarding Gift Card Scams.

**RESPONSE NO. 11:**

Plaintiff objects to this Interrogatory as vague and ambiguous. Plaintiff further objects to this Interrogatory as overly broad. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff did not have any particular knowledge of Apple iTunes gift card scams prior to the incident alleged in the complaint.

**INTERROGATORY NO. 12:**

Describe in detail all interactions and Communications You had with Apple Relating to the Incident, Including the date, time, and content of each one.

**RESPONSE NO. 12:**

Plaintiff objects to this Interrogatory as vague and ambiguous. Plaintiff further objects to this Interrogatory as overly broad. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will produce documents responsive to this Interrogatory showing correspondence between Plaintiff and Apple between April 25, 2020 and May 6, 2020, pursuant to Fed. R. Civ. P. 33(d). In addition, Plaintiff spoke to Apple Account Security on May 5, 2020, 7:14 am. Plaintiff recalls speaking with an Apple representative and asking for information about who redeemed the gift card. Plaintiff was told Apple could not provide her with that information. On May 6, 2020, 4:36 pm, Plaintiff again called Apple Account Security and spoke with Annette. Plaintiff asked what day the iTunes card was redeemed, and Plaintiff was told the card was redeem on April 3, 2020, which was the same day that Plaintiff purchased the gift card.

**EXHIBIT 7**        PLAINTIFF'S RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 13:**

Describe in detail all interactions and Communications You had with anyone other than Apple (Including law enforcement, any retailer, and any other third party) Relating to the Incident, Including the date, time, and content of each one.

**RESPONSE NO. 13:**

Plaintiff objects to this Interrogatory as vague and ambiguous. Plaintiff further objects to this Interrogatory as overly broad. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff recalls going into WalMart on April 30, 2020 and talking to a WalMart customer service associate. Plaintiff explained what happened with the Apple iTunes gift card and was told by the WalMart associate that since it was an Apple gift card Plaintiff would have to deal directly with Apple. On May 6, 2020, Plaintiff called the WalMart corporate office and explained again what happened with the Apple iTunes gift card. Plaintiff was told by Walmart corporate to contact Apple and to speak with a supervisor at the WalMart store, which Plaintiff had already done.

**INTERROGATORY NO. 14:**

Describe all facts supporting Your allegation that "thieves . . . electronically access the Apple gift cards at the point of sale," as alleged in Paragraph 18 of the Complaint.

**RESPONSE NO. 14:**

Plaintiff objects to this Interrogatory as overly broad as to time and unduly burdensome.  Plaintiff objects to terms "all facts" as vague, ambiguous and overly broad.  Plaintiff objects to this Interrogatory to the extent it seeks attorney work product. Plaintiff further objects that this Interrogatory to the extent it calls for

legal opinions and conclusions and/or expert testimony from a lay witness. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff was informed by Apple that the funds were redeemed on the same day that Plaintiff purchased the Apple iTunes gift card. However, the Apple iTunes gift card never left Plaintiff's possession after she purchased it so it was not possible for someone to redeem the funds unless the information was somehow stolen by thieves.

## INTERROGATORY NO. 15:

Identify all facts supporting Your allegation that there are "numerous complaints from consumers regarding . . . Apple gift cards," as alleged in Paragraph 23 of the Complaint, Including descriptions of any such complaints.

## RESPONSE NO. 15:

Plaintiff objects to this Interrogatory as overly broad as to time and unduly burdensome. Plaintiff objects to terms "all facts" as vague, ambiguous and overly broad. Plaintiff objects to this Interrogatory to the extent it seeks attorney work product. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce consumer complaints.

## INTERROGATORY NO. 16:

Identify all statements by Apple that You read in connection with the Incident (Including in connection with Your purchase of the Gift Cards), Including the content of each statement and when and where You read it.

**Singh Decl. Exhibits**
**77 of 81**

11

**RESPONSE NO. 16:**

Plaintiff objects to this Interrogatory as overly broad as to time and unduly burdensome. Plaintiff objects to terms "all statements" as vague, ambiguous and overly broad. Plaintiff objects to this Interrogatory to the extent it seeks attorney work product. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff is not able to respond to this Interrogatory as written. Plaintiff is willing to meet and confer with Defendant to clarify and/or narrow this Interrogatory.

**INTERROGATORY NO. 17:**

Identify the Gift Card You contend that You purchased in connection with the Incident, Including the Gift Card number.

**RESPONSE NO. 17:**

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce images of the Apple iTunes gift card that she purchased.

**INTERROGATORY NO. 18:**

Identify, to the best of Your recollection, each Gift Card You purchased prior to or after the Incident.

**RESPONSE NO. 18:**

Plaintiff objects to this Interrogatory as overly broad as to time and unduly burdensome as it exceeds the scope of this litigation. Plaintiff further objects that the Interrogatory is irrelevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff has purchased various Apple iTunes gift cards over the years. Plaintiff initially stopped purchasing Apple Itunes gift cards after the

fraud at issue in this case. Plaintiff recently began purchasing Apple iTunes gift cards again after noticing that Apple had changed the packaging of its Apple iTunes gift cards.

**INTERROGATORY NO. 19:**

Identify the name and model of all Apple devices You own or regularly use.

**RESPONSE NO. 19:**

Plaintiff objects to this Interrogatory as overly broad as to time and unduly burdensome as it exceeds the scope of this litigation.  Plaintiff further objects that the Interrogatory is irrelevant and not likely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Apple 11 Pro, Apple 12 ProMax, iMac Computer, and iPad mini.

**INTERROGATORY NO. 20:**

Identify Your Apple ID or any email addresses associated with any Apple ID You use or any Apple devices You own.

**RESPONSE NO. 20:**

Plaintiff objects to this Interrogatory as overly broad as to time and unduly burdensome.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  rachaelshay@hotmail.com.

**INTERROGATORY NO. 21:**

Describe in detail how You became a plaintiff in this lawsuit.

**RESPONSE NO. 21:**

Plaintiff objects to this Interrogatory as overly broad as to time and vague and ambiguous. Plaintiff further objects that the Interrogatory is irrelevant and not likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent this Interrogatory seeks information subject to the attorney-client privilege. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff was complaining about being scammed by Apple, and a friend referred her to a class action attorney named Samantha Smith.

Dated: September 24, 2021

**JAMES HAWKINS, APLC**

By: _Samantha Smith_

Samantha A. Smith
Attorneys for Plaintiff

**EXHIBIT 7**   PLAINTIFF'S RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES

## VERFICATION

1.      I, Rachael Shay, certify and declare that I have read Plaintiff's Responses to Defendants' First Set of Special Interrogatories, and know its contents.

2.      I am a party to this action. The matters stated in the document are true of my own knowledge and belief.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: September 24, 2021          By  _____
                                        Rachael Shay

**EXHIBIT 7**      PLAINTIFF'S RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES