

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a Delaware corporation; APPLE VALUE SERVICES, LLC, a Virginia limited liability corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:20-cv-1629-JO-BLM<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

-1-

ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiff Rachel Shay's ("Plaintiff") Motion for Preliminary Approval of Class Settlement. ECF No. 92. Having considered the Motion, and the arguments of counsel presented at the hearing, the Court GRANTS the Motion for Preliminary Approval and ORDERS as follows:

1.    Preliminary Approval of the Proposed Settlement.  The Settlement Agreement and Release (the "Settlement Agreement"), attached as Exhibit 1 hereto, is preliminarily approved pending a Final Approval/Settlement Fairness Hearing.  The Court preliminarily finds that settlement on the terms in the Settlement Agreement is fair, reasonable, and adequate The Court further finds that the settlement proposed in the Settlement Agreement resulted from arm's length negotiations, has no obvious deficiencies, does not grant preferential treatment, and appears to be within the range of possible approval.

2.    Conditional Certification of Settlement Class.  Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court conditionally certifies, for settlement purposes only, a Nationwide Class as well as a California Subclass (collectively, the "Settlement Class"), defined as follows:

a.    "Nationwide Class" shall mean all consumers who purchased an Eligible Gift Card  in the United States from March 2018 to July 2020, whose Eligible Gift Card was subject to a redemption attempt prior to activation, whose gift card was redeemed by an unknown third party prior to attempted redemption by the consumer or intended user, and who did not receive a refund or replacement gift card from Defendants or any third party; and

b.    "California Subclass" shall mean all consumers who purchased an Eligible Gift Card in the State of California from May 2017 to February 2018, whose gift card was subject to a redemption attempt prior to activation, whose gift card was redeemed by an unknown third party prior to attempted redemption by the

-2-

ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

consumer or intended user, and who did not receive a refund or replacement gift card from Defendants or any third party.

The Settlement Class excludes Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Defendants have a controlling interest; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members.

3.    Prerequisites for Class Action.  Solely for the purposes of settlement, the Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) are satisfied for the following reasons:

(a)    The Settlement Class appears so numerous that joinder of all members is impracticable;

(b)    There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the settlement should be approved;

(c)    The Class Representative appears to be typical of the claims of the Settlement Class; and

(d)    The Class Representative and Class Counsel appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement.

4.    Rule 23(b)(3) Class Action. The Court finds, for settlement purposes, that this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because:

-3-

  (a) Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class; and

  (b) Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class members.

5. Appointment of the Class Representative and Class Counsel. Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiff Rachel Shay is appointed as Class Representative for the Settlement Class. In accordance with Federal Rule of Civil Procedure 23(g), the Court appoints James R. Hawkins, Malte L. L. Farnaes, Christina M. Lucio, and Mitchell J. Murray of James Hawkins APLC as Class Counsel for the Settlement Class. Class Counsel will file a motion for attorneys' fees and costs, to also be heard at the Final Fairness Hearing.

6. Notice of Proposed Class Action Settlement. The Court approves the form and content of the Mail Notice, Email Notice, Publication Notice, and Website Notice appended to the Settlement Agreement as Exhibits 1, 4, 5, and 6. The Court finds that the proposed plan of notice and the proposed content of these Notices meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and all due process requirements, is the best notice practicable under the circumstances; and constitutes due and sufficient notice to all persons entitled to notice.

7. Settlement Administrator. CPT Group, Inc. is appointed to serve as the settlement administrator ("Settlement Administrator"). The Settlement

-4-

ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Administrator is authorized to implement the notice plan, claims procedure, and further administer the settlement in accordance with the Agreement and this Order.

(a) No later than October 19, 2023, Apple shall provide to the Settlement Administrator the names, email addresses, and physical addresses for all Settlement Class Members with respect to whom it has records.

(b) No later than November 2, 2023 (the "Notice Date"), the Settlement Administrator shall administer the Email Notice to the Settlement Class Members for whom Apple provides names and email addresses, and the Mail Notice to the Settlement Class Members for whom Apple provides names and physical addresses.

(c) No later than the Notice Date, the Settlement Administrator shall establish and maintain the Settlement Website.

(d) No later than the Notice Date, the Settlement Administrator shall publish the Publication Notice in print publications and in a digital media campaign.

8.   Time to Consider:  Settlement Class Members shall be provided 65 days following the Notice Date to exercise any rights with regard to the Settlement. Except as specifically provided in the Settlement Agreement or this Order, no Settlement Class Member responses of any kind that are postmarked more than 65 days after the Notice Date shall be considered.

9.   Requesting Exclusion from the Settlement.  Unless a Settlement Class Member timely opts out of the Settlement as described in the Settlement Agreement and Notices, the individual shall be bound by the terms and conditions of the Agreement, and shall also be bound by the Court's Final Approval Order and Judgment.  A Settlement Class Member will not be entitled to opt-out of the

-5-

Settlement unless the individual timely submits an Opt-Out Form. To be a valid request for exclusion, a Settlement Class Member must provide his or her name (and former names, if any), address, email address, and telephone number. Any Opt-Out Form that does not include all of the required information or that is not submitted in a timely manner will be deemed null, void, and ineffective.

10. Objecting to the Settlement. Settlement Class Members will have 65 days from the Notice Date to object to the Settlement by filing a written objection with the Court. The written objection must (i) clearly identify the case name and number, *Shay v. Apple, Inc., et al.*, Case No. 3:20-cv-01629-GPC-BLM; (ii) the full name, address, telephone number, and email address of the person objecting; (3) the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel); and (4) state the grounds for the objection. Objections must be postmarked no later than 65 days after the Notice Date if submitted by mail or filed by 11:59 p.m. PST if submitted through ECF. Only objecting Settlement Class Members who make objections in the manner described in Section 4 of the Settlement Agreement will be considered Objectors and will therefore be permitted to be heard at the Final Approval/Settlement Fairness Hearing if they state their intent to appear in their written Objection. Settlement Class Members who fail to make written objections in the manner specified in Section 4 of the Settlement Agreement are not considered Objectors, shall be deemed to have waived any objections, shall be foreclosed forever from seeking review or making any objection to the settlement or the terms of the Settlement Agreement, and shall not be permitted to be heard at the Final Approval/Settlement Fairness Hearing.

11. Final Fairness Hearing. A Final Approval/Settlement Fairness Hearing is set for January 17, 2024 at 9:30 a.m. At the Final Approval/Settlement

ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Fairness Hearing, the Court will consider the merits of any objections to the Settlement; certification of the Settlement Class; the fairness, reasonableness, and adequacy of the proposed Settlement; entry of a Final Approval Order; Class Counsel's motion for an award of attorneys' fees and costs and Class Representative Service Award, and other related matters. In the event that the Effective Date does not occur, the Parties will be returned to their respective positions nunc pro tunc as those positions existed prior to the execution of the Settlement Agreement. The Parties are directed to carry out their obligations under the Settlement Agreement.

12. Neither the Settlement, nor any of the terms set forth in the Settlement Agreement, is an admission by Defendants, or any of the other Released Parties, nor is this Order, a finding of the validity of any claims in the Action or of any wrongdoing by Defendants, or any of the other Released Parties. Neither this Order, the Settlement Agreement, nor any document referred to herein nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as, an admission by or against Defendant, or any of the other Released Parties, of any fault, wrongdoing or liability whatsoever.

**IT IS SO ORDERED.**

Dated: ___10/6/23___          _____
                                                 The Honorable Jinsook Ohta
                                                 United States District Judge

-7-
ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT