# EXHIBIT 9

## Under Seal

*Rachael Shay v. Apple Inc., et al.*

Case No. 3:20-cv-1629-JO-BLM

Plaintiff's Motion for Class Certification

**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:   (213) 239-5100
Facsimile:   (213) 239-5199

Attorneys for Defendants
Apple Inc. and Apple Value Services, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPLE INC. and APPLE VALUE SERVICES, LLC,<br><br>                    Defendants. | Case No. 3:20-cv-1629-GPC-BLM<br><br>The Hon. Gonzalo P. Curiel<br><br>**APPLE'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendants Apple Inc. and Apple Value Services, LLC (collectively, "Apple"), by and through their attorneys, hereby object and respond to Plaintiff's First Set of Requests for Production of Documents as follows:

## PRELIMINARY STATEMENT

Apple's responses to Plaintiff's Requests for Production are based on information reasonably available to Apple at this time. Accordingly, Apple reserves the right to modify or supplement its responses with any information that may be subsequently discovered while the case is pending.

Apple is responding to Plaintiff's Requests for Production as Apple reasonably interprets and understands the language of those Requests. If Plaintiff subsequently asserts an interpretation of any individual Request that differs from Apple's reasonable understanding, Apple reserves its right to supplement the responses and/or objections herein.

Apple's responses to Plaintiff's Requests for Production shall not be construed in any way as an admission that any definition provided by Plaintiff or any assertion made is either factually correct or legally binding upon Apple, or a waiver of any of Apple's objections, including but not limited to objections regarding privilege, confidentiality, and discoverability.

## GENERAL OBJECTIONS

1. Apple objects to Plaintiff's Requests for Production to the extent they are overly broad, unduly burdensome, vague, ambiguous, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2. Apple objects to Plaintiff's Requests for Production to the extent they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or doctrine that protects information from

discovery or disclosure because it reflects the impressions, conclusions, opinions, legal research, litigation plans, or theories of Apple attorneys. By providing information in response to these Requests, Apple does not waive any privilege that is or may be applicable to such information.

3. Apple objects to Plaintiff's Requests for Production to the extent they seek information in the custody or control of Plaintiff or other third parties. Apple further objects to Plaintiff's Requests for Production to the extent they seek information that can be obtained from other sources, including public sources, in a manner that is more convenient, less burdensome, and/or less expensive.

4. Apple objects to Plaintiff's Requests for Production to the extent they seek confidential, proprietary, and/or trade secret information. To the extent it is required to do so, Apple will only produce such information subject to an appropriate protective order. All of the statements in this document, to the extent they concern proprietary or confidential information, are made subject to this objection.

5. Apple objects to Plaintiff's Requests for Production to the extent they purport to impose obligations upon Apple that are inconsistent with and/or in addition to those obligations imposed by the applicable provisions of the Federal Rules of Civil Procedure.

6. Apple objects to Plaintiff's Requests for Production to the extent they are duplicative of one another.

7. Apple objects to Plaintiff's Requests for Production to the extent that they purport to seek information about ongoing government investigations that, if they exist, may not be public and that Apple would be obligated to keep confidential. Apple likewise objects to Plaintiff's Requests for Production to the extent that any domestic or foreign regulatory body, governmental agency, or other governmental entity objects to the production of the requested documents.

8. Apple objects to Plaintiff's definition of "CLASS" as vague and ambiguous.

9. Apple objects to Plaintiff's definition of "GIFT CARDS" as vague and ambiguous. Apple will use "gift card" or "gift cards" to refer to App Store & iTunes gift

cards, unless otherwise indicated.

10.     Apple objects to Plaintiff's Requests for Production and to the definition of "CLASS PERIOD" to the extent the Requests seek documents and communications that pre-date the three-year statute of limitations applicable to Plaintiff's claim under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 (which is the longest statute of limitations applicable to any of Plaintiff's claims).  Apple will construe each Request for Production to seek documents and communications from the three-year period preceding the filing of the Complaint to the present (*i.e.*, from May 28, 2017 to the present).

11.     Apple objects to Plaintiff's Requests for Production to the extent that they are not limited by geography.  Apple will construe each Request for Production to encompass only those documents relating to Apple's business operations in the United States.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Exemplars of the different types of GIFT CARDS sold during the CLASS PERIOD, including the packaging and labeling for each.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for documents pre-dating the applicable three-year statute of limitations.

Subject to and without waiving the foregoing objections, Apple agrees to produce, to the extent such information is in Apple's possession, custody, or control and can be located following a reasonable search, documents sufficient to show all packaging and labeling of gift cards during the three-year period preceding the filing of the Complaint to the present.

**REQUEST FOR PRODUCTION NO. 2:**

All STUDIES, their underlying data and RELATED DOCUMENTS, CONCERNING GIFT CARD fraud and/or loss of GIFT CARD balance as alleged in the operative complaint, including quantitative and qualitative analyses, marketing studies,

labeling studies, packaging studies, market research, focus group reports, customer surveys, consumer panel research, and sales and profitability analyses relating to GIFT CARD fraud and/or loss of GIFT CARD balance as alleged in the operative complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it calls for Apple to produce literally any document that relates in any way to any study regarding gift card fraud or loss. Apple also objects to this Request to the extent it is not limited to the specific gift card fraud at issue in the SAC and to the extent it calls for documents pre-dating the applicable three-year statute of limitations. Furthermore, Apple objects to this Request to the extent it calls for privileged communications with its counsel or attorney work product, including but not limited to efforts by its counsel to assess its potential liability for damages arising from scams involving Apple gift cards.

Subject to and without waiving the foregoing objections, Apple agrees to produce, to the extent such information is in Apple's possession, custody, or control and can be located following a reasonable search, non-privileged documents sufficient to show its studies, if any, into the type of gift card fraud alleged in the Second Amended Complaint ("SAC") from the three-year period preceding the filing of the Complaint to the present, as well as non-privileged communications reflecting or relating to those studies.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and emails which discuss, analyze, summarize, or CONCERN the STUDIES described in Request No. 2 above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it calls for Apple to produce literally any document that relates in any way to any study regarding gift card fraud or loss. Apple also objects to this Request to the extent it is not limited to the specific gift card fraud at issue

in the SAC and to the extent it calls for documents pre-dating the applicable three-year statute of limitations.  Furthermore, Apple objects to this Request to the extent it calls for privileged communications with its counsel or attorney work product, including but not limited to efforts by its counsel to assess its potential liability for damages arising from scams involving Apple gift cards.  Apple further objects to this Request to the extent it is duplicative of Request No. 2.

Subject to and without waiving the foregoing objections, Apple agrees to produce, to the extent such information is in Apple's possession, custody, or control and can be located following a reasonable search, non-privileged documents sufficient to show its studies, if any, into the type of gift card fraud alleged in the SAC from the three year-period preceding the filing of the Complaint to the present, as well as non-privileged communications reflecting or relating to those studies.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS CONCERNING any complaints CONCERNING GIFT CARD fraud and/or loss of GIFT CARD balances as alleged in the operative complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it calls for Apple to produce literally any document that relates in any way to any "complaints" regarding purported gift card fraud. Apple also objects to this Request to the extent it is not limited to the specific gift card fraud at issue in the SAC and to the extent it calls for documents pre-dating the applicable three-year statute of limitations.  Furthermore, Apple objects to this Request insofar as it requires Apple to produce privileged communications with its counsel or attorney work product. Apple further objects to this Request on the ground that the term "complaints" is vague, ambiguous, and not limited to consumer complaints submitted to Apple.

Subject to and without waiving the foregoing objections, Apple agrees to produce

1
2
3
4  **REQUEST FOR PRODUCTION NO. 5:**

5     All DOCUMENTS CONCERNING any internal communications REGARDING

6  GIFT CARD fraud and/or loss of GIFT CARD balance as alleged in the operative

7  complaint.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

9     Apple objects to this Request as overly broad, unduly burdensome, and not

10 proportional to the needs of the case insofar as it calls for Apple to produce literally any

11 internal communication that relates in any way to gift card fraud or loss.  Apple also objects

12 to this Request to the extent it is not limited to the specific gift card fraud at issue in the

13 SAC and to the extent it calls for documents pre-dating the applicable three-year statute of

14 limitations.  Furthermore, Apple objects to this Request insofar as it requires Apple to

15 produce privileged communications with its counsel or attorney work product.  Apple also

16 objects to this Request to the extent it is duplicative of Plaintiff's other Requests.

17    Apple will not produce documents in response to this Request as written.  Apple is

18 willing to meet and confer with Plaintiff to discuss whether this Request can be narrowed

19 in a mutually acceptable manner so as to facilitate the production of other responsive

20 documents.

21
22 **REQUEST FOR PRODUCTION NO. 6:**

23    All DOCUMENTS CONCERNING theft and/or fraud prevention and/or YOUR

24 policies RELATED TO theft and/or fraud prevention as it RELATES TO GIFT CARDS.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

26    Apple objects to this Request as overly broad, unduly burdensome, and not

27 proportional to the needs of the case insofar as it calls for Apple to produce literally any

28 document that relates in any way to theft or fraud prevention unrelated to gift card fraud or

1  any document that relates in any way to policies concerning gift card theft or fraud

2  prevention.  Apple also objects to this Request to the extent it is not limited to the specific

3  gift card fraud at issue in the SAC and to the extent it calls for documents pre-dating the

4  applicable three-year statute of limitations.  Furthermore, Apple objects to this Request

5  insofar as it requires Apple to produce privileged communications with its counsel or

6  attorney work product.

7        Subject to and without waiving the foregoing objections, Apple agrees to produce, to

8  the extent such information is in Apple's possession, custody, or control and can be located

9  following a reasonable search, non-privileged documents sufficient to show ███████

10 ████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 █████████████████████████████████

13

14 **REQUEST FOR PRODUCTION NO. 7:**

15        All DOCUMENTS CONCERNING the packaging design and/or changes to the

16 packaging design for GIFT CARDS during the CLASS PERIOD.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

18        Apple objects to this Request as overly broad, unduly burdensome, and not

19 proportional to the needs of the case insofar as it calls for Apple to produce literally any

20 document that relates in any way to the packaging design or/and changes to the packaging

21 design of gift cards.  Apple also objects to this Request to the extent it calls for documents

22 pre-dating the applicable three-year statute of limitations.  Furthermore, Apple objects to

23 this Request insofar as it requires Apple to produce privileged communications with its

24 counsel or attorney work product.  Apple further objects to this Request to the extent that it

25 is duplicative of Request No. 1.

26        Subject to and without waiving the foregoing objections, Apple agrees to produce, to

27 the extent such information is in Apple's possession, custody, or control and can be located

28 following a reasonable search, documents sufficient to show all packaging and labeling of

1    gift cards during the three-year period preceding the filing of the Complaint to the present.
2    Apple also agrees to produce documents sufficient to show changes to the packaging and
3    labeling of gift cards during the three-year period preceding the filing of the Complaint to
4    the present.

6    **REQUEST FOR PRODUCTION NO. 8:**

7         All DOCUMENTS and emails which evidence, memorialize, summarize or discuss
8    YOUR response and/or approach on how to manage and/or respond to GIFT CARD fraud
9    and/or loss of GIFT CARD balances as alleged in the operative complaint.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11        Apple objects to this Request as overly broad, unduly burdensome, and not
12   proportional to the needs of the case insofar as it calls for Apple to produce literally any
13   document that relates in any way to Apple's approach or response to gift card fraud or loss.
14   Apple also objects to this Request to the extent it is not limited to the specific gift card fraud
15   at issue in the SAC and to the extent it calls for documents pre-dating the applicable three-
16   year statute of limitations.  Furthermore, Apple objects to this Request insofar as it requires
17   Apple to produce privileged communications with its counsel or attorney work product.
18   Apple further objects to this Request on the ground that the term "manage" is vague and
19   ambiguous.

20        Subject to and without waiving the foregoing objections, Apple agrees to produce, to
21   the extent such information is in Apple's possession, custody, or control and can be located
22   following a reasonable search, non-privileged documents sufficient to show ███████████

23   ████████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████████

25   ████████████████████████████

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and communications with retail stores REGARDING GIFT CARD fraud and/or loss of GIFT CARD balances as alleged in the operative complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it calls for Apple to produce literally any communication with a retail store regarding gift card fraud or loss. Apple also objects to this Request to the extent it is not limited to the specific gift card fraud at issue in the SAC and to the extent it calls for documents pre-dating the applicable three-year statute of limitations. Furthermore, Apple objects to this Request insofar as it requires Apple to produce privileged communications with its counsel or attorney work product.

Subject to and without waiving the foregoing objections, Apple agrees to produce, to the extent such information is in Apple's possession, custody, or control and can be located following a reasonable search, non-privileged communications with third-party retailers concerning the type of gift card fraud alleged in the SAC from the three year-period preceding the filing of the Complaint to the present.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS REGARDING consumer complaints related to GIFT CARD fraud and/or loss of GIFT CARD balances as alleged in the operative complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it calls for Apple to produce literally any document that relates in any way to any complaint by a consumer regarding purported gift card fraud. Apple also objects to this Request to the extent it is not limited to the specific gift card fraud at issue in the SAC and to the extent it calls for documents pre-dating the applicable three-year statute of limitations. Furthermore, Apple objects to this Request insofar as it requires Apple to produce privileged communications with its counsel or

attorney work product.  Apple further objects to this Request to the extent it is duplicative of Request No. 4.

Subject to and without waiving the foregoing objections, Apple agrees to produce

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████

**REQUEST FOR PRODUCTION NO. 11:**

All organizational charts reflecting YOUR agents or EMPLOYEES whose responsibilities include or are RELATED TO GIFT CARD fraud and/or loss of GIFT CARD balances as alleged in the operative complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it calls for Apple to produce all organizational charts reflecting any "agents" or employees of Apple with any responsibilities relating to gift card fraud or loss.  Apple also objects to this Request to the extent it is not limited to the specific gift card fraud at issue in the SAC and to the extent it calls for documents pre-dating the applicable three-year statute of limitations.

Apple will not produce documents in response to this Request.  Apple is willing to meet and confer with Plaintiff to discuss whether this Request can be narrowed in a mutually acceptable manner.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and emails constituting or REGARDING inquiries, complaints or communications with consumers, media, governmental regulatory agencies, and/or consumer protection organizations of any type REGARDING GIFT CARD fraud and/or loss of GIFT CARD balances as alleged in the operative complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Apple objects to this Request to the extent it calls for: (1) communications with its counsel, which are attorney-client privileged; (2) attorney work product created in the course of responding to a government investigation; or (3) material that is legally privileged from disclosure because it was exchanged with the government in the course of an investigation. Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for documents or communications relating to gift card scams other than the type of gift card fraud at issue in this case, documents or communications that pre-date the applicable three-year statute of limitations, and/or documents or communications related to investigations by foreign governmental or media entities. Apple further objects to this Request on the ground that the phrase "consumer protection organizations" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Apple agrees to produce, to the extent such information is in Apple's possession, custody, or control and can be located following a reasonable search, non-privileged written communications with media or governmental regulatory agencies concerning the type of gift card fraud alleged in the SAC from the three year-period preceding the filing of the Complaint to the present. Apple also agrees to produce ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and emails constituting or REGARDING testimonials or product reviews from consumers or consumer organizations of any type CONCERNING GIFT CARD fraud and/or loss of GIFT CARD balances as alleged in the operative complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it calls for Apple to produce literally any

document that relates in any way to consumer testimonials or product reviews concerning gift card fraud or loss.  Apple also objects to this Request to the extent it is not limited to the specific gift card fraud at issue in the SAC and to the extent it calls for documents pre-dating the applicable three-year statute of limitations.  Furthermore, Apple objects to this Request insofar as it requires Apple to produce privileged communications with its counsel or attorney work product.  Apple further objects to this Request on the ground that the phrase "testimonials or product reviews" is vague and ambiguous.

Apple will not produce documents in response to this Request.  Apple is willing to meet and confer with Plaintiff to discuss whether this Request can be clarified and narrowed in a mutually acceptable manner.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and/or emails which refer to or discuss any meeting, financial analysis discussion, industry conference or gathering YOU attended where GIFT CARD fraud and/or loss of GIFT CARD balances as alleged in the operative complaint was discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, especially given that it is not limited by time, and to the extent it is not limited to the specific gift card fraud at issue in the SAC.  Apple also objects to this Request on the ground that the phrase "financial analysis discussion" and the term "gathering" are vague and ambiguous.  Furthermore, Apple objects to this Request insofar as it requires Apple to produce privileged communications with its counsel or attorney work product.

Apple will not produce documents in response to this Request.  Apple is willing to meet and confer with Plaintiff to discuss whether this Request can be clarified and narrowed in a mutually acceptable manner.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS evidencing or summarizing the NET SALES attributable to the sale of GIFT CARDS in the United States during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Apple objects to this Request to the extent it calls for documents pre-dating the applicable three-year statute of limitations.  Apple also objects to this Request as irrelevant to the claims or defenses in this lawsuit, as the only gift cards at issue are those allegedly subject to the specific gift card fraud alleged in the SAC.  Furthermore, Apple objects to this Request on the ground that the phrase "evidencing or summarizing the NET SALES attributable to the sale of GIFT CARDS" is vague and ambiguous.

Apple will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS evidencing or summarizing the NET SALES attributable to the sale of GIFT CARDS in California during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Apple objects to this Request to the extent it calls for documents pre-dating the applicable three-year statute of limitations.  Apple also objects to this Request as irrelevant to the claims or defenses in this lawsuit, as the only gift cards at issue are those allegedly subject to the specific gift card fraud alleged in the SAC.  Furthermore, Apple objects to this Request on the ground that the phrase "evidencing or summarizing the NET SALES attributable to the sale of GIFT CARDS" is vague and ambiguous.  Apple further objects to this Request as duplicative of No. 15.

Apple will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS YOU prepared REGARDING REVENUES, profits and/or losses in the United States and specifically in California RELATED TO GIFT CARD fraud and/or loss of GIFT CARD balances as alleged in the operative complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Apple objects to this Request to the extent it is not limited to the specific gift card fraud at issue in the SAC and to the extent it calls for documents pre-dating the applicable three-year statute of limitations. Apple also objects to this Request to the extent it assumes Apple has earned revenue related to gift card fraud. Furthermore, Apple objects to this Request insofar as it requires Apple to produce privileged communications with its counsel or attorney work product. Apple further objects to this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, Apple responds that there are no non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and/or emails between YOU and GIFT CARD designers/manufacturers REGARDING the prevention of GIFT CARD fraud and/or loss of GIFT CARD balances as alleged in the operative complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it calls for Apple to produce literally any document that relates in any way to prevention of gift card fraud or loss. Apple also objects to this Request to the extent it is not limited to the specific gift card fraud at issue in the SAC and to the extent it calls for documents pre-dating the applicable three-year statute of limitations. Furthermore, Apple objects to this Request insofar as it requires Apple to produce privileged communications with its counsel or attorney work product. Apple further objects to this Request on the ground that the phrase "GIFT CARD designers/manufacturers" is vague and ambiguous.

1  Subject to and without waiving the foregoing objections, Apple agrees to produce, to
2  the extent such information is in Apple's possession, custody, or control and can be located
3  following a reasonable search, non-privileged documents sufficient to show ███████
4  ████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████
7  ██████████████████████████████████████████

8

9  **REQUEST FOR PRODUCTION NO. 19:**

10  DOCUMENTS sufficient to show, to the fullest extent possible, the following
11  information about each proposed CLASS member and each of his or her purchase(s) of
12  GIFT CARDS: (1) name, (2) mailing address, (3) telephone number, (4) email address, (5)
13  date(s) of purchase, (6) retail store location, (7) amount of GIFT CARD purchased, and (8)
14  amount of GIFT CARD balance lost.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

16  Apple objects to this Request because Apple is unable to identify individuals affected
17  by the type of gift card fraud alleged in the SAC. Apple also objects to this Request to the
18  extent it calls for the production of personal identifying information and other confidential
19  information regarding putative class members that Apple is obligated not to disclose.

20  Apple will not produce documents in response to this Request. As indicated in the
21  responses to Request Nos. 4 and 10, Apple agrees to produce ██████████████
22  ████████████████████████████████████████████████████████
23  ████████████████████████████████████████████████████████
24  ██████████████████████████

25

26  **REQUEST FOR PRODUCTION NO. 20:**

27  All DOCUMENTS which YOU contend support any affirmative defense YOU have
28  or will be asserting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  Apple also objects to this Request as premature, as discovery is ongoing and Apple has not identified all documents which may support its affirmative defenses.

Subject to and without waiving the foregoing objections, Apple agrees to produce, to the extent such information is in Apple's possession, custody, or control and can be located following a reasonable search, non-privileged documents supporting Apple's affirmative defenses.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS relating to YOUR policies or procedures with respect to the retention or destruction of DOCUMENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Apple objects to this Request because it is not relevant to any party's claims or defenses and constitutes impermissible "discovery about discovery."  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  Furthermore, Apple objects to this Request insofar as it requires Apple to produce privileged communications with its counsel or attorney work product.

Apple will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS REGARDING information associated with and/or reasonably linked, directly or indirectly, with the Personal Identification Number ("PIN"), or any other identifying code, on the back of the GIFT CARDS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Apple objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case.  Furthermore, Apple objects to this Request insofar

as it requires Apple to produce privileged communications with its counsel or attorney work product.  Apple further objects to this Request as vague, ambiguous, and unintelligible, particularly with respect to the term "Personal Identification Number ('PIN')."

Apple will not produce documents in response to this Request.  Apple is willing to meet and confer with Plaintiff to discuss whether this Request can be clarified and narrowed in a mutually acceptable manner.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS REGARDING any security procedures and/or practices employed by YOU, if any, to secure any personal information associated with and/or reasonably linked, directly or indirectly, with the PINs, and/or any other identifying codes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Apple objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case.  Furthermore, Apple objects to this Request insofar as it requires Apple to produce privileged communications with its counsel or attorney work product.  Apple further objects to this Request as vague, ambiguous, and unintelligible, particularly with respect to the term "PIN."

Apple will not produce documents in response to this Request.  Apple is willing to meet and confer with Plaintiff to discuss whether this Request can be clarified and narrowed in a mutually acceptable manner.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS REGARDING any training materials, procedures and/or guidelines REGARDING how YOUR employees should respond to reports of GIFT CARD fraud and/or loss of GIFT CARD balances as alleged in the operative complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it calls for Apple to produce literally any

document that relates in any way to training materials, procedures and/or guidelines regarding how Apple employees should respond to reports of gift card fraud or loss. Apple also objects to this Request to the extent it is not limited to the specific gift card fraud at issue in the SAC and to the extent it calls for documents pre-dating the applicable three-year statute of limitations. Furthermore, Apple objects to this Request insofar as it requires Apple to produce privileged communications with its counsel or attorney work product.

Subject to and without waiving the foregoing objections, Apple agrees to produce, to the extent such information is in Apple's possession, custody, or control and can be located following a reasonable search, non-privileged documents sufficient to show ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮

DATED:  August 30, 2021                    JENNER & BLOCK LLP

                                  By:  /s/ Kate T. Spelman
                                       Attorney for Defendants
                                       Apple Inc. and Apple Value Services, LLC
                                       E-mail: kspelman@jenner.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, I served the foregoing **APPLE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on counsel of record for Plaintiff by electronic mail, as follows:

**JAMES HAWKINS APLC**
James Hawkins (james@jameshawkinsaplc.com)
Samantha Smith (samantha@jameshawkinsaplc.com)
9880 Research Drive, Suite 200
Irvine, CA 92618

Dated:  August 30, 2021                                          By: /s/  Alexander M. Smith
                                                                              Alexander M. Smith