# EXHIBIT 10

## Under Seal

*Rachael Shay v. Apple Inc., et al.*

Case No. 3:20-cv-1629-JO-BLM

Plaintiff's Motion for Class Certification

**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Attorneys for Defendants
Apple Inc. and Apple Value Services, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC. and APPLE VALUE SERVICES, LLC,<br><br>Defendants. | Case No. 3:20-cv-1629-GPC-BLM<br><br>The Hon. Gonzalo P. Curiel<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   PLAINTIFF RACHAEL SHAY

RESPONDING PARTY:   DEFENDANTS APPLE, INC. AND APPLE VALUE SERVICES, LLC

SET NUMBER:   ONE

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Apple Inc. and Apple Value Services, LLC (collectively, "Apple"), by and through their attorneys, hereby object and respond to Plaintiff's First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

Apple's responses to Plaintiff's Interrogatories are based on information reasonably available to Apple at this time. Accordingly, Apple reserves the right to modify or supplement its responses with any information that may be subsequently discovered while the case is pending.

Apple is responding to Plaintiff's Interrogatories as Apple reasonably interprets and understands the language of those Interrogatories. If Plaintiff subsequently asserts an interpretation of any individual Interrogatory that differs from Apple's reasonable understanding, Apple reserves its right to supplement the responses and/or objections herein.

Apple's responses to Plaintiff's Interrogatories shall not be construed in any way as an admission that any definition provided by Plaintiff or any assertion made is either factually correct or legally binding upon Apple, or a waiver of any of Apple's objections, including but not limited to objections regarding privilege, confidentiality, and discoverability.

## GENERAL OBJECTIONS

1. Apple objects to Plaintiff's Interrogatories to the extent they are overly broad, unduly burdensome, vague, ambiguous, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2. Apple objects to Plaintiff's Interrogatories to the extent they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine,

and/or any other privilege or doctrine that protects information from discovery or disclosure because it reflects the impressions, conclusions, opinions, legal research, litigation plans, or theories of Apple attorneys. By providing information in response to these Interrogatories, Apple does not waive any privilege that is or may be applicable to such information.

3. Apple objects to Plaintiff's Interrogatories to the extent they seek information in the custody or control of Plaintiff or other third parties. Apple further objects to Plaintiff's Interrogatories to the extent they seek information that can be obtained from other sources, including public sources, in a manner that is more convenient, less burdensome, and/or less expensive.

4. Apple objects to Plaintiff's Interrogatories to the extent they seek confidential, proprietary, and/or trade secret information. To the extent it is required to do so, Apple will only produce such information subject to an appropriate protective order. All of the statements in this document, to the extent they concern proprietary or confidential information, are made subject to this objection.

5. Apple objects to Plaintiff's Interrogatories to the extent they purport to impose obligations upon Apple that are inconsistent with and/or in addition to those obligations imposed by the applicable provisions of the Federal Rules of Civil Procedure.

6. Apple objects to Plaintiff's Interrogatories to the extent they are duplicative of one another.

7. Apple objects to Plaintiff's Interrogatories to the extent that they purport to seek information about ongoing government investigations that, if they exist, may not be public and that Apple would be obligated to keep confidential. Apple likewise objects to Plaintiff's Interrogatories to the extent that any domestic or foreign regulatory body, governmental agency, or other governmental entity objects to the disclosure of the requested information.

8. Apple objects to Plaintiff's definition of "CLASS" as vague and ambiguous.

9. Apple objects to Plaintiff's definition of "GIFT CARDS" as vague and ambiguous. Apple will use "gift card" or "gift cards" to refer to App Store & iTunes gift cards, unless otherwise indicated.

10. Apple objects to Plaintiff's Interrogatories and to the definition of "CLASS PERIOD" to the extent the Interrogatories seek information that pre-dates the three-year statute of limitations applicable to Plaintiff's claim under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 (which is the longest statute of limitations applicable to any of Plaintiff's claims). Apple will construe each Interrogatory to seek information from the three-year period preceding the filing of the Complaint to present (*i.e.*, from May 28, 2017 to the present).

11. Apple objects to Plaintiff's Interrogatories to the extent that they are not limited by geography. Apple will construe each Interrogatory to encompass only information relating to Apple's business operations in the United States.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the number of consumer complaints received by YOU (including date, customer identification, customer location, nature of complaint, and gift card amount) pertaining to GIFT CARD fraud and/or loss of GIFT CARD balances.

**RESPONSE TO INTERROGATORY NO. 1:**

Apple objects to this Interrogatory to the extent it is not limited to the specific gift card fraud at issue in the Second Amended Complaint ("SAC") and to the extent it calls for information pre-dating the applicable three-year statute of limitations.

Subject to and without waiving the foregoing objections, Apple responds that it will produce ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**INTERROGATORY NO. 2:**

State the identity and physical location of any vendor(s) that printed or created GIFT CARDS for YOU during the CLASS PERIOD.

**RESPONSE TO INTERROGATORY NO. 2:**

Apple objects to this Interrogatory to the extent it calls for documents pre-dating the applicable three-year statute of limitations. Apple also objects to this Interrogatory on the ground that the terms "vendor" and "created" are vague and ambiguous.

Subject to and without waiving the foregoing objections, Apple responds that ███████████████████████████████████████████████████████████████████████ ████ ███████ ███████ ████████████████

**INTERROGATORY NO. 3:**

State the method by which GIFT CARDS are shipped from manufacturers to retail point of sale.

**RESPONSE TO INTERROGATORY NO. 3:**

Apple objects to this Interrogatory on the ground that the phrase "method by which GIFT CARDS are shipped" and the term "manufacturers" are vague and ambiguous. Apple also objects that the phrase "retail point of sale" is ambiguous. Apple will interpret "retail point of sale" to mean third-party retail stores in the United States. Apple also objects to this Interrogatory to the extent it calls for information pre-dating the applicable three-year statute of limitations.

Subject to and without waiving the foregoing objections, Apple responds that ████ ████████████████████████████████████████████████████████████████████

1 ███████████████████████████████████████████████
2 ███████████████████████████████████████████████
3 ███████████████████████████████████████████████
4 ███████████████████████████████████████████████
5 ██████████
6   ████████████████████████████████████████
7 ███████████████████████████████████████████████
8 ████████████████████████████████████
9

**INTERROGATORY NO. 4:**

State the meaning and/or significance of all categories of all numerical digits printed on back of GIFT CARDS (i.e., what does each number group signify or what is it utilized for?).

**RESPONSE TO INTERROGATORY NO. 4:**

Apple objects to this Interrogatory on the ground that it seeks information that is not relevant to either party's claims or defenses.  Apple also objects to this Interrogatory on the ground that the phrase "categories of all numerical digits printed on back of GIFT CARDS" is vague and ambiguous.  Apple further objects to this Interrogatory to the extent it calls for information pre-dating the applicable three-year statute of limitations.

Subject to and without waiving the foregoing objections, Apple responds that ███
████████████████████████████████████████████████████████████████
██████████████████████████████████

- ████████████████████████████████████████████████████
████████████████████████████████████████████████████

- ████████████████████████████████████████████████████
████████████████████████████████████████████████████



**INTERROGATORY NO. 5:**

State the physical location, name and type of computer software and hardware containing the GIFT CARD numbers and Personal Identification Number ("PIN") during the CLASS PERIOD.

**RESPONSE TO INTERROGATORY NO. 5:**

Apple objects to this Interrogatory as overly broad, unduly burdensome, irrelevant and not proportional to the needs of the case. Apple also objects to this Interrogatory to the extent it calls for information pre-dating the applicable three-year statute of limitations.

Furthermore, Apple objects to this Interrogatory as vague and ambiguous, particularly with respect to the term "Personal Identification Number ('PIN')." Apple further objects to this Interrogatory to the extent it calls for information not in Apple's possession, custody, or control.

Apple will not provide information in response to this Interrogatory as currently written. Apple is willing to meet and confer with Plaintiff to clarify this Interrogatory.

**INTERROGATORY NO. 6:**

State the number of GIFT CARDS sold annually during the CLASS PERIOD in the United States.

**RESPONSE TO INTERROGATORY NO. 6:**

Apple objects to this Interrogatory to the extent it calls for information pre-dating the applicable three-year statute of limitations. Apple also objects to this Interrogatory as irrelevant, as the total number of gift cards sold annually has no bearing on the number of gift cards potentially subject to the specific type of gift card fraud described in the SAC.

Subject to and without waiving the foregoing objections, Apple is unable to respond to Plaintiff's Interrogatory as written, as responsive information would only be available to retailers. Apple, however, ███████████████████████████████████████

███████████████████████████████████████

███████████████████████

| ███ | ███ |
|---|---|
| ███ | ███ |
| ███ | ███ |
| ███ | ███ |
| ███ | ███ |
| ███ | ███ |

████████████████████████████████████

**INTERROGATORY NO. 7:**

State the number of GIFT CARDS sold annually during the CLASS PERIOD in California.

**RESPONSE TO INTERROGATORY NO. 7:**

Apple objects to this Interrogatory to the extent it calls for information pre-dating the applicable three-year statute of limitations. Apple also objects to this Interrogatory as irrelevant, as the total number of gift cards sold annually has no bearing on the number of gift cards potentially subject to the specific type of gift card fraud described in the SAC.

Subject to and without waiving the foregoing objections, Apple is unable to respond to Plaintiff's Interrogatory, as responsive information would only be available to third-party retailers.

**INTERROGATORY NO. 8:**

Describe any investigations by YOU into any instances of alleged GIFT CARD fraud involving unauthorized third parties depleting GIFT CARD balances as alleged in the complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

Apple objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it would require Apple to describe every investigation of every customer complaint of the type of gift card fraud at issue in this lawsuit. Apple also objects to this Interrogatory to the extent it is not limited to the specific gift card fraud at issue in the SAC and to the extent it calls for information pre-dating the applicable three-year statute of limitations. Furthermore, Apple objects to this Interrogatory to the extent it calls for privileged communications with its counsel or attorney work product. Apple further objects to this Interrogatory to the extent it refers to allegations in the "complaint" rather than the operative SAC.

Subject to and without waiving the foregoing objections, Apple responds that it will produce ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Apple is willing to meet and confer with Plaintiff to clarify and/or narrow this Interrogatory further.

**INTERROGATORY NO. 9:**

Describe any actions by any state agency, including state attorney's general, concerning GIFT CARD fraud and/or loss of GIFT CARD balances as alleged in the complaint.

**RESPONSE TO INTERROGATORY NO. 9:**

Apple objects to this Interrogatory to the extent it is not limited to the specific gift card fraud at issue in the SAC and to the extent it calls for information pre-dating the applicable three-year statute of limitations. Furthermore, Apple objects to this Interrogatory to the extent it calls for privileged communications with its counsel or attorney work product. Apple further objects to this Interrogatory to the extent it refers to allegations in the "complaint" rather than the operative SAC. Apple further objects to this Interrogatory on the ground that the term "actions" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Apple ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**INTERROGATORY NO. 10:**

The amount of gross revenue generated by GIFT CARD sales in California

**RESPONSE TO INTERROGATORY NO. 10:**

Apple objects to this Interrogatory to the extent it calls for information about the revenues other third parties generate from Apple gift card sales. Apple also objects to this Interrogatory as irrelevant to the claims or defenses in this lawsuit, as the gross revenue associated with Apple's sale of gift cards in California has no bearing on the number of gift cards potentially subject to the specific type of gift card fraud described in the SAC.

Apple will not provide information in response to this Interrogatory.

**INTERROGATORY NO. 21 [11]:**

The amount of gross revenue generated by GIFT CARD sales by in the United States.

**RESPONSE TO INTERROGATORY NO. 21 [11]:**

Apple objects to this Interrogatory to the extent it calls for information about the revenues other third parties generate from Apple gift card sales. Apple also objects to this Interrogatory as irrelevant to the claims or defenses in this lawsuit, as the gross revenue associated with Apple's sale of gift cards in the United States has no bearing on the number of gift cards potentially subject to the specific type of gift card fraud described in the SAC.

Apple will not provide information in response to this Interrogatory.

**INTERROGATORY NO. 32 [12]:**

Any lawsuit in which DEFENDANTS were named as parties where there was an allegation of GIFT CARD fraud.

**RESPONSE TO INTERROGATORY NO. 32 [12]:**

Apple objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it would require Apple to search through its litigation files, including small claims and *pro se* matters, for any "allegation" of gift card fraud similar to that alleged in the SAC. Apple will not identify any small claims

or *pro se* lawsuits in response to this Interrogatory. Apple also objects to this Interrogatory to the extent it is not limited to the specific gift card fraud at issue in the SAC.

Subject to and without waiving the foregoing objection, Apple is not aware of any other lawsuits in which Apple is named as a party that involve allegations of fraud similar to the type of gift card fraud alleged in the SAC.

**INTERROGATORY NO. 43 [13]:**

State the type of information associated with and/or reasonably linked, directly or indirectly, with GIFT CARD PINs, or any other identifying code.

**RESPONSE TO INTERROGATORY NO. 43 [13]:**

Apple objects to this Interrogatory on the ground that the phrase "reasonably linked" and the term "PIN" are vague and ambiguous. Apple also objects to this Interrogatory to the extent it calls for information pre-dating the applicable three-year statute of limitations.

Subject to and without waiving the foregoing objection, Apple responds that [REDACTED]

**INTERROGATORY NO. 54 [14]:**

State the security procedures and/or practices employed by YOU, if any, to secure any personal information associated with and/or reasonably linked, directly or indirectly, with the GIFT CARD PINs, and/or any other identifying codes.

**RESPONSE TO INTERROGATORY NO. 54 [14]:**

Apple objects to this Interrogatory on the ground that the phrase "reasonably linked" and the term "PIN" are vague and ambiguous. Apple also objects to this Interrogatory as irrelevant to the claims or defenses in this lawsuit. Furthermore, Apple objects to this Interrogatory to the extent it calls for privileged communications with its counsel or attorney work product. Apple also objects to this Interrogatory to the extent it calls for information pre-dating the applicable three-year statute of limitations.

Apple will not provide information in response to this Interrogatory as currently written. Apple is willing to meet and confer with Plaintiff to clarify this Interrogatory.

**INTERROGATORY NO. 15:**

Describe the data and information maintained by YOU with regards to each GIFT CARD (i.e. information regarding purchaser, purchases made, activation of the gift card, date activated, etc.).

**RESPONSE TO INTERROGATORY NO. 15:**

Apple objects to this Interrogatory on the ground that the term "maintained" is vague and ambiguous. Apple also objects to this Interrogatory to the extent it calls for information pre-dating the applicable three-year statute of limitations.

Subject to and without waiving the foregoing objection, Apple incorporates herein its response to Interrogatory No. 13 (erroneously numbered as Interrogatory No. 43).

1 | DATED:  August 30, 2021           JENNER & BLOCK LLP

2 |                                                         By:   /s/ Kate T. Spelman
3 |                                                                 Attorney for Defendants
   |                                                                 Apple Inc. and Apple Value Services, LLC
4 |                                                                 E-mail: kspelman@jenner.com

# CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, I served the foregoing **APPLE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** on counsel of record for Plaintiff by electronic mail, as follows:

**JAMES HAWKINS APLC**
James Hawkins (james@jameshawkinsaplc.com)
Samantha Smith (samantha@jameshawkinsaplc.com)
9880 Research Drive, Suite 200
Irvine, CA 92618

Dated: August 30, 2021                                      By: /s/  Alexander M. Smith
                                                                     Alexander M. Smith

## VERIFICATION

I, Paul Richardson, am authorized to verify these Responses on behalf of Defendants Apple Inc. and Apple Value Services, LLC (collectively, "Apple"). I have read the Interrogatories propounded by Plaintiff Rachael Shay and Apple's Responses thereto, and I am familiar with the contents of both. I declare under penalty of perjury under the laws of the United States of America that the foregoing Responses to Plaintiff's Interrogatories are true and correct to the best of my knowledge, information, and belief.

Executed on August 30th, 2021 in Cork, Ireland.

*Paul Richardson*

Paul Richardson
Product Marketing Manager 3 – GC Ops & Production IE
Apple Inc.