# EXHIBIT 19

## **<u>Under Seal</u>**

*Rachael Shay v. Apple Inc., et al.*

Case No. 3:20-cv-1629-JO-BLM

Plaintiff's Motion for Class Certification

1  **JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
2  kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
3  asmith@jenner.com
4  515 South Flower Street, Suite 3300
Los Angeles, CA 90071
5  Telephone:   (213) 239-5100
Facsimile:   (213) 239-5199
6

7
Attorneys for Defendants
8  Apple Inc. and Apple Value Services, LLC

9

10

11

12              UNITED STATES DISTRICT COURT

13            SOUTHERN DISTRICT OF CALIFORNIA

14

15  RACHAEL SHAY, individually and on       | Case No. 3:20-cv-1629-JO-BLM
behalf of all others similarly situated,
16                                          | The Hon. Jinsook Ohta
Plaintiff,
17                                          | **APPLE'S OBJECTIONS AND**
v.                                          **RESPONSES TO PLAINTIFF'S**
18                                          **SECOND SET OF**
**INTERROGATORIES**
19  APPLE INC. and APPLE VALUE
SERVICES, LLC,
20
Defendants.
21

22

23

24  PROPOUNDING PARTY:        PLAINTIFF RACHAEL SHAY

25  RESPONDING PARTY:         DEFENDANTS APPLE INC. AND APPLE
26                            VALUE SERVICES, LLC

27  SET NUMBER:               TWO

28

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Apple Inc. and Apple Value Services, LLC (collectively, "Apple"), by and through their attorneys, hereby object and respond to Plaintiff's Second Set of Interrogatories as follows:

## **PRELIMINARY STATEMENT**

<u>Responses</u>. These responses are based on information reasonably available to Apple at this time. They reflect Apple's current knowledge, understanding, and beliefs and are made based on Apple's reasonable understanding and interpretation of the interrogatories. Apple will apply reasonable interpretations, based on context, to terms that are overly broad, vague, or ambiguous. No incidental or implied admissions are intended by Apple's responses. Just because Apple has responded to an interrogatory does not mean that Apple accepts or admits to any fact set forth or assumed by the interrogatory. Apple reserves the right, without obligating itself to do so, to supplement or amend its responses, including when subsequently discovered information changes Apple's understanding or interpretation of the interrogatories.

<u>Production & Time for Production</u>. Where Apple elects to produce documents in response to an interrogatory, it will do so in a form consistent with the ESI stipulation and order, the parties' stipulated protective order, and/or Federal Rule of Civil Procedure 34, as appropriate. Apple will make its production at a mutually agreeable time or as required by the Court, and its production shall be consistent with the parties' prior agreements on custodians and search terms.

<u>General Objections</u>. Apple objects to these interrogatories to the extent that they purport to impose obligations upon Apple that are inconsistent with or in addition to those obligations imposed by the Federal Rules of Civil Procedure. Accordingly, Apple objects to each interrogatory to the extent that it is irrelevant, overly broad, unduly burdensome, vague, ambiguous, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit. Moreover, privileged information will not be provided in response to these interrogatories, and Apple's responses shall not be construed as a waiver of any privilege or protection.

<b>RESPONSES TO INTERROGATORIES</b>

**INTERROGATORY NO. 16:**

State the date, time and location where PLAINTIFF'S GIFT CARD was redeemed.

**RESPONSE TO INTERROGATORY NO.16:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this interrogatory because the term "location" is vague and ambiguous in this context, and Apple will not provide information in response to that aspect of the interrogatory. Apple also objects to this interrogatory because it seeks third party private information.

Subject to and without waiving the foregoing objections, Apple responds that ███████████████████████████████████████████████

**INTERROGATORY NO. 17:**

State the full name, mailing address, telephone number, email address, and Apple ID of the customer who redeemed PLAINTIFF'S GIFT CARD.

**RESPONSE TO INTERROGATORY NO.17:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this interrogatory because it seeks third party personal identifiable information ("PII") that Apple is obligated to keep confidential pursuant to the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 *et seq*. Apple also objects to this interrogatory because it seeks information that is not relevant to any party's claims or defenses.

**INTERROGATORY NO. 18:**

State how the store credit redeemed using PLAINTIFF'S GIFT CARD was spent.

**RESPONSE TO INTERROGATORY NO.18:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this interrogatory because it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Apple responds that it will produce documents sufficient to show ███████████████████████████████████████████████████████████████████████████████████████

**INTERROGATORY NO. 19:**

State how many attempts were made to redeem PLAINTIFF'S GIFT CARD before activation and the dates of each attempt.

**RESPONSE TO INTERROGATORY NO.19:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this interrogatory because it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Apple responds that it will produce documents sufficient to show ███████████████████████████████████████████████████████████████████████████████████████

**INTERROGATORY NO. 20:**

State how many attempts were made to redeem PLAINTIFF'S GIFT CARD after activation and the dates of each attempt.

**RESPONSE TO INTERROGATORY NO. 20:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this interrogatory because it is not relevant to any party's claims or defenses. Apple objects to this interrogatory because it is unduly burdensome.

Subject to and without waiving the foregoing objections, Apple responds that it will

1  produce documents sufficient to show ███████████████████

2  ████████████████████████████████████████████████

3  ████████████████████████████████████

4  **INTERROGATORY NO. 21:**

5      Identify all Apple IDs that attempted to redeem PLAINTIFF'S GIFT CARD.

6  **RESPONSE TO INTERROGATORY NO. 21:**

7      Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

8  objects to this interrogatory because it is not relevant to any party's claims or defenses.

9  Apple objects to this interrogatory because it is unduly burdensome. Apple objects to this

10  interrogatory to the extent it is duplicative of Interrogatory Nos. 16 and 20. Apple objects

11  to this interrogatory because it seeks third party private information, including PII, that

12  Apple is obligated to keep confidential pursuant to the California Consumer Privacy Act,

13  Cal. Civ. Code §§ 1798.100 *et seq.*

14      Subject to and without waiving the foregoing objections, Apple responds that ████

15  ████████████████████████████████████████████

16  **INTERROGATORY NO. 22:**

17      State all steps YOU took to investigate PLAINTIFF'S complaint that PLAINTIFF'S

18  GIFT CARD had already been redeemed.

19  **RESPONSE TO INTERROGATORY NO. 22:**

20      Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

21  objects to this interrogatory to the extent it seeks information and/or documents protected

22  by the attorney-client privilege and/or the attorney work-product doctrine. Apple objects to

23  this interrogatory to the extent records sufficient to show all the steps that Apple took to

24  investigate Plaintiff's complaint to Apple that her gift card had already been redeemed were

25  already produced to Plaintiff.

26      Subject to and without waiving the foregoing objections, Apple responds that ████

27  ████████████████████████████████████████████

28

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████

**INTERROGATORY NO. 23:**

Was the Apple ID that redeemed PLAINTIFF'S GIFT CARD identified by ████████

████████████████████████ as a suspicious account?

**RESPONSE TO INTERROGATORY NO. 23:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this interrogatory because it is not relevant to any party's claims or defenses. Apple objects to this interrogatory because it is unduly burdensome. Apple objects to this interrogatory to the extent it seeks confidential information regarding Apple's proprietary systems.

Subject to and without waiving the foregoing objections, Apple responds that ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

DATED:  September 6, 2022              JENNER & BLOCK LLP

By:  /s/ Kate T. Spelman
Attorney for Defendants
Apple Inc. and Apple Value Services, LLC
E-mail: kspelman@jenner.com

## <u>VERIFICATION</u>

I, Lincoln Barker, am authorized to verify these Responses on behalf of Defendants Apple Inc. and Apple Value Services, LLC (collectively, "Apple"). I have read the Interrogatories propounded by Plaintiff Rachael Shay and Apple's Responses thereto, and I am familiar with the contents of both. I declare under penalty of perjury under the laws of the United States of America that the foregoing Responses to Plaintiff's Interrogatories are true and correct to the best of my knowledge, information, and belief.

Executed on September <u> 2 </u>, 2022 in <u>Austin, TX</u>.

Lincoln Barker
Engineering Project/Program Mgr 3– AMP
Financial Fraud US
Apple Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2022, I served the foregoing **APPLE'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** on counsel of record for Plaintiff by electronic mail, as follows:

**JAMES HAWKINS APLC**
James Hawkins (james@jameshawkinsaplc.com)
Christina Lucio (christina@jameshawkinsaplc.com)
Mitchell Murray (mitchell@jameshawkinsaplc.com)
9880 Research Drive, Suite 200
Irvine, CA 92618

Dated:  September 6, 2022                    By: /s/  Alexander M. Smith
                                                     Alexander M. Smith