# EXHIBIT 20

## Under Seal

*Rachael Shay v. Apple Inc., et al.*

Case No. 3:20-cv-1629-JO-BLM

Plaintiff's Motion for Class Certification

1  **JENNER & BLOCK LLP**
   Kate T. Spelman (Cal. Bar No. 269109)
2  kspelman@jenner.com
3  Alexander M. Smith (Cal. Bar No. 295187)
   asmith@jenner.com
4  515 South Flower Street, Suite 3300
5  Los Angeles, CA 90071
   Telephone: (213) 239-5100
6  Facsimile: (213) 239-5199
7
8  Attorneys for Defendants
   Apple Inc. and Apple Value Services, LLC
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RACHAEL SHAY, individually and on behalf of all others similarly situated, | Case No. 3:20-cv-1629-JO-BLM |
|---|---|
| Plaintiff, | The Hon. Jinsook Ohta |
| v. | **APPLE'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION** |
| APPLE INC. and APPLE VALUE SERVICES, LLC, | |
| Defendants. | |

PROPOUNDING PARTY:   PLAINTIFF RACHAEL SHAY

RESPONDING PARTY:   DEFENDANTS APPLE INC. AND APPLE VALUE SERVICES, LLC

SET NUMBER:   TWO

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Apple Inc. and Apple Value Services, LLC (collectively, "Apple"), by and through their attorneys, hereby object and respond to Plaintiff's Second Set of Requests for Production as follows:

## PRELIMINARY STATEMENT

Responses. These responses are based on information reasonably available to Apple at this time. They reflect Apple's current knowledge, understanding, and beliefs and are made based on Apple's reasonable understanding and interpretation of the requests. Apple will apply reasonable interpretations, based on context, to terms that are overly broad, vague, or ambiguous. No incidental or implied admissions are intended by Apple's responses. Just because Apple has agreed to search for and produce documents sought by a request does not mean that the documents requested exist, and does not mean that Apple accepts or admits to any fact set forth or assumed by the request. Apple reserves the right, without obligating itself to do so, to supplement or amend its responses, including when subsequently discovered information changes Apple's understanding or interpretation of the requests.

Production & Time for Production. Apple will produce responsive documents in a form consistent with the ESI stipulation and order, the parties' stipulated protective order, and/or Federal Rule of Civil Procedure 34, as appropriate. Apple objects to the deadline Plaintiff requested for production as unduly burdensome relative to the number and scope of the requests. Apple will make its production at a mutually agreeable time or as required by the Court, and its production shall be consistent with the parties' prior agreements on custodians and search terms.

General Objections. Apple objects to these requests to the extent that they purport to impose obligations upon Apple that are inconsistent with or in addition to those obligations imposed by the Federal Rules of Civil Procedure. Accordingly, Apple objects to each request to the extent that it is irrelevant, overly broad, unduly burdensome, vague, ambiguous, and/or not proportional to the needs of the case, considering the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Moreover, privileged information will not be provided in response to these requests, and Apple's responses shall not be construed as a waiver of any privilege or protection.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING YOUR investigation of PLAINTIFF'S complaint to YOU that PLAINTIFF'S GIFT CARD had already been redeemed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request to the extent it seeks documents already in Plaintiff's custody or control. Apple has already produced ████████████████████████████████████

Apple objects to this request to the extent it seeks information and/or documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Apple has produced all responsive, non-privileged documents identified through a reasonably diligent search of materials in its possession, custody, or control ████████████████████████████████████████████████████████████████

**REQUEST FOR PRODUCTION NO. 26:**

All COMMUNICATIONS RELATED TO YOUR investigation of PLAINTIFF'S complaint to YOU that PLAINTIFF'S GIFT CARD had already been redeemed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request to the extent it seeks documents already in Plaintiff's custody or

1  control. Apple has already produced records ▮▮▮▮▮
2  ▮▮▮▮▮
3  Apple objects to this request to the extent it seeks information and/or documents protected
4  by the attorney-client privilege and/or the attorney work-product doctrine. Apple objects to
5  this request because it is duplicative of Request No. 25. Apple notes that the term
6  "COMMUNICATIONS" is capitalized but not defined, and Apple will interpret this term
7  as it understands it.
8       Subject to and without waiving the foregoing objections, Apple responds that it has
9  produced all responsive, non-privileged documents identified through a reasonably diligent
10 search of materials in its possession, custody, or control ▮▮▮▮▮
11 ▮▮▮▮▮
12 ▮▮▮▮▮

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS RELATED TO any and all attempts to redeem PLAINTIFF'S GIFT CARD, including but not limited to log files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to the term "log files" because it is vague, ambiguous, and overly broad, failing to identify documents sought with reasonable particularity. Apple objects to this request to the extent it seeks information and/or documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Apple agrees to produce documents sufficient to show ▮▮▮▮▮ ▮▮▮▮▮.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS RELATED TO how the store credit redeemed using PLAINTIFF'S GIFT CARD was spent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request because it seeks third party private information, including PII, that Apple is obligated to keep confidential pursuant to the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 *et seq.* Apple objects to this request because it is not relevant to any party's claims or defenses. Apple objects to this request to the extent it seeks information and/or documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Apple agrees to produce documents sufficient to show ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. All PII will be redacted.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS RELATED TO the Apple ID that redeemed PLAINTIFF'S GIFT CARD including but not limited to any reports or information generated by ▮▮▮▮▮▮▮▮▮▮.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request because it seeks third party private information, including PII, that Apple is obligated to keep confidential pursuant to the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 *et seq.* Apple also objects to this request because it is not relevant to any party's claims or defenses. Apple further objects to this request to the extent it seeks information and/or documents protected by the attorney-client privilege and/or the attorney work-product doctrine. Apple objects to this request to the extent it seeks confidential information regarding Apple's proprietary systems.

Subject to and without waiving the foregoing objections, Apple agrees to produce documents sufficient to show ▮▮▮▮▮▮▮▮▮▮▮▮. All PII will be redacted.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS RELATED TO "███████" as referred to in Bates number APL-SHAY_0000156.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. Apple objects to this Request to the extent it is not limited to the specific gift card fraud at issue in the SAC and to the extent it calls for documents pre-dating the applicable three-year statute of limitations. Apple objects to this request to the extent it seeks information and/or documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Apple agrees to produce ███████.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS RELATED TO "███████" as referred to in Bates number APL-SHAY_0000157.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. Apple objects to this Request to the extent it is not limited to the specific gift card fraud at issue in the SAC and to the extent it calls for documents pre-dating the applicable three-year statute of limitations. Apple objects to this request to the extent it seeks information and/or documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Apple agrees to produce ███████.


1  DATED: September 7, 2022        JENNER & BLOCK LLP

2                                  By:  /s/ Kate T. Spelman
3                                       Attorney for Defendants
                                        Apple Inc. and Apple Value Services, LLC
4                                       E-mail: kspelman@jenner.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2022, I served the foregoing **APPLE'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)** on counsel of record for Plaintiff by electronic mail, as follows:

**JAMES HAWKINS APLC**
James Hawkins (james@jameshawkinsaplc.com)
Christina Lucio (christina@jameshawkinsaplc.com)
Mitchell Murray (mitchell@jameshawkinsaplc.com)
9880 Research Drive, Suite 200
Irvine, CA 92618

Dated: September 7, 2022                         By: /s/ Alexander M. Smith
                                                          Alexander M. Smith