# EXHIBIT 30

## **UNDER SEAL**

*Rachael Shay v. Apple Inc., et al.*

Case No. 3:20-cv-1629-JO-BLM

Plaintiff's Motion for Class Certification

CONFIDENTIAL

**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone:   (213) 239-5100
Facsimile:   (213) 239-5199

Attorneys for Defendants
Apple Inc. and Apple Value Services, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC. and APPLE VALUE SERVICES, LLC,<br><br>Defendants. | Case No. 3:20-cv-1629-JO-BLM<br><br>The Hon. Jinsook Ohta<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTY:        PLAINTIFF RACHAEL SHAY

RESPONDING PARTY:          DEFENDANTS APPLE INC. AND APPLE VALUE SERVICES, LLC

SET NUMBER:                      ONE

CONFIDENTIAL

1    Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendants Apple Inc. and

2    Apple Value Services, LLC (collectively, "Apple"), by and through their attorneys, hereby

3    object and respond to Plaintiff's First Set of Requests for Admission as follows:

4    **PRELIMINARY STATEMENT**

5    <u>Responses</u>. These responses are based on information reasonably available to Apple

6    at this time. They reflect Apple's current knowledge, understanding, and beliefs and are

7    made based on Apple's reasonable understanding and interpretation of the requests. Apple

8    will apply reasonable interpretations, based on context, to terms that are overly broad,

9    vague, or ambiguous. No incidental or implied admissions are intended by Apple's

10   responses. Just because Apple has responded to a request does not mean that Apple accepts

11   or admits to any fact set forth or assumed by the request. Apple reserves the right, without

12   obligating itself to do so, to supplement or amend its responses, including when

13   subsequently discovered information changes Apple's understanding or interpretation of

14   the Requests for Admission.

15   <u>General Objections</u>. Apple objects to these requests to the extent that they purport to

16   impose obligations upon Apple that are inconsistent with or in addition to those obligations

17   imposed by the Federal Rules of Civil Procedure. Accordingly, Apple objects to each

18   request to the extent that it is irrelevant, overly broad, unduly burdensome, vague,

19   ambiguous, and/or not proportional to the needs of the case, considering the importance of

20   the issues at stake in the action, the amount in controversy, the parties' relative access to

21   relevant information, the parties' resources, the importance of the discovery in resolving

22   the issues, and whether the burden or expense of the proposed discovery outweighs its likely

23   benefit. Moreover, privileged information will not be provided in response to these requests,

24   and Apple's responses shall not be construed as a waiver of any privilege or protection.

25   <u>Definitions</u>. Apple objects to the definition of "iTUNES GIFT CARD" as "App Store

26   & iTunes gift cards" to the extent that it purports to include digital or electronic gift cards

27   or gift cards not sold by third-party retailers, which are not at issue in this case.

28

CONFIDENTIAL

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that YOU sold, directly or through third-party retailers, iTUNES GIFT CARDS in the United States during the CLASS PERIOD ███████████████ ███████████.

**RESPONSE TO REQUEST NO. 1:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague and ambiguous.

Subject to and without waiving those objections, Apple admits that during the class period, ███████████████████████████ of a miniscule percentage of activated App Store and iTunes gift cards that were offered for sale at third-party retail locations in the United States and scanned by those third-party retailers' point-of-sale systems. To the extent not expressly admitted, Apple denies this request.

**REQUEST NO. 2:**

Admit that YOU sold, directly or through third-party retailers, ████████ iTUNES GIFT CARDS in the United States during the CLASS PERIOD ████████ ███████████.

**RESPONSE TO REQUEST NO. 2:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague and ambiguous.

Subject to and without waiving those objections, Apple admits that during the class period, ████████ activated App Store and iTunes gift cards that were offered for sale

2

at third-party retail locations in the United States and scanned by those third-party retailers' point-of-sale systems ███████████████████████████. To the extent not expressly admitted, Apple denies this request.

**REQUEST NO. 3:**

Admit that YOU sold, directly or through third-party retailers, iTUNES GIFT CARDS in the State of California during the CLASS PERIOD ███████████████ ████████████████████.

**RESPONSE TO REQUEST NO. 3:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague and ambiguous.

Subject to and without waiving those objections, Apple admits that during the class period, a miniscule percentage of activated App Store and iTunes gift cards that were offered for sale at third-party retail locations in California and scanned by those third-party retailers' point-of-sale systems ███████████████████████. To the extent not expressly admitted, Apple denies this request.

**REQUEST NO. 4:**

Admit that YOU sold, directly or through third-party retailers, ███████████ iTUNES GIFT CARDS in the State of California during the CLASS PERIOD ███████ ████████████████████.

**RESPONSE TO REQUEST NO. 4:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague and ambiguous.

CONFIDENTIAL

1    Subject to and without waiving those objections, Apple admits that during the class

2    period, ████████████ activated App Store and iTunes gift cards that were offered for sale

3    at third-party retail locations in California and scanned by those third-party retailers' point-

4    of-sale systems ████████████████████████████████ To the extent not

5    expressly admitted, Apple denies this request.

6    **REQUEST NO. 5:**

7    Admit that YOU knew that iTUNES GIFT CARDS YOU sold, directly or through

8    third-party retailers, in the United States during the CLASS PERIOD ████████████

9    ██████████████████

10   **RESPONSE TO REQUEST NO. 5:**

11   Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

12   objects to this request as overly broad and irrelevant to the extent it purports to include

13   digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

14   case.  Apple objects to the phrase "sold, directly or through third-party retailers" as vague

15   and ambiguous. Apple further objects that the term "knew" as used in this request is vague

16   and ambiguous.

17   Subject to and without waiving those objections, Apple admits that ████████████

18   ██████████████████ during the class period, a miniscule percentage of activated App Store

19   and iTunes gift cards that were offered for sale at third-party retail locations in United States

20   and scanned by those third-party retailers' point-of-sale systems ████████████████

21   ███████████████████████████████████████████████████To the

22   extent not expressly admitted, Apple denies this request.

23   **REQUEST NO. 6:**

24   Admit that YOU did not disable iTUNES GIFT CARDS sold in the United States

25   during the CLASS PERIOD ██████████████████████████████

26   **RESPONSE TO REQUEST NO. 6:**

27   Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

28   objects to this request as overly broad and irrelevant to the extent it purports to include

CONFIDENTIAL

digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this case. Apple objects to the term "sold" as vague and ambiguous. Apple objects to the term "disable" as vague and ambiguous.

Subject to and without waiving those objections, Apple denies this request.

**REQUEST NO. 7:**

Admit that YOU could disable iTUNES GIFT CARDS sold in the United States during the CLASS PERIOD █████████████████████████████

**RESPONSE TO REQUEST NO. 7:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this case. Apple objects to the term "sold" as vague and ambiguous. Apple also objects to the phrase "could disable" as vague and ambiguous.

Subject to and without waiving those objections, Apple admits that ██████████ ███████████████████████████████████████████████████████ sold at third-party retailers in the United States █████████████████████████████ To the extent not expressly admitted, Apple denies this request.

**REQUEST NO. 8:**

Admit that YOU do not warn consumers that the iTUNES GIFT CARDS sold in the United States during the CLASS PERIOD ████████████████████████████ ██████

**RESPONSE TO REQUEST NO. 8:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this case. Apple objects to the term "sold" as vague and ambiguous. Apple also objects that the term "warn" as used in this request is vague and ambiguous. Apple further objects to this

5

CONFIDENTIAL

1   request to the extent it implies that Apple had a duty to "warn" consumers █████████

2   ███████████ on an App Store & iTunes gift card.

3          Subject to and without waiving those objections, Apple admits that ████████

4   ███████████████████████████ it did not include language about this

5   ██ on App Store & iTunes gift cards, but Apple did include language indicating that it

6   bears no responsibility for lost or stolen gift cards.   To the extent not expressly admitted,

7   Apple denies this request.

8   **REQUEST NO. 9:**

9          Admit that consumers could not determine, at the time of purchase, if an iTUNES

10  GIFT CARDS sold in the United States during the CLASS PERIOD ████████████

11  █████████████

12  **RESPONSE TO REQUEST NO. 9:**

13         Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

14  objects to this request as overly broad and irrelevant to the extent it purports to include

15  digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

16  case.

17         Subject to and without waiving those objections, Apple denies this Request because

18  it is unable to determine what consumers could or could not do.

19  **REQUEST NO. 10:**

20         Admit that third-party retailers who sold iTUNES GIFT CARDS in the United States

21  during the CLASS PERIOD could not determine, without YOUR assistance, if an iTUNES

22  GIFT CARD ██████████████████████████████

23  **RESPONSE TO REQUEST NO. 10:**

24         Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

25  objects to this request as overly broad and irrelevant to the extent it purports to include

26  digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

27  case.

28

APPLE'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 3:20-CV-1629-JO-BLM

CONFIDENTIAL

1   Subject to and without waiving those objections, Apple denies this Request because

2   it is unable to determine what third-party retailers could or could not do.

3   **REQUEST NO. 11:**

4   Admit that YOU could suspend and disable an Apple ID account ███████████

5   ███████████████████████ sold in the United States during the CLASS PERIOD,

6   ████████████

7   **RESPONSE TO REQUEST NO. 11:**

8   Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

9   objects to this request as overly broad and irrelevant to the extent it purports to include

10  digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

11  case. Apple further objects to this request to the extent it assumes that Apple ████████

12  ████████████████████████████████████████████

13  ████████████

14  Subject to and without waiving those objections, Apple denies this request because

15  ████████████████████████████████████████████

16  ████████

17  **REQUEST NO. 12:**

18  Admit that YOU can identify which iTUNES GIFT CARDS sold, directly or through

19  third-party retailers, in the United States during the CLASS PERIOD ████████████

20  ████████████████████

21  **RESPONSE TO REQUEST NO. 12:**

22  Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

23  objects to this request as overly broad and irrelevant to the extent it purports to include

24  digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

25  case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague

26  and ambiguous.

27  Subject to and without waiving those objections, Apple admits ████████████

28  ████ regarding App Store & iTunes gift cards sold through third-party retailers in the United

7

CONFIDENTIAL

1  States from May 28, 2017 to present ███████████████████

2  ████████████    Apple will produce document(s) ██████████████    To the extent

3  not expressly admitted, Apple denies this request.

4  **REQUEST NO. 13:**

5       Admit that YOU keep a record of ██████████████████████████

6  ██████   sold in the United States during the CLASS PERIOD.████████████

7  **RESPONSE TO REQUEST NO. 13:**

8       Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

9  objects to this request as overly broad and irrelevant to the extent it purports to include

10  digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

11  case.  Apple objects to the term "sold" as vague and ambiguous.  Apple objects to the phrase

12  "keep a record" as vague and ambiguous.

13       Subject to and without waiving those objections, Apple ██████████████████

14  ████████████████████████████████████████████████████████

15  ██████

16  **REQUEST NO. 14:**

17       Admit that YOU keep a record of █████████████████████████

18  ████████   sold in the United States during the CLASS PERIOD.████████████

19  **RESPONSE TO REQUEST NO. 14:**

20       Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

21  objects to this request as overly broad and irrelevant to the extent it purports to include

22  digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

23  case. Apple objects to the term "sold" as vague and ambiguous. Apple objects to the phrase

24  "keep a record" as vague and ambiguous. Apple objects to the phrase ████████████████

25  ████████████████   as vague and ambiguous.

26       Subject to and without waiving those objections, Apple admits that ████████████

27  ████████████████████████████████████████████████████   To the

28  extent not expressly admitted, Apple denies this request.

CONFIDENTIAL

**REQUEST NO. 15:**

Admit that YOU keep a record ███████████████████████ ████████████ sold in the United States during the CLASS PERIOD, ███████████

**RESPONSE TO REQUEST NO. 15:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this case. Apple objects to the term "sold" as vague and ambiguous. Apple objects to the phrase "keep a record" as vague and ambiguous. Apple objects to the phrase █████████████ ████████████ as vague and ambiguous.

Subject to and without waiving those objections, Apple denies this request.

**REQUEST NO. 16:**

Admit that YOU did not notify third-party retailers who sold iTUNES GIFT CARDS in the United States during the CLASS PERIOD when an iTUNES GIFT CARD ███ ███████████████████████

**RESPONSE TO REQUEST NO. 16:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this case.

Subject to and without waiving those objections, Apple denies this request.

**REQUEST NO. 17:**

Admit that the Apple ID account that redeemed PLAINTIFF'S GIFT CARD ███ ████████████████████████████

**RESPONSE TO REQUEST NO. 17:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request because the phrase "Apple ID account that redeemed PLAINTIFF'S

9

CONFIDENTIAL

GIFT CARD" is vague and ambiguous. Apple objects to the phrase ███████████ as vague and ambiguous.

Subject to and without waiving those objections, Apple ████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████  *See* APL-SHAY_00013337. Apple has made a reasonable inquiry and the information that it knows or can readily obtain is insufficient to enable it to admit or deny the remainder of this request.

**REQUEST NO. 18:**

Admit that the Apple ID account that redeemed PLAINTIFF'S GIFT CARD ████████████████████████████████████████.

**RESPONSE TO REQUEST NO. 18:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request because the phrase "Apple ID account that redeemed PLAINTIFF'S GIFT CARD" is vague and ambiguous. Apple objects to this request because the phrase "Apple ID account . . ████████████████████████████████████████████ is also vague and ambiguous. Apple objects to this request to the extent that it is duplicative of Request No. 13.

Subject to and without waiving those objections, Apple████████████████ ████████████████████████████████████████████████████ ██████████

**REQUEST NO. 19:**

Admit that PLAINTIFF'S GIFT CARD was redeemed by an Apple ID account ████████████████████████████████████.

**RESPONSE TO REQUEST NO. 19:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to the phrase ███████████████████████████████████ as vague and ambiguous.

CONFIDENTIAL

1    Subject to and without waiving those objections, Apple ███████████████

2    ████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████

4    ████████████████████████████████    *See* APL-SHAY_00013340. To the

5    extent not expressly admitted, Apple denies this request.

6    **REQUEST NO. 20:**

7    Admit that ███████████████████████    PLAINTIFF'S GIFT CARD ██████

8    ████████████

9    **RESPONSE TO REQUEST NO. 20:**

10    Apple incorporates its Preliminary Statement as though fully set forth herein.

11    Subject to and without waiving those objections, Apple admits this request.

12    **REQUEST NO. 21:**

13    Admit that YOU knew that PLAINTIFF'S GIFT CARD ██████████████████

14    ████████████████████████████████████████████████████████

15    ████████████████████████████████

16    **RESPONSE TO REQUEST NO. 21:**

17    Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

18    further objects that the term "knew" as used in this request is vague, and ambiguous.

19    Subject to and without waiving those objections, Apple ████████████████

20    ████████████████████████████████████████████████████████

21    ████████████████████████████████████████████████████████

22    ████████████████████████    *See* APL-SHAY_00000155. To the extent not expressly

23    admitted, Apple denies this request.

24    **REQUEST NO. 22:**

25    Admit that YOU ████████████ to PLAINTIFF that PLAINTIFF'S GIFT CARD

26    ████████████████████████████████ when she contacted YOU in April

27    and May 2020.

28

CONFIDENTIAL

**RESPONSE TO REQUEST NO. 22:**

Apple incorporates its Preliminary Statement as though fully set forth herein.

Subject to and without waiving those objections, Apple ███████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████ *See* APL-SHAY_00000155. To the extent not expressly admitted, Apple denies this request.

**REQUEST NO. 23:**

Admit that the Apple ID account that redeemed PLAINTIFF'S GIFT CARD ██ ███████████████████

**RESPONSE TO REQUEST NO. 23:**

Apple incorporates its Preliminary Statement as though fully set forth herein.

Subject to and without waiving those objections, Apple ████████████ ████████████████████████████████████████████████████ ███████████████████████████████ To the extent not expressly admitted, Apple denies this request.

**REQUEST NO. 24:**

Admit that YOU do not refund consumers whose iTUNES GIFT CARD ████ ████████████████████████ and who complained to YOU that their iTUNES GIFT CARD ████████████████████████████

**RESPONSE TO REQUEST NO. 24:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this case.

Subject to and without waiving those objections, Apple ████████████ ████████████████████████████████████████████████████ █████████████████████ *See* APL-SHAY_00000220. █████████████

APPLE'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 3:20-CV-1629-JO-BLM

CONFIDENTIAL

1 ██████████████████████████████████████████████████████

2 ████████████  *See* APL-SHAY_00008041. To the extent not expressly admitted, Apple

3 denies this request.

4 **REQUEST NO. 25:**

5     Admit that YOU do not replace iTUNES GIFT CARDS for consumers whose

6 iTUNES GIFT CARD ████████████████████████████ and who complained to

7 YOU that their iTUNES GIFT CARD ████████████████████████████

8 **RESPONSE TO REQUEST NO. 25:**

9     Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

10 objects to this request as overly broad and irrelevant to the extent it purports to include

11 digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

12 case.

13     Subject to and without waiving those objections, Apple ████████████████

14 ██████████████████████████████████████████████████████

15 ████████████████████████████  *See* APL-SHAY_00000220. To the extent

16 not expressly admitted, Apple denies this request.

17 **REQUEST NO. 26:**

18     Admit that YOU received a share of the funds from iTUNES GIFT CARDS YOU

19 sold, directly or through third-party retailers, during the CLASS PERIOD ██████████

20 ██████████████████████

21 **RESPONSE TO REQUEST NO. 26:**

22     Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

23 objects to this request as overly broad and irrelevant to the extent it purports to include

24 digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

25 case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague

26 and ambiguous. Apple objects to the phrase "funds from iTUNES GIFT CARDS" as vague

27 and ambiguous.

28

CONFIDENTIAL

1      Subject to and without waiving those objections, Apple admits that it receives a

2  payment for each App Store & iTunes gift card sold by a third-party retailer and successfully

3  activated ███████████████████████████████████████████████ *See*

4  APL-SHAY_00008257. To the extent not expressly admitted, Apple denies this request.

5  **REQUEST NO. 27:**

6      Admit that the iTUNES GIFT CARDS YOU sold, directly or through third-party

7  retailers, in the United States during the CLASS PERIOD, ███████████████

8  ████████████████████████████████████████████████████████

9  █████████████

10  **RESPONSE TO REQUEST NO. 27:**

11      Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

12  objects to this request as overly broad and irrelevant to the extent it purports to include

13  digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

14  case.  Apple objects to the phrase "sold, directly or through third-party retailers" as vague

15  and ambiguous.

16      Subject to and without waiving those objections, Apple ███████████████

17  ████████████████████████████████████████████████████████

18  ██████████████████████████ To the extent not expressly admitted, Apple denies

19  this request.

20  **REQUEST NO. 28:**

21      Admit that YOU represented that the iTUNES GIFT CARDS YOU sold, directly or

22  through third-party retailers, in the United States during the CLASS PERIOD were

23  redeemable for store credit at the App Store & iTunes in the amount displayed on the

24  iTUNES GIFT CARDS or the amount loaded on the iTUNES GIFT CARDS.

25  **RESPONSE TO REQUEST NO. 28:**

26      Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

27  objects to this request as overly broad and irrelevant to the extent it purports to include

28  digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague and ambiguous. Apple objects to this request as compound.

Subject to and without waiving those objections, Apple admits that the packaging for App Store & iTunes gift cards listed a denomination or range of denominations indicating the amount that would be available upon the card upon activation. To the extent not expressly admitted, Apple denies this request.

**REQUEST NO. 29:**

Admit that YOU represented that the iTUNES GIFT CARDS YOU sold, directly or through third-party retailers, in the United States during the CLASS PERIOD were "original," as the term "original" is used in California Civil Code § 1770(a)(6).

**RESPONSE TO REQUEST NO. 29:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague and ambiguous. Apple objects to this request to the extent that it suggests California Civil Code § 1770(a)(6) defines the term "original," even though it does not. Apple objects to this request because it calls for a legal conclusion. Apple objects to this request because it exceeds the scope of the complaint, since Plaintiff has not alleged a violation of California Civil Code § 1770(a)(6).

Based on these objections, Apple will not admit or deny this request.

**REQUEST NO. 30:**

Admit that YOU represented that the iTUNES GIFT CARDS YOU sold, directly or through third-party retailers, in the United States during the CLASS PERIOD were "new," as the term "new" is used in California Civil Code § 1770(a)(6).

**RESPONSE TO REQUEST NO. 30:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include

1    digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

2    case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague

3    and ambiguous.  Apple objects to this request to the extent that it suggests California Civil

4    Code § 1770(a)(6) defines the term "new," even though it does not. Apple also objects to

5    this request because it calls for a legal conclusion. Apple objects to this request because it

6    exceeds the scope of the complaint, since Plaintiff has not alleged a violation of California

7    Civil Code § 1770(a)(6).

8         Based on these objections, Apple will not admit or deny this request.

9    **REQUEST NO. 31:**

10         Admit that YOU represented that the iTUNES GIFT CARDS YOU sold, directly or

11    through third-party retailers, in the United States during the CLASS PERIOD ███████

12    ████████████████████████ were "original," as the term "original" is used in

13    California Civil Code § 1770(a)(6).

14    **RESPONSE TO REQUEST NO. 31:**

15         Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

16    objects to this request as overly broad and irrelevant to the extent it purports to include

17    digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

18    case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague

19    and ambiguous.  Apple objects to this request to the extent that it suggests California Civil

20    Code § 1770(a)(6) defines the term "original," even though it does not.  Apple also objects

21    to this request because it calls for a legal conclusion.  Apple objects to this request because

22    it exceeds the scope of the complaint, since Plaintiff has not alleged a violation of California

23    Civil Code § 1770(a)(6).

24         Based on these objections, Apple will not admit or deny this request.

25    **REQUEST NO. 32:**

26         Admit that YOU represented that the iTUNES GIFT CARDS YOU sold, directly or

27    through third-party retailers, in the United States during the CLASS PERIOD ███████

28

CONFIDENTIAL

1  ████████████████████████████ were "new," as the term "new" is used in California

2  Civil Code § 1770(a)(6).

3  **RESPONSE TO REQUEST NO. 32:**

4      Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

5  objects to this request as overly broad and irrelevant to the extent it purports to include

6  digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

7  case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague

8  and ambiguous. Apple objects to this request to the extent it duplicative of Request No. 30.

9  Apple objects to this request to the extent that it suggests California Civil Code § 1770(a)(6)

10  defines the term "new," even though it does not.  Apple also objects to this request because

11  it calls for a legal conclusion. Apple objects to this request because it exceeds the scope of

12  the complaint, since Plaintiff has not alleged a violation of California Civil Code §

13  1770(a)(6).

14      Based on these objections, Apple will not admit or deny this request.

15  **REQUEST NO. 33:**

16      Admit that the iTUNES GIFT CARDS YOU sold, directly or through third-party

17  retailers, in the United States during the CLASS PERIOD ██████████████████████

18  ███████████████ had "deteriorated unreasonably," as the term "deteriorated unreasonably"

19  is used in California Civil Code § 1770(a)(6).

20  **RESPONSE TO REQUEST NO. 33:**

21      Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

22  objects to this request as overly broad and irrelevant to the extent it purports to include

23  digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

24  case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague

25  and ambiguous.  Apple objects to this request to the extent that it suggests California Civil

26  Code § 1770(a)(6) defines the phrase "deteriorated unreasonably," even though it does not.

27  Apple also objects to this request because it calls for a legal conclusion. Apple objects to

28

this request because it exceeds the scope of the complaint, since Plaintiff has not alleged a violation of California Civil Code § 1770(a)(6).

Based on these objections, Apple will not admit or deny this request.

**REQUEST NO. 34:**

Admit that the iTUNES GIFT CARDS YOU sold, directly or through third-party retailers, in the United States during the CLASS PERIOD ████████████████ ████████████ were "altered," as the term "altered" is used in California Civil Code § 1770(a)(6).

**RESPONSE TO REQUEST NO. 34:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague and ambiguous.   Apple objects to this request to the extent that it suggests California Civil Code § 1770(a)(6) defines the term "altered," even though it does not. Apple also objects to this request because it calls for a legal conclusion. Apple objects to this request because it exceeds the scope of the complaint, since Plaintiff has not alleged a violation of California Civil Code § 1770(a)(6).

Based on these objections, Apple will not admit or deny this request.

**REQUEST NO. 35:**

Admit that the iTUNES GIFT CARDS YOU sold, directly or through third-party retailers, in the United States during the CLASS PERIOD ████████████████ ████████████ were "used," as the term "used" is used in California Civil Code § 1770(a)(6).

**RESPONSE TO REQUEST NO. 35:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague and ambiguous.  Apple objects to this request to the extent that it suggests California Civil Code § 1770(a)(6) defines the term "used," even though it does not.  Apple also objects to this request because it calls for a legal conclusion. Apple objects to this request because it exceeds the scope of the complaint, since Plaintiff has not alleged a violation of California Civil Code § 1770(a)(6).

Based on these objections, Apple will not admit or deny this request.

**REQUEST NO. 36:**

Admit that the iTUNES GIFT CARDS YOU sold, directly or through third-party retailers, in the United States during the CLASS PERIOD could be redeemed by an authorized third party even if the iTUNES GIFT CARD was not lost or stolen, and the code on the iTUNES GIFT CARD was not shared with anyone.

**RESPONSE TO REQUEST NO. 36:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague and ambiguous. Apple objects to the phrase "authorized third party" as vague and ambiguous.

Subject to and without waiving those objections, Apple denies this request.

**REQUEST NO. 37:**

Admit that YOU knew that the iTUNES GIFT CARDS YOU sold, directly or through third-party retailers, in the United States during the CLASS PERIOD could be redeemed by a third party even if the iTUNES GIFT CARD was not lost or stolen, and the code on the iTUNES GIFT CARD was not shared with anyone.

**RESPONSE TO REQUEST NO. 37:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this request as overly broad and irrelevant to the extent it purports to include

CONFIDENTIAL

1   digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

2   case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague

3   and ambiguous. Apple objects to the term "knew" as used in this request as vague and

4   ambiguous.

5          Subject to and without waiving those objections, Apple denies this request.

6   **REQUEST NO. 38:**

7          Admit that the iTUNES GIFT CARDS YOU sold, directly or through third-party

8   retailers, in the United States during the CLASS PERIOD ███████████████████████

9   ████████████████   were not of the same quality as iTUNES GIFT CARDS without a

10   redemption attempt prior to activation.

11   **RESPONSE TO REQUEST NO. 38:**

12          Apple incorporates its Preliminary Statement as though fully set forth herein. Apple

13   objects to this request as overly broad and irrelevant to the extent it purports to include

14   digital gift cards or gift cards not sold by third-party retailers, which are not at issue in this

15   case. Apple objects to the phrase "sold, directly or through third-party retailers" as vague

16   and ambiguous. Apple objects to the term "same quality" as used in this request as vague

17   and ambiguous.

18          Subject to and without waiving those objections, Apple denies this request.

19          **REQUESTS FOR ADMISSION OF GENUINENESS OF DOCUMENTS**

20   **REQUEST NO. 1:**

21          Admit that document attached as Exhibit 1 (SHAY000025-SHAY000047) is a true

22   and authentic copy of the Apple Community Support discussion board located at

23   https://discussions.apple.com/thread/252070934?page=4.

24          [For purposes of this Request, Plaintiff is not requesting that Defendants admit that

25          the highlights are true and authentic.]

26   **RESPONSE TO REQUEST NO. 1:**

27          Apple incorporates its Preliminary Statement as though fully set forth herein.

28

CONFIDENTIAL

Subject to and without waiving those objections, Apple denies this request. Exhibit 1 appears to be a September 7, 2022 print out of multiple pages of the discussion board at https://discussions.apple.com/thread/252070934?page=4. Highlights appear to have been added to Exhibit 1, which do not appear at the URL, and multiple pages appear to have been printed in addition to page 4.

DATED:  November 14, 2022          JENNER & BLOCK LLP

                              By:  /s/ Kate Spelman
                                   Attorney for Defendants
                                   Apple Inc. and Apple Value Services, LLC
                                   E-mail: kspelman@jenner.com

APPLE'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 3:20-CV-1629-JO-BLM

CONFIDENTIAL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2022, I served the foregoing **APPLE'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** on counsel of record for Plaintiff by electronic mail, as follows:

**JAMES HAWKINS APLC**
James Hawkins (james@jameshawkinsaplc.com)
Christina Lucio (christina@jameshawkinsaplc.com)
Mitchell Murray (mitchell@jameshawkinsaplc.com)
9880 Research Drive, Suite 200
Irvine, CA 92618

DATED:  November 14, 2022                    By:   /s/ Christal Oropeza
                                                            Christal Oropeza