# EXHIBIT 31

## **<u>UNDER SEAL</u>**

*Rachael Shay v. Apple Inc., et al.*

Case No. 3:20-cv-1629-JO-BLM

Plaintiff's Motion for Class Certification

**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone:   (213) 239-5100
Facsimile:    (213) 239-5199

Attorneys for Defendants
Apple Inc. and Apple Value Services, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL SHAY, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>APPLE INC. and APPLE VALUE SERVICES, LLC,<br><br>     Defendants. | Case No. 3:20-cv-1629-JO-BLM<br><br>The Hon. Jinsook Ohta<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   PLAINTIFF RACHAEL SHAY

RESPONDING PARTY:    DEFENDANTS APPLE INC. AND APPLE
              VALUE SERVICES, LLC

SET NUMBER:        THREE

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Apple Inc. and Apple Value Services, LLC (collectively, "Apple"), by and through their attorneys, hereby object and respond to Plaintiff's Third Set of Interrogatories as follows:

### **PRELIMINARY STATEMENT**

<u>Responses</u>. These responses are based on information reasonably available to Apple at this time. They reflect Apple's current knowledge, understanding, and beliefs and are made based on Apple's reasonable understanding and interpretation of the interrogatories. Apple will apply reasonable interpretations, based on context, to terms that are overly broad, vague, or ambiguous. No incidental or implied admissions are intended by Apple's responses. Just because Apple has responded to an interrogatory does not mean that Apple accepts or admits to any fact set forth or assumed by the interrogatory. Apple reserves the right, without obligating itself to do so, to supplement or amend its responses, including when subsequently discovered information changes Apple's understanding or interpretation of the interrogatories.

<u>Production & Time for Production</u>. Where Apple elects to produce documents in response to an interrogatory, it will do so in a form consistent with the ESI stipulation and order, the parties' stipulated protective order, and/or Federal Rule of Civil Procedure 34, as appropriate. Apple will make its production at a mutually agreeable time or as required by the Court, and its production shall be consistent with the parties' prior agreements on custodians and search terms.

<u>General Objections</u>. Apple objects to these interrogatories to the extent that they purport to impose obligations upon Apple that are inconsistent with or in addition to those obligations imposed by the Federal Rules of Civil Procedure. Accordingly, Apple objects to each interrogatory to the extent that it is irrelevant, overly broad, unduly burdensome, vague, ambiguous, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Moreover, privileged information will not be provided in response to these interrogatories, and Apple's responses shall not be construed as a waiver of any privilege or protection.

Definitions. Apple objects to the definition of "iTUNES GIFT CARD" as "App Store & iTunes gift cards" to the extent that it purports to include digital or electronic gift cards or gift cards not sold by third-party retailers.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 24:**

State the number of iTUNES GIFT CARDS sold in the United States during the CLASS PERIOD ███████████████████

**RESPONSE TO INTERROGATORY NO. 24:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this interrogatory as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers. Apple objects to the term "sold" as vague and ambiguous.

Subject to and without waiving those objections, Apple responds that it will: (a) produce document(s) sufficient to reflect the number of App Store & iTunes gift cards sold by third-party retailers in the United States from May 28, 2017 to present ██████ ██████████████████████████████ to the extent that data is maintained by Apple; and (b) identify the document(s) to Plaintiff consistent with Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 25:**

Identify by serial number all iTUNES GIFT CARDS sold in the United States during the CLASS PERIOD ██████████████████████

**RESPONSE TO INTERROGATORY NO. 25:**

Apple incorporates its Preliminary Statement as though fully set forth herein.  Apple objects to this interrogatory as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers. Apple objects to the term "sold" as vague and ambiguous. Apple objects to this interrogatory as unduly burdensome and not proportional to the needs of the case.

Subject to and without waiving those objections, Apple responds that it will: (a) produce document(s) sufficient to  show the serial numbers corresponding to App Store & iTunes gift cards sold by third-party retailers in the United States from May 28, 2017 to present ██████████████████████████████████████ to the extent that data is maintained by Apple; and (b) identify the document(s) to Plaintiff consistent with Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 26:**

State the date YOU ████████ to keep a record of ████████████████████ ████████████████████ sold in the United States during the CLASS PERIOD, ████████████

**RESPONSE TO INTERROGATORY NO. 26:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this interrogatory as overly broad and irrelevant to the extent it purports to include digital gift cards or gift cards not sold by third-party retailers. Apple objects to the term "keep a record" as vague and ambiguous. Apple objects to this interrogatory to the extent it  assumes ████████████████████████████████████████ ████████  Apple objects to the term ██████████████████████████ as vague and ambiguous. ████████████████████████████████ Apple also objects to this Interrogatory on the ground that the limit of 25 interrogatories under Federal Rule of Civil Procedure 33 has been exceeded; accordingly, no response is required.

**INTERROGATORY NO. 27:**

Did YOU receive a complaint regarding the iTUNES GIFT CARD with serial number GCA2497038002262?

**RESPONSE TO INTERROGATORY NO. 27:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to the term "complaint" as vague and ambiguous. Apple also objects to this Interrogatory on the ground that the limit of 25 interrogatories under Federal Rule of Civil Procedure 33 has been exceeded; accordingly, no response is required.

**INTERROGATORY NO. 28:**

State the name, mailing address, telephone number, and email address of the person who purchased the iTUNES GIFT CARD with serial number GCA2497038002262.

**RESPONSE TO INTERROGATORY NO. 28:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this interrogatory because it seeks third party private information. Apple also objects to this Interrogatory on the ground that the limit of 25 interrogatories under Federal Rule of Civil Procedure 33 has been exceeded; accordingly, no response is required.

**INTERROGATORY NO. 29:**

Did the iTUNES GIFT CARD with serial number GCA2497038002262 ███ ███████████████████

**RESPONSE TO INTERROGATORY NO. 29:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple also objects to this Interrogatory on the ground that the limit of 25 interrogatories under Federal Rule of Civil Procedure 33 has been exceeded; accordingly, no response is required.

**INTERROGATORY NO. 30:**

Identify Apple ID, name, mailing address, telephone number, and email address for the following individuals who posted on the Apple Support Community discussion board attached as **Exhibit 1:**

- Nicolas Rizo1
- YvonneC2020•BCM1324
- Anttoeknee0307
- IXIXMCMLXXII
- Cardscem123
- Barty4
- Billy_Ay
- Taseiyu
- Jrharris99
- DonWLee
- MMSTE
- Mykelzma
- Edwarzo
- Angiedguez05
- Somadddd
- YoungNickie92
- Gene_simms
- Ryofrombako
- Recoverall

**RESPONSE TO INTERROGATORY NO. 30:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this interrogatory because it seeks third party private information. Apple also objects to this Interrogatory on the ground that the limit of 25 interrogatories under Federal Rule of Civil Procedure 33 has been exceeded; accordingly, no response is required.

**INTERROGATORY NO. 31:**

Explain in detail how YOU determined ███████████████████ ████████ of PLAINTIFF'S GIFT CARD, including each step YOU took to obtain this information.

**RESPONSE TO INTERROGATORY NO. 31:**

Apple incorporates its Preliminary Statement as though fully set forth herein. Apple objects to this interrogatory as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. Apple objects to this interrogatory because it seeks confidential and proprietary information. Apple also objects to this Interrogatory on the ground that the limit of 25 interrogatories under Federal Rule of Civil Procedure 33 has been exceeded; accordingly, no response is required.

DATED:  November 14, 2022          JENNER & BLOCK LLP

By:  /s/ Kate T. Spelman
Attorney for Defendants
Apple Inc. and Apple Value Services, LLC
E-mail: kspelman@jenner.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2022, I served the foregoing **APPLE'S RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES** on counsel of record for Plaintiff by electronic mail, as follows:

**JAMES HAWKINS APLC**
James Hawkins (james@jameshawkinsaplc.com)
Christina Lucio (christina@jameshawkinsaplc.com)
Mitchell Murray (mitchell@jameshawkinsaplc.com)
9880 Research Drive, Suite 200
Irvine, CA 92618

DATED:  November 14, 2022                    By:   /s/ Christal Oropeza
                                                   Christal Oropeza